**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

-----------------------------------------------------------------X

BLAKE BEST individually,

                    Plaintiffs,

             -against-

MOBILE STREAMS, INC.,
MOBILE STREAMS, PLC.,
MOBILEFUNSTER. INC., FUNMOBILE, LTD,
AND JOHN DOES 1-8,

      Defendants.

Civ. Action No.

Judge: **1:12CV564**

**COMPLAINT**

**J. BARRETT**

**DEMAND FOR JURY TRIAL**

**M.J. LITKOVITZ**

**RECEIVED**

JUL 2 5 2012

JAMES BONINI, Clerk
CINCINNATI, OHIO

-----------------------------------------------------------------X

1

## A. COMPLAINT FOR DAMAGES AND
## INJUNCTIVE AND OTHER EQUITABLE RELIEF

Blake Best individually, and its business matter with BCS Worldwide, Inc. and

Slangtones and its affiliate's ringtones (hereinafter known as "Blake Best", whom we

also will refer to generally as "Slangtones Recordings." author, providers, and

information technology, entities set forth in the caption above (collectively "Blake Best"

or Plaintiffs"), through Pro Se, allege, upon information and belief, for their Complaint

against defendants Mobile Streams, Inc. and Mobile Streams PLC herein after ("Mobile

Streams") and its predecessors Mobilefunster, Inc. d/b/a Funmobile, hereinafter referred

to as "Funmobile" and JOHN DOES 1-8. Plaintiff's wish to advise the Courts with

respect, that I am filing Pro Se, and due to Hardship I am unable to retain legal counsel

at this time. Filing Pro Se, I will follow Federal and Local Rules of Civil Procedures. My

actions are necessary as the statue of limitations is growing near in this matter.

Defendant has profited from my Copyrighted works, without regards of the Cease and

Desist letters. A growing trend as many artist and musicians lack funding to retain

counsel, and in many cases many persons or companies who infringe upon works of

arts, never get punished because the artist or musicians lacked financial resources to

retain counsel in matters related to Copyright infringement and other legal matters.

COMES NOW, Plaintiff, Blake Best, and for its Complaint against Defendants "Mobile

Streams" and its predecessors ("Funmobile") and JOHN DOES alleges as follows:

2

## B. INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the United States Copyright Act, 17 U.S.C § 101 et seq. for copyright infringement, contributory copyright infringement, vicarious copyright infringement, common law copyright infringement and other applicable Federal or State statues under  Federal Unfair Competition, Ohio Unfair Competition, Breach of Contract and Deceptive and Unfair Practices Under Ohio Law, and, injunctive relief and to recover, at Plaintiffs' election either actual or statutory damages, plus discretionary cost, reasonable attorney's fees and cost for Defendants violations of the Acts arising from Defendants willful and systematic copyright infringement, and facilitation and contribution thereto, through Defendants business operations over the Internet. This case is being filed also; because the statute of limitations for Copyright  Infringement, is drawing near and I Blake Best feel, if nothing is done Defendant will continue to infringe upon my valued copyrighted works and devalue the Copyrighted works, for which a U.S Copyright has been obtained number: PA 1-633-253. True and correct copies of this Registration are attached hereto as Exhibit A and are incorporated by reference herein.

## C. NATURE OF DISPUTE

2. Defendants have engaged in a deliberate effort of Copyright infringement, Contributory  Copyright Infringement, Vicarious Copyright Infringement, Common Law Copyright Infringement, Federal Unfair,  Competition, Ohio Unfair Competition, Breach

3

of Contract and Deceptive and Unfair Trade Practices Under Ohio Law, whereby

withholding royalty payments which is due Plaintiffs. In fact, Defendants "Mobile

Streams", in the pre-sale of tens of millions of ringtones downloads through its

Predecessors "Funmobile", while at the same grossly underpaying "Blake Best." This is

a civil action against Defendant for their ongoing and continued acts of Copyright

Infringement, Vicarious Copyright Infringement, Contributory Copyright Infringement,

Common Law Copyright Infringement under, Breach of Contract, Federal Unfair

Competition, Ohio Unfair Competition and Deceptive and Unfair Trade Practices Under

Ohio Law.

3. Defendants have also willfully infringed on Plaintiffs ' copyright by selling

ringtones without Plaintiffs' authorization and consent, and Defendants have knowledge

of the Cease and Desist letters which were served on or about August 9, 2009 by

Honigman Miller Schwartz and Cohn LLP, thereby unlawfully profiting from the

unauthorized use of "Blake Best" sole and most important assets: its ringtones. Indeed,

Defendant(s) have sold and have profited from the sale of "Blake Best" most highly

regarded and expressly restricted musical Sound Recordings.

4. As a result of Defendants' obstructive conduct regarding "Blake Best" audit rights

while their agreements were in full effect, and now that any agreements by Defendants

"Mobile Streams" have been cancelled, and also, statute of limitations draw near,

Plaintiff has a right to know the royalties derived from the sales of its ringtones by

4

Defendants, and also as the result of their continued infringement after having received Cease and Desist letters for the unauthorized sales of its valuable copyrights, Plaintiff has been harmed, under pursuant to 17 U.S.C 504(b) and (c). Defendants have possession and were unlawfully selling 12 Sound Recordings of "Blake Best", after knowledge of Cease and Desist letters they received in 2009. Sales of "Blake Best" Sound Recordings continued to be available for download by Defendants through 2012.

## D. SUMMARY OF CLAIMS

"Blake Best", are engaged in ringtones and technology, and based on Defendants conduct have not continued the practice of producing and copyrighting ringtones. Furthermore the Sound Recordings are available on the AT&T network, for sales to its more than 70 million subscribers; however because of the acts of the Defendants, little effort has been put into marketing to attract AT&T subscribers to "Blake Best" Sound Recordings. Defendants not rightfully paying "Blake Best" for the Sound Recordings that Defendants sold through its predecessors and or affiliates, prevented him from marketing his ringtones which are sitting idle on the AT&T network. These are creative sound recordings that can be used as ringtones on customers' cellular phones. "Blake Best", has secured these rights with the United States Copyright Office. Defendants and its predecessors have for years distributed Slangtones Recordings under the "Slangtones" common law trademark, which serves to identify "Blake Best" in the marketplace as the source of the works which were made available for sale to its predecessors.

5.  "Mobile Streams" and its predecessors "FunMobile"

and its other mobile operators, provide various types of downloadable content to

consumers, including voice "ringtones" for use on cellular phones. In this context, "a

"ringtone" is a digital snippet of voices that a mobile phone user may select (by

downloading Defendants "ringtones" to signal an incoming call.

6.  In accordance with certain license agreements which existed between "Blake

Best" as licensor, and "Mobile Streams" and  predecessors ("Funmobile"), as licensees.

"Blake Best" Provided lists of available compositions for licensing and distribution as

ringtones ("Slangtones") through the network of "Mobile Streams." The licensees agreed

to pay a royalty to "Blake Best" for every downloaded ringtone. Throughout the term of

the license agreements, customers downloaded tens of thousands of "Blake Best"

Ringtones, generating substantial revenue for "Mobile Streams."

7.  Upon information and belief, while "Mobile Streams" and its predecessors

"Funmobile" were earning tens of thousands in revenue from customers downloading

"Blake Best" Ringtones, " Mobile Streams" and/or its predecessors "Funmobile"  were

failing to keep accurate records of the occurring through services, and failed to account

property to "Blake Best" for the royalties owed. When "Blake Best" then attempted to

exercise its contractual rights to go online to review the royalty report, access was

denied. "Blake Best" made verbal request to examine the books and reports to "Mobile

Streams", who refused to give "Blake Best" access to material information, interposed

frivolous objections to many of "Blake Best" request, and provided incomplete and inaccurate documentation.

8. Moreover, throughout the term of the license agreements which existed, "Mobile Streams" blatantly and willfully infringed upon numerous valuable copyrights by (i) making available to predecessors that were not on the list of predecessors who were authorized to indeed sale "Blake Best" ringtones. (ii) permitting worldwide downloading of "Blake Best" ringtones.

9. In light of "Mobile Streams" material breaches of the license agreements, "Blake Best" did send email notifications to "Mobile Streams" to remove its content in effect cancelling any agreement which may have existed. Although the agreement that existed was unsigned, "Blake Best" and "Mobile Streams" acted on the agreement by virtue of the royalty checks and royalty reports that were received by "Blake Best". Even after expired license or cancellation of the agreements," Mobile Streams" continued through its "Funmobile" to receive revenue from "Blake Best" ringtones, thereby reaping an unlawful profit from the exploitation of "Blake Best" Sound Recordings.

## E. JURISDICTION VENUE AND PARTIES

10. This jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331and 1338(a). Venue is proper in this judicial district pursuant to U.S.C. § 1121, 28 U.S.C. §§ 1331, 1138 and 2201 because it arises, in part, pursuant to 15 U.S.C. §§ 1114, 1116-1118

and 1125. This Court also has jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this Jurisdiction District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c) . Defendants are corporations subject to personal jurisdiction in this District, a substantial part of acts and omissions giving rise to the claims set forth below occurred in the District and intellectual property that is the subject of this action is located and maintained in this District. Further, at all times relevant herein, "Mobile Streams" has targeted business efforts into the State of Ohio and has entered into contracts/agreements with Mobile Streams Internet ringtone services with residents and citizens of the State of Ohio, thus further making this District the proper venue.

11. Plaintiff Blake Best is a resident of 5392 Northbend Road Cincinnati, Ohio 45247

12. Defendant Mobile Streams, Inc. ("Mobile Streams") is a corporation organized under the laws of the state of Delaware with its principle place of business address 247 West 36th Street, New York, New York, 10018. Mobile Streams is a provider of media entertainment content, such as music, comedy and other entertainment, to mobile devices.

13. Defendant Mobile Streams, Plc ("Mobile Streams UK") is a public limited company organized under the laws of the United Kingdom with its principle place of business address 26B Northbrook Street, Newbury, Berkshire RG14 1DJ, United Kingdom. Mobile Streams UK is a leading provider of music and other content to mobile phones globally; with over 1.5 million internet subscribers.

14. Defendant Funmobile, Ltd. Is a Private Limited Company with its principle place of business address of 15/F, Tower 1, Grand Central Plaza, 138 Shatin Rural Committee Road, Shatin, Hong Kong. Funmobile, Ltd is a distributor of ringtones and premium SMS Content;

15. Defendant Mobilefunster, Inc. is a Delaware Corporation with its principal place of business address 1555 Chess Drive, Suite 122, in Foster City, California 94404. Another place of business 1500 Fashion Island Blvd, Suite 209 San Mateo, California 94404. Upon information and belief, Mobilefunster, Inc. is a wholly-owned subsidiary of Funmobile, Ltd, with millions of internet subscribers Worldwide.

16. Defendant John Does 1-4, Plaintiff is unaware of the true names , address, and capacities of defendants sued herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names address and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and herein alleged were proximately caused by such defendants. These fictitiously named defendants, together with the named defendants, are herein referred to collectively as "Defendants"

## F. FACTUAL ALLEGATIONS

### Background

#### A. "Blake Best"

17. Ringtones publishing is the business of developing sound recordings of various

9

music composition or voice compositions through agreement with songwriters, and exploiting those rights through various licensing arrangement with third parties websites via the Internet. However " Blake Best" is noted as author to the works of the sound recordings mentioned herein, thus allowing "Blake Best" to develop various licensing arrangements with third parties namely "Mobile Streams." These licensing generated income, where the licensor, songwriters or publishers of the work, should be royalties. "Blake Best" entered into agreements with "Mobile Streams" in that he would collecting royalties due on his copyright works.

18. "Blake Best" developed his ringtones in 2006 with distribution worldwide through Nickels Group and "Mobile Streams", and have yet to enjoy the revenue from the sales of his ringtones because of what is believe to be industry practices, and exploitation by various ringtones companies by sending his licensed ringtones to other predecessors who were not included in the royalty reports provided to the ringtone providers or licensors, in essence the licensor namely "Mobile Streams" would enjoy 100% royalty through its predecessors of unreported royalty sales to the licensor. The Internet allows enormous opportunities for copyright infringement of artists works and musical compositions to be infringed and exploited. There are countless numbers of websites selling ringtones and songs of copyrighted works, which compensation is never realized by the artist. I believe the industry have a practice "If the artist don't, know don't tell". Allowing some companies that license musical works to not report the sales of this work to the artists. Now the only way for the artist to learn that their works are being infringed

upon, is to do Internet key searches in hopes to uncover evidence of their work being infringed upon. This is what I did initially in 2009 and uncovered a vast amount of websites selling my content which was not on the royalty reports provided to me by "Mobile Streams." At which point, I then inquired to "Mobile Streams" of this new found evidence of my ringtones being sold on sites not being reported on the royalty reports they provided. Whereby, "Mobile Streams" denied any claim that they provided my content to the sites in question. I then obtained counsel, who sent Cease and Desist letters to sites in question of infringement. The results uncovered that "Mobile Streams" provided them with my content which is the subject and cause of this action.

19. Plaintiffs are the owners of copyrights in and to the musical compositions at issue and have complied in all respects with the Copyright Acts and with all other applicable laws in securing copyright registrations and protecting and maintaining exclusive rights in and to these "Sound Recordings". Upon information and belief, "Mobile Streams" has unlawfully made thousands of "Blake Best" "Sound Recordings available for downloading through its predecessors. Certain of the sound recordings for which Plaintiffs asserts their claim of copyright infringement, together with their respective copyright registration numbers: PA 1-633-253.

20. By virtue of "Blake Best" Sound Recordings skill and diligence in maintaining its catalogues, "Blake Best" has developed substantial good will and generated substantial value in the sound recordings which comprise Plaintiffs' catalogues.

11

## B. Mobile Streams

21. Upon information and belief, Defendant Mobile Streams, Inc. ("Mobile Streams")
is a corporation organized under the laws of the state of Delaware with its corporate
offices located in New York, New York Mobile Streams is a provider of media
entertainment content, such as music, comedy and other entertainment, to mobile
devices. a provider and publisher of mobile content, products and services that assist
customers with finding personalization and entertainment for mobile phones. "Mobile
Streams" provides media products, content and related services to mobile operators
that allow the mobile operators to use their ("Third-Party Websites) to deliver content,
including ringtones, to mobile subscribers. Defendant owns and operates an intent
delivery website whereby providing content to its third party affiliates and/or
predecessors who operate subscription based websites located on the World Wide
Web. Defendant in part through its affiliates and/ or predecessors provides customers
access to copyrighted ringtones for a per download or subscription fee to download
ringtone content to their mobile devices.

## C. Funmobile

22. information and belief, through their website located at www.funmobile.com and
(www.funmobileca.com) , "Funmobile" also provides media products and content,
including ringtones directly to consumers.

12

23. Upon information and belief, " Mobile Streams" acquires the content that it makes available to its customers through licensing agreements with content owners.

24. Upon information and belief, in or about April 2006, "Blake Best" and "Mobile Streams" entered into an agreement, whereby that agreement has been since cancelled as agreed by both parties. The agreement, entered as a one-year ringtone license covering the World. Pursuant to the 2006 Ringtone License, "Blake Best" granted a license to Mobile Streams, whereby "Mobile Streams" agreed to license certain catalogues of music compositions of which "Blake Best" owned and/ or controlled the music publishing rights." Mobile Streams" provided Slangtones' ringtones to their network of internet providers. This would allow "Blake Best" Slangtones' Ringtones to be made available to consumers for downloading into wireless devices.

## The "Blake Best" Ringtones Licenses

### A. The 2006 Ringtone License

25. On or about June 12, 2006, "Blake Best" and Defendant " Mobile Streams" entered into a one-year ringtone license with auto renewed, with the exceptions of cancellation by notice.(the "2001Ringtone License") covering the World. Pursuant to the 2006 Ringtone License, "Blake Best" granted a license to "Mobile Streams," whereby "Blake Best" agreed to license its Slangtones catalogue of Sound Recordings for which "Blake Best" owned and/or controlled the exclusive rights. In accordance with the 2001 Ringtone License, "Blake Best" granted "Mobile Streams" the right to transmit the

Slangtones Sound Recordings through its network of internet providers. Slangtones catalogue was then made available to consumers for downloading onto wireless phones. The License agreement was not signed because Plaintiff wanted additional provisions to be added. Meanwhile we act on a verbal agreement, which included "Blake Best:" receiving royalty reports and payments from Mobile Streams.

26. In return for the grant of rights for Approved Slangtones sound recordings, "Mobile Streams" was to pay "Blake Best" an agreed upon royalty rate for each Slangtones Ringtone downloaded by a consumers.

## G. COUNTS and CAUSES OF ACTION

### COUNT I
### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 1976, 17 U.S.C. § 101 et Seq.

27. "Blake Best" set forth herein and attached below, Slangtones ringtones, snap shot of the willful infringing act, showing titles of Slangtone's ringtones each listed under the copyright registration provided herein, with time and date stamp shown at bottom right corner of picture. This snap showing Defendant "FunMobile" website.



28. Early August 2009, "Blake Best" discovered through an Internet Search of his

Sounding Recordings, copyrighted works 'Slangtones"; that various websites were not

reported on the "Mobile Streams" royalty report.  Moreover, these websites were

exploiting his work unlawfully. "Blake Best" later on or about August 9, 2009 sought

counsel to provide to those websites Cease and Desist letters. These letters would stop

these sites from further infringement, whereby requesting that these websites provide

evidence of sales of  "Blake Best" Sound Recording Slangtones. Mobile Steams  was

then made aware that any agreements between parties "Blake Best", would be

cancelled.  Whereby, "Mobile Streams" agreed to such cancellation and was advised to

have all content provided to third party providers be removed, and that a sales report

outlining sales from these sites of Blake Best sound recording Slangtones, be provided.

After counsel finished their copyright infringement investigation it was made known that

"Mobile Streams" provided these websites in question with Blake Best's sound

15

recording Slangtones. It would be understood by one ordinary person that such communications using counsel in this matter should have made "Mobile Streams" aware that any further sales of Blake Best sound recording Slangtones by any of its third party providers or predecessors would constitute willful infringement. Since this notice the Defendants "Mobile Streams" and predecessors "Funmobile" have been enjoying the revenue of the sales of Blake Best sound recording since 2009, and have continue its infringement up to date, just a few months away from the cutoff point of the statute of limitations set by law. Whereby they would continue to allow its users and or subscribers to continue to purchase Slangtones rigntones free of reprisal. It is my intention to seek action and relief in his matter that this may not continue to happen.

29. Each of Defendant's of copyright infringement referenced herein were willful within the meaning of 17 U.S.C. § 101, et seq.

30. Plaintiffs are entitled to, at their election, either their actual damages and Defendant's profits from the infringing activities described herein, or, in the alternative, statutory damages to 17 U.S.C §, et seq.

31. Plaintiffs are further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 505.

## COUNT II
## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## 17 U.S.C § 106

32. Plaintiffs hereby adopt reallege and incorporate by reference the allegations

contained in Paragraphs 1 through 31 above, which Defendants infringes upon Plaintiffs exclusive rights secured by 17 U.S.C. § 106.59. Defendant(s) has explicit and constructive knowledge that said infringements are taking place and actively induces, facilitates, causes and materially contributes to said infringements.

33. As a result of the forgoing, Defendant(s) is liable for contributory infringing Plaintiffs' copyrighted sound recordings, in violation of Sections 106 and 501 of the Copyright Act.

34. Each instance whereby each separate sound recording embodying a sound composition owned by Plaintiffs displayed, performed and /or distributed by users of "FunMobile" and/or "Mobile Streams", whether downloading, streaming, uploading or sharing, constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, et seq., for which Defendant(s) is liable.

35. Each act of copyright infringement referenced herein was willful within the meaning of 17.US.C. 101, et seq.

36. Plaintiffs have suffered economic damage and irreparable harm as a result of the continuing acts of infringement referenced herein, and unless and until Defendant's conduct is enjoined by this Court, Defendant will continue to cause

irreparable injury that cannot fully be compensated for or measured in money, and Plaintiffs are accordingly entitled to an injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement of their exclusive right under the Copyright Act.

37. Plaintiffs are entitled to, at their election, either their actual damages and Defendants profits from the infringing activities described herein, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 101, et seq.

38. Plaintiffs are further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 505.

## COUNT III
## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
## 17 U.S.C § 106

39. Plaintiffs hereby adopt, reallege and incorporate by reference the allegations contained in Paragraphs 1 through 31 above.

40. Defendant's users and subscribers are actively infringing Plaintiffs' copyrighted Sound compositions, as set forth herein, by downloading, uploading, streaming and sharing recordings embodying said sound recording compositions through and/or "Mobile Streams", which infringes upon Plaintiffs' exclusive rights secured by 17 U.S.C. § 106.

41. Defendant(s) has derived direct and substantial financial benefits from the infringements of Plaintiffs' copyrighted sound compositions by "FunMobile" and/or "Mobile Streams", as described herein.

42. Defendants have the legal right and actual ability to supervise, control and prevent the infringing activities that occurred but has and or refused to exercise and control over the infringing activities.

43. As a result of the forging, Defendant's is liable for vicariously infringing Plaintiffs' Copyright sound compositions, in violation of Sections 106 and 501 of the Copyright Act.

44. Each instance whereby each separate sound recording embodying a Copyrighted sound composition owned by Plaintiffs was copied, displayed, performed and/or distributed by users of "Funmobile" ,
whether downloading, streaming, uploading or sharing, constitutes a separate act of copyright infringement and a separate violation of 17. U.S.C 101, et seq., for which Defendant is liable.

45. Each act of infringement referenced herein was willful within the meaning of 17 U.S.C. 101, et seq.

46. Plaintiffs have  suffered economic damage and irreparable harm as a result of the continuing acts of infringement referenced herein and unless and until Defendants' conduct is enjoined by this Court, Defendant will continue to cause irreparable injury that cannot fully be compensated for or measured in money, or Plaintiffs are accordingly entitled to an injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement of their exclusive rights under the Copyright Act.

47. Plaintiffs are entitled to, at their election, either their actual damages and

Defendant's profits from the infringing activities described herein, or, in the

alternative, statutory damages pursuant to 17 U.S.C. § 101, et seq.

48. Plaintiffs are further entitled to their attorney fees and cost pursuant to 17 U.S.C

§ 505.

## COUNT IV
## FOURTH CAUSE OF ACTION
## COMMON LAW COPYRIGHT INFRINGEMENT

49. "Blake Best' realleges the allegations set forth in paragraphs 1-31 above with the

same force and effect as if set forth fully herein.

50. Slangtones sound recording which is copyright protected is subject to common

law copyright protection under Ohio. As the owner of valid common law copyrights in

for the Sound Recording of Slangtones, Plaintiff possesses the exclusive rights to sell,

copy, distribute and perform these sound recordings.

51. The infringement of Plaintiffs rights in each of its Sound Recording constitutes a

separate and distinct act of infringement.

52. As a direct and proximate result of Defendants violation of Plaintiff rights in and

to the Sound Recordings, Plaintiff has suffered damages in an amount to be proven at

trial. Plaintiff is entitled to recover all proceeds and other compensation received or to

be received by Defendants arising from its infringement of Plaintiffs sound recording,

and is entitled to an accounting to ascertain the amount of such profits and

compensation.

53. Defendant acts of infringement are willful, intentional and purposeful, in disregard of Plaintiffs rights, and Plaintiffs is entitled to punitive and statutory damages in addition to actual damages.

54. Plaintiffs are further entitled to their attorney fees and cost pursuant to 17 U.S.C § 505.

## COUNT V
## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT

55. "Blake Best' restates and incorporates each of the preceding paragraphs as if fully set forth herein.

56. "Blake Best" satisfied all of its obligations under the Agreement requesting that the agreement between the parties be cancelled in lieu of the infringement act granted by the parties.

57. The use by Mobile Streams and its predecessors "Funmobile"

beyond the scope of use described in the "Mobile Streams" Agreement was

unauthorized and constituted a material breach of the Agreement whereby.

58. "Blake Best" has sustained damages as a result of the copyright Breach of Contract by " Mobile Streams" and their Predecessors "Funmobile."

59. WHEREFORE, Plaintiff prays for findings of Breach of Contract and judgment

21

in its favor and against Defendant "Mobile Streams" and its predecessors "Funmobile."

60. Failing to keep accurate records of the downloading occurring through their services and failed to account property to "Blake Best" for the royalties owned. When "Blake Best" then attempted to exercise its contractual rights to examine Mobile Streams books and records "Mobile Streams" refused to give "Blake Best" access to material information, interposed frivolous objections to many of "Blake Best" request, and provided incomplete and inaccurate documentation. Plaintiff Blake Best perform its duties to the agreement prior to these actions.

61. Plaintiff have suffered economic damage and irreparable harm as a result of Defendents breach of the agreement.

62. Plaintiff are entitled to, at their election, either their actual damages and Defendant profits breaching the agreement described herein, or, in the alternative, statutory damages.

63. Plaintiff are further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 504.

## COUNT VI
## SIX CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## Under Lanham Act, 15.U.S.C. §125(a)

64. 15 U.S.C §1125 (a) "Blake Best" incorporates each and every allegation of Paragraph 1-28 of this Complaint as through fully set forth herein.

65. Defendants' and its predecessors "Funmobile" use of

Slangtones Sound Recordings, in connection unlawfully and infringing sales of

thousands of downloads.

66. Defendants have infringed upon the sound recordings of Plaintiff after being

aware of any agreements upon the parties, which have been cancelled, and Cease and

Desist letters were made a party to this action, with the knowledge of infringement being

made known to "Blake Best, who then refrained from further development of the brand

name Sound Recordings. These infringement acts damaged the good will of the name

herewith. These actions allowed Defendants to gain an unfair competitive advantage

over "Blake Best" continued development of any additional sound recordings.

67. The acts of Defendants alleged above were committed willfully, with

knowledge of "Blake Best' rights and with the intention to deceive and mislead Plaintiff

and the public.

68. The acts of Defendants alleged above were committed willfully, with full

knowledge of Blake Best" rights with the intention of causing harm to "Blake Best".

69. The acts of Defendants alleged above were committed willfully, with full

knowledge of "Blake Best" rights with the intention of misappropriating and wrongfully

receiving revenue for the works of the Sound Recordings of "Blake Best" which effected

the valuable goodwill and reputation of "Blake Best" Sound Recordings Slangtones.

70. Defendants will continue their ongoing acts after; I believe the Statue of Limitation has expired, which would cause further irreparable injury to "Blake Best" , unless such activities are enjoined by this Court.

71. Plaintiff have suffered economic damage and irreparable harm as a result of unfair competition in its practice and deceptive use of the Slangtones trade name.

72. Plaintiff are entitled to, at their election, either their actual damages and in the alternative, statutory and punitive damages.

73. Plaintiff are further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 504.

## COUNT VII
## SEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION UNDER OHIO LAW

74. Blake Best" incorporates each and every allegation of Paragraphs 1-41 of this Complaint as though fully set forth herein.

75. Defendant's use of the Slangtones Sound Recordings after having had full knowledge of Cease and Desist Letters, was unlawfully and a willful act.

76. The conduct of Defendants, as alleged herein, constitutes unfair competition under the common law of Ohio.

77. Defendants' conduct has been deliberate and willful and has been committed

24

with the intent to evade paying royalties to "Blake Best".

78. Plaintiff have suffered economic damage and irreparable harm as a result

of Defendents unfair practices associated herein.

79. Plaintiff are entitled to, at their election, either their actual damages or, in the

alternative, punitive and statutory damages.

80. Plaintiff are further entitled to their attorney fees and cost pursuant to 17 U.S.C.

§ 504.

## COUNT VIII
## EIGHT CAUSE OF ACTION
## DECEPTIVE AND UNFAIR TRADE PRACTICS UNDER OHIO LAW
## OHIO REV. CODE, § 4165.02

81. Upon information and belief, throughout our dealings "Mobile Streams" knowingly

and intentionally provided royalty statements to "Blake Best", in which the reported

number of downloads of "Blake Best" were significantly less than the true number of

downloads.

82. Upon information and belief," Mobile Streams" knowingly and intentionally

provided royalty statements to "Blake Best" that failed to account for downloads

occurring Worldwide.

83. Streams therefore falsely reported to "Blake Best" the number of downloaded

"Slangtones Ringtones" within the licensed territories and worldwide, as well as the

amount of royalties paid to "Blake Best"

84. Upon information and belief, "Mobile Streams" knowingly and intentionally provided a royalty report of placement of Slangtones ringtones; however it was later discovered through infringement investigation that "Mobile Streams" also provided Slangtones ringtones to providers not listed on the royalty report. Results Infringement investigation. Based upon the infringement investigation of third party websites unlawfully selling Plaintiffs copyrighted ringtones, Defendant "Mobile Streams" was receiving royalties due Plaintiff. In fact Defendant "Mobile Streams" failed to report for 5 third party websites and one such third party website, indicated in paraphrase "Mobile Streams provided us with your content." Whereby evidence will show that Mobile Streams earlier indication that this third party's website was not their authorized content distributor.

85. a result of this deceptive and unfair trade practices under Ohio law, Plaintiff has been damaged in an amount to be determined at trial, plus punitive damages and interest.

86. Plaintiff are further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 504.

## H. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray for judgment against the Defendants' as follows:

1. On all Counts, for such equitable relief as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including a permanent injunction requiring Defendant and its agents, servants, employees, officers, directors, attorneys, successors, assigns, licensees, and all others in active concert or participation with any of them cease infringing, or causing, aiding, enabling, facilitating, encouraging, promoting, inducing, or materially contributing to or participating in the infringement of any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act or common law (whether now in existence or hereafter created), including, without limitation, the compositions referenced on the Exhibits attach hereto;

2. On Counts I, II, III and IV an award to Plaintiffs, at their election, of either (i) actual and profits derived by Defendant as a result of the infringing activities described herein, pursuant to 17 U.S.C § 504(b) or (ii) statutory damages in the maximum amount of $150,000 per each act of infringement of Plaintiffs' copyrighted works, pursuant to 17 U.S.C. § 504(c);

3. On Counts V and VIII, an award to Plaintiffs, as a result of Defendants wrongful acts;

# I. JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues triable thereby.

Date this 23[th] day of July, 2012.

Respectfully and humbly submitted,

Blake Best **Pro Se**
5392 Northbend Road
Cincinnati, Ohio 45247
513-768-2282
blake@bcs24hrs.com