UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff

v.

MOBILE STREAMS, INC., *et al.*,
    Defendants.

Case No. 1:12-cv-564

Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff Blake Best, proceeding pro se, brings this action against defendants Mobile Streams, Inc., Mobile Streams, PLC, Mobile Funster, Inc., Funmobile, LTD, and John Does 1-8 alleging copyright infringement and other related claims. This matter is before the Court on (1) plaintiff's motion for expedited discovery (Doc. 11); (2) plaintiff's motion for expedited discovery to reveal John Does (Doc. 12); plaintiff's motion to strike defendant Mobile Streams, Inc.'s answer to the complaint (Doc. 33); plaintiff's amended motion to strike defendant Mobile Streams, Inc.'s answer to the complaint (Doc. 35); and plaintiff's motion to compel.  (Doc. 42). The Court will first address the motions to strike.

Pursuant to this Court's recent order (Doc. 45), plaintiff's filing of his first amended complaint necessarily moots his motions to strike defendant Mobile Streams, Inc.'s answer (Docs. 33, 35).  Consequently, plaintiff's motions to strike (Docs. 33, 35) are denied as moot.

Turning to plaintiff's motions for expedited discovery (Docs. 11, 12), the undersigned finds that plaintiff has failed to demonstrate the requisite good cause for permitting expedited discovery.  Pursuant to Fed. R. Civ. P. 26(d), the Court may authorize discovery prior to the Rule 26(f) conference of the parties.  *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007) (Watson, J.).  Expedited discovery may be

granted upon a showing of good cause. *Id*. *See also Whitfield v. Hochsheid*, No. 1:02-cv-218, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002) (Hogan, M.J.). Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating good cause. *Qwest Communications Int'l Inc. v. Worldquest Networks, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003) (and cases cited therein). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Courts typically have found good cause based upon (1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." *Arista Records, LLC v. Does 1-9*, No. 2:07-cv-961, 2008 WL 2982265, at *4 -5 (S.D. Ohio July 29, 2008) (Graham, J.) (citing *Capitol Records, Inc. v. Doe*, No. 07-cv-1570, 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007)). In determining whether good cause exists, the Court will also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08-cv-200, 2009 WL 1687927, at * 2 (S.D. Ohio June12, 2009) (King, M.J.) (and cases cited therein).

      Here, plaintiff seeks expedited discovery because he asserts that the discovery sought is largely stored on electronic devices, such as computers, and he speculates that defendants will destroy the stored evidence and/or the identities of the John Doe defendants employed by defendants Mobilefunster, Inc. and Funmobile, LTD. (Doc. 11 at 8; Doc. 12 at 2). Further, plaintiff seeks limited expedited discovery in order to identify the John Doe defendants so that they may be properly added as defendants and served with the complaint. (Doc. 12 at 2-3). For

the following reasons, the Court finds that plaintiff has not established good cause for the requested expedited discovery.

First, there is no evidence to support plaintiff's speculative assertion that the defendants will destroy the requested discovery. Indeed, plaintiff's declaration simply sets forth that he "is concerned that [d]efendants may destroy evidence[,]" (Doc. 12, Ex. 1) (Declaration of Blake Best), but cites to no evidence demonstrating that his concerns are warranted, such as evidence that defendants or their associates have previously destroyed evidence pertinent to a lawsuit or that they do not have sufficient protections in place to prevent the loss of the requested discovery. In the absence of evidence establishing a need for expediting discovery or issuing an injunction against defendants requiring that they preserve the requested discovery, the Court finds no good cause for granting plaintiff's motions for expedited discovery. *See American LegalNet, Inc. v. Davis*, 673 F. Supp.2d 1063, 1072-73 (C.D. Cal. 2009) (denying copyright holder's request for preservation of evidence order where there was no showing that "the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place.").

Second, to the extent that plaintiff seeks to identify certain John Doe defendants, *see* Doc. 12 at 2, plaintiff has not demonstrated that identifying these defendants is necessary in order to advance this litigation. Rather, plaintiff's recently filed motion to file a first amended complaint indicates that he has already identified at least one of the John Doe defendants without the assistance of expedited discovery. *See* Doc. 44, Ex. 2 (First Amended Complaint). Without any showing that the requested expedited discovery is necessary to further this lawsuit, *see Arista Records*, 2008 WL 2982265, at *4-5, the Court cannot find that plaintiff has shown good cause

and his motion is denied.  Notably, at such time as the individual defendants are identified through discovery, plaintiff may seek leave to amend his complaint accordingly.

Lastly, plaintiff's motion to compel (Doc. 42) is denied as untimely.  The Federal Rules provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . [unless] authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  Here, no scheduling order has been issued, there is no evidence that the parties have engaged in a Rule 26(f) conference or entered a stipulation permitting early discovery, and there is no court order allowing discovery to proceed in advance of the Rule 26(f) conference.  Consequently, plaintiff's motion to compel is premature and denied.  Plaintiff is notified that he shall not file any further premature discovery motions until the Court holds a scheduling conference.

For the reasons stated herein, the Court rules as follows:

(1) Plaintiff's motions to strike (Docs. 33, 35) are **DENIED** as moot;

(2) Plaintiff's motions for expedited discovery (Docs. 11, 12) are **DENIED**; and

(3) Plaintiff's motion to compel (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**


Date: 11/30/12                                             s/Karen L. Litkovitz
                                                           Karen L. Litkovitz
                                                           United States Magistrate Judge