UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
---------------------------------------------X

BLAKE BEST individually,             Civ. Action No. 1:12 CV564

                                     Honorable  Judge: Michael Ryan Barrett,

                                     Honorable Magistrate Judge
                                     Karen L. Litkovitz

          Plaintiffs,                **PLAINTIFF'S OPPOSITION
                                     TO DEFENDANT'S MOTION
                                     TO STRIKE**

          -against-

Mobile Streams, Inc., et al.,

     Defendants.


# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND DECLARATION OF BLAKE BEST

## DECLARATION OF BLAKE BEST

          NOW COME Blake Best Plaintiff acting Pro Se moving this court
and pray upon the courts to deny Defendants Funmobile, Ltd., counsel's motion
to STRIKE (Doc#54). Defendant Funmobile, Ltd, received the original complaint
and was to respond to the complaint by November 23, 2012.  Defendant is alleging

they had automatic extension of time to file, because the first amended complaint was filed, however the First Amended Complaint was not ordered to be filed until November 30, 2012. Where by the Defendant had 21 days by law, to respond to the original complaint and failed to do so.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO STRIKE

Defendant is not subject to answering the first amended complaint, because it did not request an extension of time, and thus failed to respond and answer by the expired date. The First Amended Complaint is subject to be answered by Mobilefunster, Inc. because they did request an extension of time. Defendant's did not respond in a timely matter, and thus would not survive scrutiny under Fed. R. Civ. P. 12(b)(6). However, when the court finds that a defendant has intentionally failed to fulfill his or her obligation with regard to responsive pleadings, "there need be no other finding." Id.; c.f. Id. at 184 (noting that courts "apply essentially the same standard to motions to set aside a default and a judgment by default" though the former is more easily granted than the latter).

Furthermore, it is documented that Defendants, in fact, received the complaint by way of the Court's through registered mail, yet declined to answer. This clearly demonstrates the Defendant intentionally failed to respond to the original complaint. In accord with the Fifth Circuit's Dierschke and Bonanza International decisions, the Defendants have, by consistently engaging in dilatory

and contumelious tactics, acted in such a way as to soundly justify denial of their Motion to Set Aside the Entry of Default.  Even if the Court, in its discretion, should not consider the Defendants' excuses for failure to answer as a "means of identifying circumstances which warrant the finding of 'good cause' to set aside the default," Dierschke, 975 F.2d at 184, none of the reasons. In U.S. exrel. Shaver v. Lucas Western Corp, 237 F.3d 932 (8th Cir. 2001), the Court of Appeals for the Eighth Circuit addressed a failure to respond to a complaint in a timely fashion. Finally, the Court notes that default judgment is not favored by the law and "should be a rare judicial act."  See Jones Truck Lines, Inc. v. Foster's Truck & Equipment Sales, Inc.(In re Jones Truck Lines, Inc.), 63 F.3d 685, 688 (8th Cir. 1995) (citations and internal quotes omitted). See also Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998), citing Shepard Claim Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6thCir, 1986)("[W]hen a grant of default judgement precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal."); Oberstar v. Fed. Deposit Ins. Corp., 978 F.2d 494, 504 (8thcir. 1993) (There is a "judicial preference for adjudication on the merits[that] goes to the fundamental fairness of the adjudicatory process.").

Dated: ___12/13/2012___

_Blake Best_

Blake Best/Plaintiff/Pro Se

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been served via first

class U.S. mail, postage prepaid, upon  all Defendant(s).

| | | |
|---|---|---|
| Karen S. Hockstad (0061308) | Mobile Streams, Inc. | Mobile Stream, Plc |
| Nita L. Hanson (0084342) | Simon Buckingham | Simon Buckingham |
| Dinsmore & Shohl LLP | 247 West 36th Street 301 | Abacus House 33 |
| 191 West Nationwide Blvd. | New York, NY 10018 | Gutter Lane |
| Suite 300 | | London, Ec2v 8ar, |
| Columbus, Ohio 45315 | | United Kingdom |
| Ref: Attorney's for Mobilefunsters | | |

Funmobile, LTD
Christian Kwo-Leu Yau Heilesen          Christian Kwo-Leu Yau Heilesen
29/F, One Kowloon                              29/F, One Kowloon
No 1, Wang Yuen Street                       No 1, Wang Yuen Street
Kowloonbay, Hong Kong                      Kowloonbay, Hong Kong


Respectfully submitted,

Signature: _____     Date: _12 / 13 / 2012_____
Blake Best
Pro Se, Plaintiff
5392 Northbend Road
Cincinnati, Ohio 45247