## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Blake Best, | : |
| | : |
| Plaintiff, | : Case No. 1:12-cv-00564 |
| | : |
| vs. | : District Judge Michael R. Barrett |
| | : |
| Mobile Streams, Inc., *et al.*, | : Magistrate Judge Karen L. Litkovitz |
| | : |
| Defendants. | : |

### DEFENDANT MOBILEFUNSTER, INC.'S
### ANSWER TO COUNTS I-V ONLY OF THE FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
### (Jury Demand Endorsed Hereon)

Defendant Mobilefunster, Inc. ("Mobilefunster" or "Defendant"), by and through the undersigned counsel, for its Answer to Counts I through V of the First Amended Complaint, state as follows:

### GENERAL DENIAL

Defendant has made an effort to respond to each and every allegation in Counts I through V of the First Amended Complaint. However, to the extent any allegation was overlooked or inadvertently not addressed, Defendant denies the allegation.

### I.  PARTIES

1. Defendant admits that Mobilefunster, Inc. is a corporation organized under the laws of the state of Delaware. Defendant admits Funmobile, Ltd. is a private liability company organized in Hong Kong, Japan. Defendant denies that Mobilefunster is a wholly-owned subsidiary of Funmobile, Ltd. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first unnumbered paragraph of the First Amended Complaint, and therefore, denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph A of the First Amended Complaint, and therefore, denies the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph B of the First Amended Complaint, and therefore, denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph C of the First Amended Complaint, and therefore, denies the same.

5. Defendant admits that Funmobile, Ltd. is a Private Liability Company with its principal place of business in Hong Kong. Defendant denies the remaining allegations contained in paragraph D of the First Amended Complaint.

6. Defendant admits that Mobilefunster, Inc. is a Delaware corporation with its principal place of business in California. Defendant admits the allegations pertaining to the agent for service of process. Defendant denies that Mobilefunster, Inc. is a wholly-owned subsidary of Funmobile, Ltd. and all other allegations contained in paragraph E of the First Amended Complaint not specifically admitted.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph F of the First Amended Complaint, and therefore, denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph G of the First Amended Complaint, and therefore, denies the same.

## II.  FIRST AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

9. Defendants denies that it is a predecessor to Mobile Streams, Inc. or Mobile Streams PLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the un-numbered paragraph under this heading of the First Amended Complaint, and therefore, denies the same.  Defendant specifically denies any infringing conduct.

## II. (sic) INTRODUCTION

10. Defendant denies that it infringes any copyright.  Defendant denies that copyright registration PA 1-633-253 is valid.  To the extent other allegations in paragraph 1 of the First Amended Complaint require response, Defendant denies the same.

## III.  NATURE OF DISPUTE

11. To the extent the allegations contained in paragraph 2 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint, and therefore, denies the same.

13. To the extent the allegations contained in paragraph 4 of the First Amended Complaint pertain to Defendant, Defendant denies the same.  Defendant specifically denies any unlawful acts or copyright infringement.

14. To the extent the allegations contained in paragraph 5 of the First Amended Complaint pertain to Defendant, Defendant denies the same.  Defendant specifically denies any copyright infringement.

15. To the extent the allegations contained in paragraph 6 of the First Amended Complaint pertain to Defendant, Defendant denies the same. Defendant specifically denies any unlawful acts.

16. To the extent the allegations contained in paragraph 7 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

### IV. SUMMARY OF CLAIMS

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint, and therefore, denies the same. To the extent the allegations contained in paragraph 7 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint, and therefore, denies the same.

19. To the extent the allegations contained in paragraph 10 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint, and therefore, denies the same.

21. To the extent the allegations contained in paragraph 12 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

22. To the extent the allegations contained in paragraph 13 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

23. To the extent the allegations contained in paragraph 14 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

24. To the extent the allegations contained in paragraph 15 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

25. To the extent the allegations contained in paragraph 16 of the First Amended Complaint pertain to Defendant, Defendant denies the same.

## V. JURISDICTION VENUE AND PARTIES

26. Defendant admits that the present action purports to be an action for copyright infringement, and admits this Court has subject-matter jurisdiction, but denies the remaining allegations contained in paragraph 17 of the First Amended Complaint.

27. Defendant denies the allegations contained in paragraph 18 of the First Amended Complaint.

28. Defendant admits this Court has jurisdiction over the federal question claims of this action, and that venue is proper in this Court as claimed in paragraph 19 of the First Amended Complaint. Defendant denies that this Court will retain jurisdiction over the common law and state law claims if Defendant's motion to dismiss certain claims is granted. Further answering, Defendant denies that 28 U.S.C. §§ 1114, 1116-1118, 1125, 1138, 2201 or U.S.C. § 1121 have any applicability to this controversy as there are no claims for trademark infringement, nor claims declaratory judgment.

29. Defendant admits that venue is proper in this Court, but denies the remaining allegations contained in paragraph 20 of the First Amended Complaint.

30. Defendant admits that it conducts business within the state of Ohio, but denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the First Amended Complaint.

31. To the extent an answer is required to paragraph 22 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Amended Complaint.

32. Defendant admits that it conducts business within the state of Ohio, but denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the First Amended Complaint. Defendant specifically denies any unauthorized acts.

33. Defendant admits that it conducts business within the state of Ohio, but denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the First Amended Complaint.

34. To the extent an answer is required to paragraph 25 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the First Amended Complaint.

35. To the extent an answer is required to paragraph 25A of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25A. of the First Amended Complaint.

36. Defendant admits personal jurisdiction in this Court, but denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the First Amended Complaint.

## V. (sic) FACTUAL ALLEGATIONS

**Background**

    A. ("Best")

37.    Defendant denies the allegations contained in paragraph 27 of the First Amended Complaint.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Amended Complaint.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Amended Complaint.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the First Amended Complaint.  Further answering, Defendant denies that Best has valid claims under the copyright registration number PA 1-633-253.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the First Amended Complaint.

    B.    ("Mobile Streams")

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the First Amended Complaint.

    **C.**    **("Funmobile")**

44. Defendant denies that Mobilefunster, Inc. is a wholly-owned subsidiary of Funmobile, Ltd. Further answering, Defendant admits the remaining allegations contained in paragraph 34 of the First Amended Complaint.

    **D.**    **("Mobilefunster")**

45. Defendant denies that Mobilefunster, Inc. is a wholly-owned subsidiary of Funmobile, Ltd. Further answering, Defendant admits the remaining allegations contained in paragraph 35 of the First Amended Complaint.

    **E.**    **("Chris")**

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the First Amended Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the First Amended Complaint.

49. Defendant denies the allegations contained in paragraph 39 of the First Amended Complaint.

**The "Blake Best" Ringtones Licenses**

    **A.**    **The Ringtone License**

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the First Amended Complaint.

**A. COUNTS and CAUSES OF ACTION**

**COUNT I**

**(First cause of Action Copyright Infringement 1976, 17 U.S.C. § 101 et Seq.)**

51. To the extent an answer is required to paragraph 41 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the First Amended Complaint.

52. To the extent an answer is required to paragraph 42 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the First Amended Complaint.

53. To the extent an answer is required to paragraph 43 of the First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the First Amended Complaint.

54. Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.

## COUNT II

**(Second Cause of Action Contributory Copyright Infringement 17 U.S.C. § 106)**

55. Defendant incorporates as if fully rewritten herein its admissions, denials, and other statements contained in the preceding paragraphs. Further answering, Defendant denies the allegations contained in paragraphs 45 of the First Amended Complaint.

56. Defendant denies the allegations contained in paragraphs 46 of the First Amended Complaint.

57. Defendant denies the allegations contained in paragraphs 47 of the First Amended Complaint.

58. Defendant denies the allegations contained in paragraphs 48 of the First Amended Complaint.

## COUNT III

**(Third Cause of Action Vicarious Copyright Infringement  17 U.S.C. § 106)**

59. Defendant incorporates as if fully rewritten herein its admissions, denials, and other statements contained in the preceding paragraphs.  Further answering, Defendant denies the allegations contained in paragraphs 49 of the First Amended Complaint.

60. Defendant denies the allegations contained in paragraphs 50 of the First Amended Complaint.

61. Defendant denies the allegations contained in paragraphs 51 of the First Amended Complaint.

62. Defendant denies the allegations contained in paragraphs 52 of the First Amended Complaint.

## COUNT IV

**(Fourth Cause of Action Common Law Copyright Infringement)**

63. Defendant incorporates as if fully rewritten herein its admissions, denials, and other statements contained in the preceding paragraphs.  Further answering, Defendant denies the allegations contained in paragraphs 53 of the First Amended Complaint.  Further answering, Defendant denies that Plaintiffs are entitled to punitive or statutory damages, or attorney fees and costs.

## COUNT V

**(Fifth Cause of Action Breach of Contract Ohio Revised Code Section 2305.06)**

64. Defendant incorporates as if fully rewritten herein its admissions, denials, and other statements contained in the preceding paragraphs.  Further answering, Defendant denies the allegations contained in paragraphs 54 of the First Amended Complaint.

65. Defendant denies the allegations contained in paragraphs 55 of the First Amended Complaint.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the First Amended Complaint.

67. Defendant denies the allegations contained in paragraphs 57 of the First Amended Complaint.

### A. Prayer for Relief

68. In answer to paragraphs 69 through 71 of the First Amended Complaint, Defendant denies that Plaintiffs are entitled to relief of any sort, whether based upon allegations in the First Amended Complaint, or otherwise. Defendant respectfully requests this Court dismiss the First Amended Complaint against Defendant with prejudice, and award Defendant reasonable costs and attorney's fees wrongly incurred in defending this action, and such other relief deemed just and equitable by this Court.

### AFFIRMATIVE DEFENSES

69. Defendant reserves the right to amend or otherwise supplement this Answer to assert any and all applicable affirmative defenses to Plaintiffs' claims which become known as the case proceeds. Without limiting the generality of the foregoing, and without regard to whether any defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defenses must be set forth in the answer to Plaintiffs' claims, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

70. Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

71. Plaintiff's claims are barred by the doctrine of fair use.

## THIRD AFFIRMATIVE DEFENSE
### (Consent and Acquiescence)

72. Plaintiffs' claims are barred by Plaintiff's consent and acquiescence of Defendant's use.

## FOURTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

73. Plaintiffs' claims are barred by the doctrine of misuse of copyright.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

74. Plaintiffs' unclean hands, or those of their owner and employees prevent the assertion of claims against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Licensed and Authorized Use)

75. Plaintiffs' claims are barred because Plaintiffs authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and its claims are therefore barred by the doctrine of express or implied license.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

76. To the extent Plaintiffs suffered any damages, which Defendant expressly denies, Plaintiffs have failed to take the steps necessary to mitigate the damages sustained.

## EIGHTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

77. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

78. Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

79. Plaintiffs' claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

80. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs ratified and approved the purported actions of which they now complain.

## TWELFTH AFFIRMATIVE DEFENSE
### (Good Faith)

81. Plaintiffs' claims are barred because Defendants at all times acted in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

82. Plaintiffs' claims arising under state law are preempted by 17 U.S.C. § 301. 16

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

83. Plaintiffs' claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations for the copyrights alleged in the First Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

84. Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Exclusive Rights and Ownership)

85. Plaintiffs' claims are barred for lack of exclusive rights to and ownership of the

copyrights alleged in the First Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

86. Plaintiffs lack standing to bring this lawsuit.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Invalid Copyright)

87. The alleged copyrights are invalid because of defects and false or misleading statements in the applications for the registrations.

## NINETEENTH AFFIRMATIVE DEFENSE

88. Plaintiffs would be unjustly enriched by any recovery because of a lack of damages.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Join)

89. Plaintiffs have failed to join indispensable and/or necessary parties and without those parties the Court cannot grant relief.

## COUNTERCLAIMS

Defendants Mobilefunster, Inc. ("Mobilefunster" or "Defendants"), by and through the attorneys, hereby counterclaims against Blake Best, BCS Worldwide, Inc. and Slangtones (collectively, "Plaintiffs") as follows:

**The Parties**

90. Defendant Mobilefunster Inc. is a Delaware corporation, with its principal place of business located at 1155 Chess Drive, Suite 122, Foster City, CA 94404.

91. On information and belief, Blake Best is an individual residing at 5392 Northbend Road, Cincinnati, Ohio 45247.

92. On information and belief, BCS Worldwide, Inc. is a cancelled Ohio corporation.

93. On information and belief, Slangtones is an entity not registered to do business, but doing business in Ohio.

**Jurisdiction and Venue**

94. This Court has subject matter jurisdiction over the present counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 as the counterclaims are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13.

95. This Court has personal jurisdiction over Plaintiffs.

96. Venue in this District is proper over these counterclaims pursuant to 28 U.S.C. § 1391.

### COUNT I: DECLARATORY JUDGMENT OF INVALID COPYRIGHT

97. Defendant repeats and realleges the allegations made in the answer, affirmative defenses, and in the foregoing paragraphs of the Counterclaims as if set forth fully herein.

98. There is an actual and justiciable controversy between the parties regarding the alleged validity of Plaintiffs' purported copyrights.

99. Upon information and belief, Plaintiffs made false and misleading statements to the Copyright Office in applying for the registration regarding, for example, the corporate status of BCS Worldwide, Inc. and Slangtones.

100. At least for the reasons stated above, Plaintiffs' copyright registrations are invalid for failure to comply with the requirements for the registration thereof such as set forth in 17 U.S.C. §§ 101 et seq. and 408 et seq., 37 CFR §§ 201 et seq. and 202 et seq., or as otherwise set forth or required by the Copyright Office.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

101. Defendants repeats and realleges the allegations made in the answer, affirmative defenses, and in the foregoing paragraphs of the Counterclaims as if set forth fully herein.

102. There is an actual and justiciable controversy between the parties regarding the alleged copyright infringement.

103. For the reasons stated above, Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that of non-infringement.

## PRAYER FOR RELIEF

Defendant respectfully requests that this Court grant the following relief:

(a) Dismiss the First Amended Complaint in its entirety or, in the alternative, enter judgment against Plaintiffs and in favor of Defendant on the First Amended Complaint, with prejudice, and award Defendant its attorneys' fees and costs to defend this action.

(b) Find that the asserted copyright registration is invalid;

(c) Enter judgment for Defendant and against Plaintiff on Defendant's Counterclaims and award Defendant its attorney's fees and costs associated with the counterclaims.

(d) Award Defendant/Counterclaimant all damages at law and in equity that it has sustained as a consequence of Plaintiffs' acts complained of herein; and

(e) All such other and further relief as may be provided by law or equity.

**JURY DEMAND**

Defendant/Counterclaimant, Mobilefunster, Inc. hereby demands a trial by jury on all issue that are so triable.

>Respectfully submitted,
>
>  /s/ Karen S. Hockstad
> Karen S. Hockstad (0061308)
> Nita L. Hanson (0084342)
> Dinsmore & Shohl LLP
> 191 West Nationwide Blvd.
> Suite 300
> Columbus, Ohio  43215
> Phone:  (614) 628-6880
> Fax:  (614) 628-6890
> Karen.Hockstad@Dinsmore.com
> Nita.Hanson@Dinsmore.com
>
> *Attorneys for Defendant Mobilefunster, Inc..*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14th, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties consenting to notification. I further certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants including:

>Blake Best
>5392 Northbend Road
>Cincinnati, Ohio  45247
>*Plaintiff*

>  */s/ Nita L. Hanson*
> Nita L. Hanson (0084342)
> *an Attorney for Defendant Mobilefunster, Inc.*

684694