MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT Civ. Action No. 1:12 CV564-5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
-----------------------------------------------X

BLAKE BEST individually,

**Civ. Action No. 1:12 CV564**

Honorable Judge: Michael Ryan Barrett,

Honorable Magistrate Judge
Karen L. Litkovitz

Plaintiffs,

SECOND AMENDED
COMPLAINT FOR
PERMANENT INJUNCTION
AND OTHER EQUITABLE
RELIEF

-against-

MOBILE STREAMS, INC., a
Delaware Corporation,
MOBILE STREAMS, PLC.,
a United Kingdom Corporation,
MOBILEFUNSTER. INC.,
a Delaware Corporation
is a wholly-owned subsidiary
of FUNMOBILE LTD,
a Private Limited Liability Company
Hong Kong Corporation,
an individual; CHRISTIAN
KWOK-LEUN YAU
HEILESEN, an individual;
and JOHN DOES 1-50,

Defendants.

MOTION FOR LEAVE TO FILE SECOND AMENDED

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-1**
--------------------------------------------------**X**

## SECOND AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff/Pro Se hereby allege on personal knowledge as to allegations

concerning myself and on information and belief as to all allegations, as and for

this Second Amended Complaint against Defendants Mobile Streams, Inc., Mobile

Streams, Plc, Funmobile, Ltd, Mobilefunsters, Inc. and Christian Kwok-Leun Yau

Heilesen.

NOW COMES, Plaintiff/Pro Se, I Blake Best, hereby move these

Court and respectfully request this Honorable Court grant myself leave to file

Second Amended Complaint. The Second Amended Complaint, which supersedes

the prior pleadings First Amended Complaint in its entirety.  I Plaintiff/Pro Se seek

to file a Second Amended Complaint to make corrections to the First Amended

Complaint and further add additional claims and revisions as applicable to law.

.

## I. PARTIES

I Plaintiff/Pro Se Blake Best hereinafter ("Best") bring

this action against defendants: Mobile Streams, Inc, a Delaware

EQUITABLE RELIEF Civ. Action No. 1:12 CV564-2

Corporation and Mobile Streams, Plc, a United Kingdom Corporation collectively

hereinafter ("Mobile Streams"). Mobilefunster, Inc., a Delaware Corporation is a

wholly-owned subsidiary of Funmobile Ltd., a Private Limited Liability Company.

a Hong Kong Corporation collectively hereinafter ("Funmobile") and individual;

Christian Kwok-Leun Yau Heilensen, an Individual hereinafter ("Chris"); and John

Does 1-50 hereinafter ("John Does") (collectively "Defendants"), and alleges as

follows:

A. ("Best") is a resident Of Ohio whom address is 5392 Northbend Road

Cincinnati, Ohio 45247;

B. Upon information and belief Defendant Mobile Streams, Inc. ("Mobile

Streams") is a corporation organized under the laws of the state of Delaware with

its principle place of business address 247 West 36th Street, New York, New York,

10018. Mobile Streams provides entertainment content, such as music, comedy

and other entertainment, to mobile devices. Mobile Streams has appointed

Paracorp Incorporation, 2140 S Dupont Hwy, Camden, Kent DE 19934 as its

agent for

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF Civ. Action No. 1:12 CV564-3

service of process; Mobile Streams, Inc. is a leading provider of music and other

content to mobile phones globally; with over 1.5 million internet subscribers;

C.  Upon information and belief  Defendant  Mobile Streams, Plc

("Mobile Streams UK") is a public limited company organized under the laws of

the United Kingdom with its principle place of  Business addresses Abacus House

33 Gutter Lane, London, EC2V 8AR, United Kingdom.  Mobile Streams UK is a

leading provider of music and other content to mobile phones globally; with over

1.5 million internet subscribers;

D.  Upon information and belief Defendant Funmobile, Ltd. Is a Private Limited

Company with its principle place of business address of  29/F, One Kowloon No

1, Wang Yuen Street, Kowloon Bay, Hong Kong. Funmobile, Ltd is a leading

ringtone and content provider which offers entertainment, services to mobile users

in Asia, North America and Europe;

E.  Upon information and belief Defendant  Mobilefunster, Inc. is a Delaware

Corporation with its principal place of business address 1555 Chess Drive, Suite

122, in Foster City, California 94404.  MobileFunster  has appointed

Incorporating Services, Ltd., 3500 S Dupont Hwy Dover Kent, Delaware 19901,

Mobilefunster, Inc. is a wholly-owned subsidiary of  Funmobile, Ltd, with

millions of internet subscribers Worldwide;


F.          Upon information and belief Defendant Christian Kwok-Leun Yau

Heilesen, is the founder and CEO of  Funmobile, Ltd. Mobilefunster, Inc. is a

wholly-owned subsidiary of Funmobile, Ltd.  Upon information and

belief, defendant uses the aliases "Henrick Yau", "HKHY Heilesen","Jennie

Johnson", "Jennie Smith", "Plasticbrunette", "Plastic-Jennie"

"Scomme","Henrick Y", "Henrick Heile", "SM" and others. Christian Kwok-

Leun Yau Heilesen is of Danish nationality whose address is 29/F, One Kowloon

No 1, Wang Yuen Street, Kowloon Bay, Hong Kong;  He is also the registrant

administrative and technical contact of the

domain www.funmobile.com and funmobileca.com Exhibits below.

G. Upon information and belief Defendant John Does 1-50, ("Best") is unaware of the true names , address, and capacities of defendants sued herein and therefore sues these defendants by such fictitious names. ("Best") will seek to further amend this complaint to allege their true names address and capacities when ascertained. ("Best") is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that ("Best") injuries and herein alleged were proximately caused by such defendants. These fictitiously named defendants, together with the named defendants, are herein referred to collectively as ("John Does").

H. . Upon information and belief Defendants ("Funmobile") have undertaken numerous steps to obfuscate their identities including the use of several addresses and aliases such as, Funmobile 88621, Funmobile US, Funmobile 8383 Limited and others.

## II. NATURE OF DISPUTE

I Blake Best individually, as author of my copyrighted sound recordings PA 1-633-253, and as a ringtone developer, entities set forth in the caption above ("Best") or Plaintiff"), through Pro Se, allege, upon information and belief, for my ("Best") complaint against defendants ("Mobile Streams") and its affiliates ('Funmobile"), ("Chris") and ("John Does") John Does 1-50 as Defendants. Defendants have profited from ("Best") copyrighted works, with exceptions Defendants ("Mobile Streams"), ("Funmobile") and ("Chris") have disregarded cease and desist letters. A growing trend as many artist and musicians such as ("Best") who currently lack funding to retain counsel, and in many cases many persons or companies who infringe upon works of arts, never get punished because the artist or musicians lacked financial resources to retain counsel in matters related to copyright infringement and other legal matters.

## II. INTRODUCTION

1. This is a civil action seeking damages and injunctive relief for Copyright infringement under the United States Copyright Act pursuant to 17 U.S.C § 101 et seq and other claims and allegations as defined herein.

This case was filed because, ("Best") feels, if nothing is done defendants' will

continue to infringe upon ("Best") valued copyrighted works and devalue the

copyrighted works, for which a U.S. copyright has been obtained number: PA 1-

633-253. True and correct copies of this registration are attached hereto as Exhibit

A and are incorporated by reference herein.

### III.   NATURE OF DISPUTE

2.      Defendants be it collectively, individually or have some active part to

some of the allegations mentioned herein have engaged in a deliberate effort to

copyright infringement and committed other acts and violations as outlined herein.

Defendants ("Mobile Streams"), in the pre-sale of tens of millions of ringtones

downloads through its predecessors grossly underpaying royalties to ("Best").

This is a civil action against Defendants.

3.      "AT&T" introduced ("Best") to ("Mobile Streams") so that I

might have a broader market to my copyrighted sound recordings PA 1-633-253.

EQUITABLE RELIEF Civ. Action No. 1:12 CV564-8

4.      Defendants ("Mobile Streams") and ("Funmobile")  have  willfully

infringed on ("Best") copyright  by selling ringtones without  authorization and

consent, and Defendants ('Mobile Streams") , ("Funmobile"), ("Chris") and ("John

Does") have knowledge of the cease and desist letters which were served on or

about August 9, 2009 by Honigman Miller Schwartz and Cohn LLP, and ("Best")

thereby unlawfully profiting from the unauthorized use of ("Best") sole and most

important assets: its ringtones.

5.      Indeed, Defendant(s) have sold and have profited from the sale of

("Best") most highly regarded and expressly restricted musical sound recordings.

As a result of  Defendants ("Mobile Streams") obstructive conduct regarding

("Best") audit rights  while their agreements were in full effect, and now that any

agreements by Defendants ("Mobile Streams" ) have been cancelled. ("Best") has

a right to know the royalties derived from the sales of its ringtones by Defendants,

and also as the result of their continued infringement  after having receiving cease

and desist letters for the unauthorized sales of its valuable copyrights, ("Best") has

been harmed, under pursuant to 17 U.S.C 504(b) and (c).

EQUITABLE RELIEF Civ. Action No. 1:12 CV564-9

6.     October 4th ("Best") made another less formal request by electronic

means through email to ask  ("Mobile Streams") , ("Funmobile") and ("Chris") to

remove ("Best") content. October 5th, 2012, ("Best") received a response email

from ("Funmobile's) Karen Oei, Senior Vice President of Operations of

Funmobile Ltd., ("Paraphrase ") who indicated that ("Mobile Streams") provided

the content to her company, and my copyrighted sound recordings   PA 1-633-253.

Noting copyright would be removed immediately . Karen Oei forwarded emails to

("Mobile Streams") and Funmobile's ("Chris"). Today the ("Best")  copyrighted

sound recordings   PA 1-633-253 remains for sell through ("Funmobile")  highly

interactive websites.


## IV.   SUMMARY OF CLAIMS

7.     ("Best"), is engaged in ringtones and technology, and based on

Defendants conduct have not continued the practice of producing and copyrighting

ringtones. Furthermore the sound recordings were recently removed from the

("AT&T") network at ("Best") request. In 2008, while my copyrighted sound recordings PA 1-633-253, was featured in AT&T's "What Hot" it demonstrated popularity with steady sales, which were described by AT&T's Senior VP as good "seeing that while my copyrighted sound recordings  PA 1-633-253 is not a known celebrity." ("Best") believe if it was not for the infringement and practices of Defendant ("Mobile Streams"), ("Funmobile") and ("Chris"), ("Best") would have enjoyed tremendous success his copyrighted sound recordings PA 1-633-253. It would seem if ("Best") copyrighted sound recordings PA 1-633-253, sound recording were not popular and had very minimum sales, then why are they still featured for sales, after multiple request for them to be removed preventing the actions set forth in this Complaint? However collectively Defendants delivered ("Best") ringtones to a broad market of wireless carriers with included Canada through a interactive website with the intent to infringe and cause harm..

8.      ("Best") sound recordings that can be used as ringtones on customers' cellular phones.  "Best", has secured these rights with the United States Copyright Office.  Defendants and its affiliates have for years distributed ("Best") copyrighted sound recordings  PA 1-633-253. ("Best")  Copyrighted Sound Recording PA 1-633-253 are protected under common law trademark, which

serves to identify ("Best") in the marketplace as the source of the works which are

unlawfully made available for sale to thousands of subscribers.

## V.    JURISDICTION VENUE AND PARTIES

9.      This is a civil action seeking damages and injunctive relief for

Copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

The Court has personal jurisdiction over Defendants because each does systematic

and continuous business in Ohio, and has performed acts directed at and causing

harm in Ohio which gives rise to this Complaint. Venue is proper in this District

pursuant to 28 U.S.C. § 139(b), (c) and 28 U.S.C § 1400(a). This Court has subject

matter jurisdiction over plaintiffs' Copyright Act claims under 28 U.S.C. §§ 1331,

1332, and 2201. This Court has personal jurisdiction over Defendants under the

test established in Calder v. Jones, 465 US 783 (1984), applying Colo. Rev. Stat. §

13-1-124. Venue is proper in this District under 28 U.S.C. § 1391(b). This Court

has jurisdiction over the federal claims in this action under the Trademark Laws of

the United States, Lanham Act Sections 32, 39, 43(a), and 43 (c)(1), 15 U.S.C. §§

1114, 1121 and 1125(a)(c)(1), the Copyright Act, 17 U.S.C. § 101 et seq. and the

Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b). This Court

has supplemental jurisdiction over any common law and state statutory claims

under 28 U.S.C. § 1367.Defendants by virtue of law outlined above have contact

with the state of Ohio through it business dealings and  with ("Best") and their

activities through an interactive websites geared to Ohio residents.

    10.      Further, at all times relevant herein, ("Mobile Streams"),

(Funmobile), ("Chris") individually and ("John Does")  have targeted business

efforts into the State of Ohio as outline in Exhibits below.  Subsequently ("Best")

had a prior agreement entered into  ("Mobile Streams") whereby ("Best") is a

resident and citizens of the state of Ohio, thus further making this district the

proper venue.


    Defendants highly interactive e-commerce websites operates to sell

goods and services into the state of  Ohio, is directed at Ohio residents, and

constitutes and substantial connection with the state of Ohio. Therefore,


MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF Civ. Action No. 1:12 CV564-13

Defendants has purposely availed itself of the privilege of conducting activities in

Ohio. Furthermore, the unauthorized copying and selling of ("Best") copyrighted

sound recording arises directly out of the activities of Defendants highly

interactive e-commerce websites.

11.     ("Best') claims arise out of Defendants Ohio-related activity not

excluding email contacts; where discovery of the subscribers and wireless carriers

are necessary to further establish that ("Mobile Stream"), ("Funmobile"),("Chris")

and ("John Does") sold ("Best") sound recordings and had contact with the state

Ohio as described in (Exhibit B).

12.     Jurisdictional arguments can be made: The United Kingdom

Defendant and Hong Kong Defendant could necessarily be based on the same facts

alleged against their U.S counterparts. The Courts have personal jurisdictional

over ("Mobile Streams") through ("Funmobile"), and the Canadian Web site

which is an highly interactive website, were conversely, activity occurring entirely

outside the United States may give rise to liability under the Copyright Act if it

contributes to subsequent direct infringement occurring within the United States,

i.e., a violation of one or more of the exclusive rights set forth in 17 U.S.C. § 106.

## V.  FACTUAL ALLEGATIONS

13.  Upon information and belief, ("Best") developed the sound

recording in 2006 developing additional ringtones in 2009 which a United

copyright registration numbers:  PA 1-633-253.  The sound recording copyright

protection, pursuant to 17 U.S.C. § 101. ("Best") is a developer of sound

recordings Copyright and  registration numbers:  PA 1-633-253.  Defendant's are

exploiting those rights through various licensing arrangement with third parties

websites via the Internet.

14.  However ("Best") is noted as author to the works of the sound

recordings mentioned herein, thus allowing ("Best") to develop various

licensing arrangements with third parties namely ("Mobile Streams") These

licensing generated income, where the licensor, songwriters or publishers of the

work, should receive royalties.  ("Best") entered into agreements with ("Mobile

Streams") in that ("Best") would be collecting royalties due on his copyright

works.

15.     Upon information and belief,   ("Best") developed these ringtones with distribution worldwide through Nickels Group and ("Mobile Streams"), and have yet to enjoy the true revenue from the sales of his ringtones because of what is believe to be industry practices, and exploitation by various ringtones companies by sending ("Best")  licensed ringtones to other predecessors who were not included in the royalty reports provided to the ringtone providers or licensors, in essence the licensor namely ("Mobile Streams") would enjoy nearly100% royalty through its affiliates of unreported royalty sales to the licensor.

15.     Upon information and belief,  the Internet allows enormous opportunities for copyright infringement of artists works and musical compositions to be infringed and exploited. There are countless numbers  of websites selling ringtones and songs of copyrighted works, which compensation is never realized by the artist. I ("Best") believe the industry have a  practice  "If the artist don't, know don't tell".  Allowing some

MOTION FOR LEAVE TO FILE SECOND AMENDED
 COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
 EQUITABLE RELIEF Civ. Action No. 1:12 CV564-16

companies that license musical works to not report the sales to the artists.  Now the

only way for the artist to learn that their works are being infringed upon, is to do

Internet key searches in hopes to uncover evidence of their work being infringed

upon.  This is what ("Best") did initially in 2009 and uncovered a vast amount of

websites selling my ("Best") content which was not on the royalty reports provided

to by ("Mobile Streams").  At which point,  ("Best") then inquired to ("Mobile

Streams") of this new found evidence of my ("Best") ringtones being sold on sites

not being reported on the royalty reports they provided.  Whereby, ("Mobile

Streams") denied any claim that they provided my ("Best")  content to the sites in

question.  After then retaining counsel who conducted a veracious search and send

out Cease and Desist letters to all infringing parties it was then discovered that the

content was provided to those parties by ("Mobile Streams"). The expense for this

investigation and inquiry amounted to nearly $20,000 dollars.

16.     Upon information and belief,   ("Best") is the owner of copyrights in

and to the musical compositions at issue and have complied in all respects with the

copyright acts and with all other applicable laws in securing copyright registrations

and protecting and maintaining exclusive rights in and to these ("Best") Sound

Recordings.  Upon information and belief, ("defendants") ("Mobile Streams") and

("Funmobile") have unlawfully made thousands from ("Best") "sound recordings

available sale and downloading through its thousands of subscribers.

16.     Upon information and belief On or about June 12, 2006, ("Best")

and defendant ("Mobile Streams") entered into a one-year ringtone license with

auto renewed, with the exceptions of cancellation by notice.(the "Ringtone

License") covering the World. Pursuant to the 2006 Ringtone License, ("Best")

granted a license to ("Mobile Streams") whereby ("Best") agreed to license its

Copyright Sound Recording PA 1-633-253 for which ("Best") owned and/or

controlled the exclusive rights. In accordance with the ("Ringtone License"),

("Best") granted ("Mobile Streams") the right to transmit the Copyrighted Sound

Recording PA 1-633-253 through its network of internet providers.

The Copyrighted Sound Recording PA 1-633-253 are catalogue are available to

consumers for downloading onto wireless phones. The License agreement was not signed because ("Best") wanted additional provisions to be added. Meanwhile ("Best") acted on a verbal agreement, which included ("Best") receiving royalty reports and payments from ("Mobile Streams") In return for the grant of rights for approved of the  sound recordings, ("Mobile Streams") was to pay ("Best") an agreed upon royalty rate for each Copyrighted Sound Recording PA 1-633-253 downloaded by a consumers.

17.     Upon Information and belief, ("Mobile Streams") and/or its affiliates  ("Funmobile"). ("Chris") and ("John Does") were failing to keep accurate records of the occurring through services, and failed to account property to ("Best") for the royalties owed. When ("Best" ) attempted to exercise its contractual rights to go online to review the royalty report, access was denied. ("Best") made verbal request to examine the books and reports to ("Mobile Streams"), who refused to give ("Best") access to material information, interposed frivolous objections to many of  ("Best") request, and provided incomplete and inaccurate documentation.

18.     Upon Information and belief, moreover, throughout the term of the license agreements which existed, ("Mobile Streams"), blatantly and willfully infringed upon ("Best') numerous valuable copyrights by (i) making ("Best") ringtones available to predecessors that were not on the royalty report list. (ii) permitting worldwide downloading of "Best" ringtones.

19.     Upon Information and belief, In light of ("Mobile Streams") material breaches of the license agreements, ("Best") did send email notifications to ("Mobile Streams") to remove its content in effect cancelling any agreement which may have existed. Although the agreement that existed was unsigned, ("Best") and ("Mobile Streams") acted on the agreement by virtue of the royalty checks and royalty reports that were received by (" Best"). Even after the licensing agreement was expired or cancelled, Defendants continued through ("Funmobile"), ("Chris") and ("John Does") to receive revenue from ("Best") ringtones, thereby reaping an unlawful profit from the exploitation of ("Best") sound recordings.

## A. COUNTS and CAUSES OF ACTION

### COUNT I

### (First cause of Action Copyright Infringement
### 1976, 17 U.S.C. § 101 et Seq.)

20.     ("Best") repeat, reallege and incorporate herein by reference each

and every allegation contained in paragraph 1-19 above. Attached below,

Copyrighted Sound Recording PA 1-633-253, snap shot of the willful infringing act,

showing titles of  the Copyrighted Sound Recording PA 1-633-253  each

listed under the copyright registration provided herein, with time and date stamp

shown at bottom right corner of picture. This snap showing defendant

("Funmobile") U.S. and Canadian website.

21.     Early August 2009, ("Best") discovered through an Internet

Search of his Copyrighted Sound Recording PA 1-633-253; that various websites

were not reported on the ("Mobile Streams") royalty report.  Moreover, these

websites ("Funmobile") and others, were exploiting his work unlawfully offering

("Best") sound recording to thousands of subscribers. ("Best") on or about August

9, 2009 sought counsel to provide to those websites cease and desist letters. These

letters would stop these sites from further infringement, whereby requesting that

these websites provide evidence of sales of ("Best") sound recording.

("Mobile Steams") was then made aware that any agreements between parties

("Best") , would be cancelled. Whereby, ("Mobile Streams") agreed to such

cancellation and was advised to have all content provided to third party providers

be removed, and that a sales report outlining sales from these sites of ("Best")

sound recording, be provided. After counsel finished their copyright

infringement investigation it was made known that ("Mobile Streams") provided

these websites in question with ("Best") Copyright PA 1-633-253.

22.      It would be understood by one ordinary person that such

communications using counsel in this matter should have made ("Mobile

Streams") aware that any further sales of ("Best") sound recording by

any of its third party providers affiliates or subscribers would constitute willful

infringement. Since this notice the Defendants ("Mobile Streams") and

predecessors Defendants ("Funmobile") and ("Chris") have been enjoying a

financial profit from the sales of ("Best") sound recording, and have continue its

infringement to date, just a few months. Whereby Defendants ("Mobile

Streams"), and ("Funmobile") would continue to allow its users and or subscribers

to continue to purchase ("Best") Copyright sound recording rigntones PA 1-633-

253, free of reprisal. It is ("Best") intention to seek action and relief in his matter

so that, this may not continue to happen. Each of Defendants of copyright

infringement referenced herein were willful within the meaning of 17 U.S.C. §

101, et seq.

23.      ("Best") has been damaged and is entitled to, at their election,

either their actual damages and  defendant's profits from the infringing activities

described herein, or, in the alternative, statutory damages to 17 U.S.C §, et seq.

("Best") are further entitled to their attorney fees and cost pursuant to 17

U.S.C. § 505.

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF Civ. Action No. 1:12 CV564-23

## COUNT II

### (Second cause of Action Inducement of Copyright Infringement)
### 17 U.S.C.  § 106)

24.    ("Best") repeat, reallege and incorporate herein by reference each and

every allegation contained in paragraphs 1 through 23 above.("Mobile Streams")

and ("Funmobile") subscribers have directly infringed and  are directly infringing

("Best") copyrights on a daily basis by, for example purchasing reproductions of

sound recordings embodying ("Best") compositions in violation of ("Best")

exclusive rights under the Copyright Act, 17 U.S.C § 106, et seq. The scope of the

infringement is massive, encompassing thousands of ("Best") sound recording

(including without limitation those listed in Exhibit B, C).  Defendants are liable

for inducing the copyright infringement of ("Mobile Streams"), ("Funmobile")

users.  Through their interactive website Defendants ("Mobile Streams") and

("Funmobile") promote and market the unauthorized copying and transmission of

("Best") sound recordings, whereby actively facilitating, encouraging and enticing

("Mobile Streams") and ("Funmobile") subscribers to engage in the infringement.

Indeed, Defendants intend to bring about infringement.

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-24**

25.     Defendants further have induced and continue to induce infringement

by, for example, not removing ("Best") Copyrighted sound recordings and

maintaining a business model to profit directly from infringing use, including sales

to subscribers through their highly interactive websites. Through the conduct

described above, Defendants are liable for inducing the infringement described

herein. Each violation of each ("Best") rights in and to each copyrighted sound

recording constitutes a separate and distinct act of copyright infringement.

Defendants' infringement has caused substantial damage to ("Best").As a direct

and proximate result of Defendants' infringement, ("Best") are entitled to

statutory damages under 17 U.S.C. § 504(c) for each of ("Best") works that have

been infringed through ("Mobile Streams") and ("Funmobile"). Defendants'

infringement is and has been willful, intentional, purposeful, and in disregard of

the rights of ("Best"). The Court should therefore increase the award of statutory

damages to up to $150,000 per infringed.

26.    An exemplary list of infringed works is included in Exhibit B and C.

The identities of additional infringed works and the total number of infringed

works will be determined during discovery, and the pleadings adjusted

accordingly.  As an alternative to statutory damages (and for infringed works that

do not qualify for statutory damages if any), ("Best") at their election prior to

judgment are entitled to recover their actual damages and any additional profits of

the Defendants attributable to the infringement. 17 U.S.C. § 504(a) –(b).

("Best") are entitled to costs, including reasonable attorneys' fees, pursuant to 17

U.S.C. § 505.  Defendants' conduct has caused, and unless enjoined by this Court,

will  continue to cause ("Best") great and irreparable injury that cannot be fully

compensated or measured in money. ("Best")  have no adequate remedy to law.

Pursuant to 17 U.S.C § 502,  ("Best") is entitled to a permanent injunction

prohibiting further infringement of ("Best") copyrights.  At all times relevant to

this action, Defendants ("Mobile Streams"), ("Funmobile") , ("Chris") and ("John

Does") (i) have had the right and ability to control and/supervise the infringing

conduct of ("Fumobile") subscribers, and (ii) have had a direct financial interest in,

and derived substantial financial benefit from, the infringement of ("Best")

copyrighted sound recordings via ("Mobile Streams") and ("Funmobile")

interactive websites.

## COUNT III

### (Second Cause of Action Contributory Copyright Infringement
### 17 U.S.C § 106)

27.     ("Best") repeat, reallege and incorporate herein by reference each

and every allegation contained in paragraph 1 through 26 above. ("Mobile

Streams"), ("Funmobile") and ("Chris") subscribers purchasing and download

("Best") sound recording have directly infringed and are directly infringing

("Best") copyrights on a daily basis by, for example purchasing copying sound

recordings embodying  ("Best") copyrighted works in violation of ("Best")

exclusive rights under the Copyright Act, 17 U.S.C. §§106, 501. The scope of the

infringement is massive, encompassing thousands of ("Best") sound recordings

(including without limitation those listed in Exhibit A).

28.     Defendants are liable as contributory infringers for the copyright infringement committed via Defendants highly interactive website as outline in Exhibits B, C, D below. Defendants have knowledge of the massive infringement that has occurred and continues to occur through ("Funmobile") highly interactive website, and Defendants have caused, enabled, facilitated, and materially contributed to that infringement.  Defendants' knowledge of infringement is both actual and constructive.  Defendants ("Mobile Streams"), ("Funmobile"), ("Chris") have been served with Cease and Desist letter, and recent emails to remove ("Best") sound recording. Defendants also have knowledge of these proceeding through Process of Service and have not removed ("Best") sound recording, which continues to be offered for sale to its thousands of subscribers.

29.     Defendants failure to act upon written notice and emails of infringement; Defendants have caused Defendants have caused, enabled, facilitated and materially contribute to the infringement complained herein. Defendants have, in addition to the actions above, provided the tools, support and instructions for the

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-28**

infringement via Defendants ("Funmobile") interactive website, and has refused to

exercise their ability to stop the infringement on ("Best") sound recordings.

Through the conduct described above, Defendants are contributory liable for the

infringement described herein. Each violation of each ("Best") rights in and each

copyright composition constitutes a separate and distinct act of copyright

infringement. Each violation of each ("Best") rights in and to each copyright

sound recording composition constitutes a separate and distinct act of copyright

infringement. Defendants' infringement has cause substantial damage to ("Best").

As a direct and proximate result of Defendants' infringement, ("Best") are entitled

to statutory damages under 17 U.S.C 504(c) for each of ("Best") works that have

infringed through Defendants' ("Mobile Streams"), ("Funmobile"), ("Chris") and

("John Does"). Defendants' infringement is and has been willful, intentional,

purposeful, and in disregard of the rights of ("Best"). The Court should therefore

increase the award of statutory damages to up to $150,000 per infringed.  An

exemplary list of infringed works is included in Exhibit B and C.  The identities of

additional infringed works and the total number of infringed works will be

determined during discovery, and the pleadings adjusted accordingly.  As an

alternative to statutory damages (and for infringed works that do not qualify for

statutory damages if any), ("Best") at their election prior to judgment are entitled

to recover their actual damages and any additional profits of the Defendants

attributable to the infringement. 17 U.S.C. § 504(a) –(b).  ("Best") are entitled to

costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

Defendants' conduct has caused, and unless enjoined by this Court, will  continue

to cause ("Best") great and irreparable injury that cannot be fully compensated or

measured in money. ("Best")  have no adequate remedy to law. Pursuant to 17

U.S.C § 502,  ("Best") is entitled to a permanent injunction prohibiting further

infringement of ("Best") copyrights.

## COUNT IV

## (Third Cause of Action Vicarious Copyright Infringement
## 17 U.S.C § 106)

30.   ("Best") repeat, reallege and incorporate herein by reference each and

every allegation contained in paragraph 1 through 29 above.  ("Mobile Streams"),

("Funmobile") and ("Chris") subscribers purchasing and download ("Best") sound

recording have directly infringed and are directly infringing ("Best") copyrights on

a daily basis by, for example purchasing copying sound recordings embodying

("Best") copyrighted works in violation of ("Best") exclusive rights under the

Copyright Act, 17 U.S.C. §§106, 501. The scope of the infringement is massive,

encompassing thousands of ("Best") sound recordings (including without

limitation those listed in Exhibit A).  Defendants are liable as vicarious infringers

for the copyright infringement committed via Defendants highly interactive

website as outline in Exhibits B, C below.

31.    At all times relevant to this action, Defendants (i) have had the right and

ability to control and/supervise the infringing conduct of ("Fumobile") subscribers,

and (ii) have had a direct financial interest in, and derived substantial financial

benefit from, the infringement of ("Best") copyrighted sound recordings via

("Mobile Streams") and ("Funmobile") interactive websites.  Defendants' ability to

supervise and control the infringing activities of ("Mobile Streams") and

("Funmobile") subscribers through their websites is further evidenced by the facts

alleged in herein.  Defendants' ("Mobile Streams"), ("Fumobile") and

("Chris") have derived direct and substantial benefit from infringement, including

offering for sale on their website, the value of which is based essentially on

subscribers could purchase and download ("Best") sound recording.  The financial

benefit derived by Defendants' is further evidenced by the facts alleged in

herein. Through the conduct described above, Defendants are

vicariously liable for the infringement described herein.  Each violation of each of

("Best") rights in and to each copyright sound recordings composition constitutes a

separate and distinct act of copyright infringement. Defendants' infringement has

caused substantial damage to ("Best"). As a direct and proximate results of

Defendants' infringement, ("Best") are entitled to statutory damages under 17

U.S.C. 504(c) for each of ("Best") works that have been infringed through ("Best")

copyright sound recording. Defendants' infringement is and has been willful,

intentional, purposeful, and in disregard of the rights of ("Best"). The Court should

therefore increase the award of statutory damages to up to $150,000 per infringed.

An exemplary list of infringed works is included in Exhibit B and C. The identities

of additional infringed works and the total number of infringed works will be

determined during discovery, and the pleadings adjusted accordingly. As an

alternative to statutory damages (and for infringed works that do not qualify for

statutory damages if any), ("Best") at their election prior to judgment are entitled to

recover their actual damages and any additional profits of the Defendants

attributable to the infringement. 17 U.S.C. § 504(a) –(b). ("Best") are entitled to

costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-33**

Defendants' conduct has caused, and unless enjoined by this Court, will continue to cause ("Best") great and irreparable injury that cannot be fully compensated or measured in money. ("Best") have no adequate remedy to law. Pursuant to 17 U.S.C § 502, ("Best") is entitled to a permanent injunction prohibiting further infringement of ("Best") copyrights.

## COUNT V

### (Fourth Cause of Action Common Law Copyright Infringement)

31. ("Best") repeat, reallege and incorporate herein by reference each and every allegation contained in paragraph 1 through 30 above Copyrighted Sound Recording PA 1-633-253, which is copyright protected is subject to common law copyright protection under Ohio. As the owner of valid common law copyrights in for the Copyrighted Sound Recording PA 1-633-253, ("Best") possesses the exclusive rights to sell, copy, distribute and perform these sound recordings. The

infringement of ("Best") rights by Defendants ("Mobile Streams"), ("Funmoble")

in each of its sound recording constitutes a separate and distinct act of

infringement.   As a direct and proximate result of defendants violation of ("Best")

rights in and to the Sound Recordings, ("Best") has suffered damages in

an amount to be proven at trial. ("Best") is entitled to recover all proceeds and

other compensation received or to received by defendants arising from its

infringement of ("Best") sound recording, and is entitled to an accounting to

ascertain the amount of such profits and compensation. Defendant acts of

infringement are willful, intentional and purposeful, in disregard of  ("Best")

rights, and ("Best") is entitled to punitive and statutory damages in addition to

actual damages.  ("Best") is further entitled to their attorney fees and cost

pursuant to 17 U.S.C§ 505.  ("Mobile Streams"), ("Funmobile") and ("Chris")

subscribers purchasing and download ("Best") sound recording have directly

infringed and are directly infringing ("Best") copyrights on a daily basis by, for

example purchasing copying sound recordings embodying ("Best") copyrighted

works in violation of ("Best") exclusive rights under the Copyright Act, 17 U.S.C.

§§106, 501. The scope of the infringement is massive, encompassing thousands of

("Best") sound recordings (including without limitation those listed in Exhibit A).

## COUNT VI

### (Fifth Cause of Action Breach of Contract
### Ohio Revised Code Section 2305.06)

32.    ("Best") restates and incorporates each of the preceding paragraphs

as if fully set forth herein. ("Best") satisfied all of its obligations under the

Agreement requesting that the agreement between the parties be cancelled in

lieu of the infringement act by the parties.  The use by ("Mobile Streams") and its

predecessors ("Funmobile") beyond the scope of use described in the ("Mobile

Streams") agreement was unauthorized and constituted a material breach of the

agreement whereby. ("Best") has sustained damages as a result of the copyright

breach of contract by ("Mobile Streams") and their predecessors ("Funmobile.")

33.     WHEREFORE, ("Best") prays for findings of breach of contract

and judgment in its favor and against defendant ("Mobile Streams") and its

affiliates ("Funmobile") failing to keep accurate records of the downloading

occurring through their services and failed to account property to ("Best") for the

royalties owned. When ("Best") then attempted to exercise its contractual rights to

examine ("Mobile Streams") books and records ("Mobile Streams") refused to

give ("Best") access to material information, interposed frivolous objections to

many of ("Best") request, and provided incomplete and inaccurate documentation.

34.     ("Best") performed its duties to the agreement prior to these

allegations.

35.     ("Best") has been injured by Defendants' ("Mobile Streams")

breaches in an amount to be proven at trial.

# COUNT VII

## (Six Cause of Action Federal Unfair Competion
## Under Lanham Act, 15.U.S.C. §125(a))

36.        15 U.S.C  §1125 (a) ("Best") incorporates each and every

allegation of paragraph 1-57 of this complaint as through fully set forth

herein. Defendants' ("Mobile Streams") and its affiliates ("Funmobile") use of

Blake Best Copyrighted Sound Recording PA 1-633-253, in connection unlawfully

and infringing sales of thousands of downloads. Defendants ("Mobile Streams")

and ("Funmobile") have infringed upon the sound recordings of ("Best") after

being aware of any agreements upon the parties, which have been cancelled, and

cease and desist letters were made a party to this action, with the knowledge of

infringement being made known to ("Best") , who then refrained from further

development of the brand name Sound Recordings. These infringement acts

damaged the good will of the name herewith.  These actions allowed defendants

("Mobile Streams"), ("Funmobile") to gain an unfair competitive advantage over ("Best") continued development of any additional sound recordings.

37.     The acts of defendants ("Mobile Streams"), ("Funmobile") and ("Chris") alleged above were committed willfully, with knowledge of ("Best") rights and with the intention to deceive and mislead plaintiff and the public. The acts of defendants ("Mobile Streams"), ("Funmobile") and ("Chris") alleged above were committed willfully, with full knowledge of ("Best") rights with the intention of causing harm to ("Best").  The acts of defendants ("Mobile Streams"), ("Funmobile") and ("Chris") alleged above were committed willfully, with full knowledge of ("Best") rights with the intention of misappropriating and wrongfully receiving revenue for the works of the Sound Recordings of ("Best") which effected the valuable goodwill and reputation of ("Best") **Copyrighted Sound Recording PA 1-633-253.**  ("Best") have suffered economic damage and irreparable harm as a result of unfair competition in its practice and deceptive use of the **Copyrighted Sound Recording PA 1-633-253.**

38.     ("Best") is entitled to, at their election, either their actual damages and in the alternative, statutory and punitive damages.

39.     ("Best") is further entitled to their attorney fees and cost pursuant to 17 U.S.C. § 504.

## COUNT VIII

### (Seventh Cause of Action
### Unfair Competition Under Ohio Law)

40.     ("Best") incorporates each and every allegation of Paragraphs 1-61 of this Complaint as though fully set forth herein. Defendant's ("Mobile Streams"), ("Funmobile") use of the Copyrighted Sound Recording PA 1-633-253, after having had full knowledge of Cease and Desist Letters, was unlawfully and a willful act. The conduct of defendants, as alleged herein, constitutes unfair competition under the common law of Ohio.

41.     Defendants' ("Mobile Streams"), ("Funmobile") and ("Chris") conduct has been deliberate and willful and has been committed with the intent to

evade paying royalties to ("Best") who has suffered economic damage and

irreparable harm as a result of defendants unfair practices associated herein.

("Best") are entitled to, at their election, either their actual damages or, in the

alternative, punitive and statutory damages. ("Best") are further entitled to their

attorney fees and cost pursuant to 17 U.S.C. § 504.


### COUNT IX

**(Eight Cause of Action**
**Deceptive and Unfair Trade Practices Under Ohio Law**
**Ohio Rev. Code, § 4165.02)**


42.     ("Best") incorporates each and every allegation of Paragraphs 1-63

of this Complaint as though fully set forth herein. Upon information and belief,

throughout our dealings ("Mobile Streams") knowingly and intentionally provided

royalty statements to ("Best"), in which the reported number of downloads  of

("Best") were significantly less than the true number of downloads.

43.     Upon information and belief, ("Mobile Streams") knowingly and intentionally provided royalty statements to ("Best") that failed to account for downloads occurring Worldwide;

44.     ("Mobile Streams") therefore falsely reported to ("Best") the number of downloaded Copyrighted Sound Recording PA 1-633-253, within the licensed territories and worldwide, as well as the amount of royalties paid to ("Best");

45.     Upon information and belief, ("Mobile Streams") knowingly and intentionally provided a false royalty report of the Copyrighted Sound Recording PA 1-633-253; however it was later discovered through infringement investigation t that ("Mobile Streams") also provided the Copyrighted Sound Recording PA 1-633-253 to providers not listed on the royalty report. Results infringement investigation. Based upon the infringement investigation of third party websites

unlawfully selling plaintiffs copyrighted ringtones, defendant ("Mobile Streams")

was receiving royalties due plaintiff. In fact defendant ("Mobile Streams") failed to

report for 5 third party websites and one such third party website, indicated in

paraphrase ("Mobile Streams") provided us with your content." Whereby evidence

will show that ("Mobile Streams") earlier indication that this third party's website

was not their authorized content distributor.

    46.      A result of this deceptive and unfair trade practices under Ohio law,

("Best") has been damaged in an amount to be determined at trial, plus punitive

damages and interest. ("Best") is further entitled to their attorney fees

and cost pursuant to 17 U.S.C. § 504.


## COUNT X
### (Ninth Cause of Action
### Unjust Enrichment)


    47.      ("Best") repeat, reallege and incorporates herein by reference each and

every allegation contained in Paragraphs 1-63 above. Defendant ("Mobile

Streams"), ("Funmobile") and ("Chris") was unjustly enriched at ("Best') expense

under circumstances such that equity and good conscience require Defendants to

make restitution to ("Best"). ("Best") became creditors of Defendants when

Defendants committed torts against ("Best").

## A. Prayer for Relief

WHEREFORE, ("Best") respectfully pray for judgment against the Defendants' as

follows:

(a) for injunctive relief requiring that Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licenses, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease infringing, whether directly or indirectly, and cease causing, enabling, facilitating,  encouraging, promoting, inducing, contributing to, and participating in the infringement of any of ("Best") respective copyrights or exclusive rights protected by Copyright Act whether now in existence or hereinafter created;

(b) as to the First, Second, Third, Causes of Action, for maximum statutory damages pursuant to 17 U.S.C. § 504(c) , specifically, $150,000 per work with respect to each and every other timely registered sound recording owned by ("Best") that was infringed, if any;

(c) as to the First, Second, Third Causes of Action, as an alternative to statutory damages at ("Best") election prior to final judgment, for an accounting of Defendants' profits attributable to the infringement to be provided by Defendants pursuant to 17 U.S.C. § 504(b), and for payment of  such and ("Best") actual damages suffered from infringement;

(d)   as to the Fourth, Fifth, Sixth, Seven, Eight, Ninth and Tenth Causes of
      Action, restitution and construction trust;

(e)   for prejudgment  and post judgment interest;

(f)    for ("Best") cost and disbursements in this action, including reasonable
      attorneys' fees; and

(g)   such further and other relief as may be just and proper.

## B. Jury Demand

("Best") respectfully requests a trial by jury on all issues triable thereby.

Date this 30th day of November, 2012.

Respectfully and humbly submitted,

_____      _____

Signature                                         Date

Blake Best **Pro Se**
5392 Northbend Road
Cincinnati, Ohio 45247
513-768-2282
blake@bcs24hrs.com

# EXHIBIT A.
## (Copyright Registration PA 1-633-253)

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-46**

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*MaryBeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**PA 1-633-253**

**Effective date of
registration:**

June 17, 2009

## Title

**Title of Work:** Slangtones

**Contents Titles:** 1. Pick up It's The little

2. What's Crackalackin

3. Its yo baby ma

4. Hey Shorty It's yo girl calling

5. Thats that broad Ga Guy

6. Pickup The Phone Daddy Oh Girl

7. Pick up Gangster Oh Girl

8. No Restricted Calls Ga Guy

9. I Got The llingerie

10. PickUp Ganster Oh Girl

11. Im Feeling You Oh Girl

12. Pick That Thang Up Ga Guy

13. Spanish Guy 1

14. Pickup The Phone Playa

15. Spanish Guy 2

16. The Battle

17. You Dirty Pick Up the Phone Ohio Girl

18. Mommy Pick Up

19. This Yo Boy Oh Guy

20. Lady You Home

21. Hear You Getting That Money Oh Girl

22. Im In Love With A Stripper

23. DaDa Baby Boy

24. What Crackalackin

Page 1 of 3

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF Civ. Action No. 1:12 CV564-47

25. This Yo Boy
26. You Been Served Oh Guy
27. You Sleeping To Hard
28. You On That One Way Oh Guy
29. Im In Love With A Stripper
30. Whatup Dude MI Guy
31. You Been Served Pick it up MI Girl
32. Thats that broad Ga Guy
33. Shorty Pickup MI Guy
34. Smoking On Piff
35. Baby Slang
36. You Have An Important Call
37. Pick This Piece Up
38. My Street Life
39. 911
40. Big Mama House

## Completion/ Publication

**Year of Completion:** 2003

**Date of 1st Publication:** June 20, 2006   **Nation of 1st Publication:** United States

## Author

■   **Author:** Blake Best

**Author Created:** sound recording

**Citizen of:** United States   **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Slangtones

6063 Town Vista Drive, Cincinnati, OH, 45247, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Organization Name:** BCS Worldwide/Slangtones

**Name:** Blake Best

**Email:** blake@bcs24hrs.com   **Telephone:** 5133-489-6400

**Address:** 5392 Northbend Road

Cincinnati, OH 45246 United States

## Certification

**Name:** Blake Best

**Date:** January 13, 2009

Page 2 of 3

# EXHIBIT B.
## ("Funmobile's U.S. website)



Funmobile - Ringtones - S

www.funmobile.com/catalog/ringtone/singer/Slangtones

Cell Phone Number | Password | Lost your password? | United States

funmobile FUN FOR LIFE | Cell Phone Selector | Select your cell phone

Logos & Wallpapers | Games | Text | Keyword | All Products | SEARCH

Home › Ringtones › Singers › S

**Select by Artist**

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

**Select by Artist - S**

| | | | |
|---|---|---|---|
| S Club 7 | S Club 8 | S Club Juniors | S. Jibeng |
| S.H.E | S.I.L.S. | S.Miralda | S.P.B.Charan |
| S.Rob | s74 | Saajan | Saana Liikanen |
| Saathiya | Saava Karim | Saba | Sabaton |
| Sabrina | Sacario | Sad Angry Babies | Sade |
| Saffe | Safia Jalila | Safri Duo | Safura |
| Sahara Hotnights | Said Mosker | Saidatul Erma | Saiful |
| Saigon | Saija Tuupanen | Saindhavi | Saint |
| Saints & Sinners | Saja | Sakerti | Sakha |
| Sakis Rouvas | Saksit Vejsupaporn | Sakthisree, Rahul Nambiar | Sal |
| Saleem | Salem Al Fakir | Salem/Izad/Zamani/David | Salima |
| Saliva | Sallitut Aineet | Sally Anthony | Sally Yeh |
| Salma Agha | Saloma | Salsa Kids | Salt N' Peppa |
| Salvador | Salvaje | Salvatore Adamo | Sam |
| Sam & Mark | Sam Adams | Sam Hui | Sam Lombardi |
| Sam Obernik | Sam P.Keerthan | Sam Roberts | Sam Sparro |
| Samanda | Samantha Fox | Samantha James | Samantha Mumba |

It's time for certainty, it's time for jobs. VOTE

12:43 AM 11/6/2012

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-50**



Funmobile - Ringtones - S

www.funmobile.com/catalog/ringtone/singer/Slangtones

Tablets and Tablet P... New Tab Download Official D... LII Rule 5. Serving and ... Download Official D... Free Ohio Legal For... Branches, Branches, ...

Norton Identity Safe Login to Identity Safe? Login Don't Login Never

Go Games TV

| | | | |
|---|---|---|---|
| Skin | Skinnyman | Sky Balla | Skykick Ranger |
| Skylar Grey | Slade | Slaine | Slam |
| Slangtones | Slank | Slayer | Sleater-Kinney |
| Sleepy Brown | Sleepy D | Sleepy Jackson | Sleeq |
| Sleigh Bells | Slick Pulla | Silent Scream | Slim Dusty |
| Slim Thug | Slimm Chance | Slinkee Minx | Slipknot |
| Slipmatt | Slum Village | SM Salim | Small |
| Small Faces | Small S | Small Sins | Smartz |
| Smash Mouth | Smashing Pumpkins | Smashmouth | Smiley |
| Smita | Smith Westerns | Smiths | Smitty |
| Smokey Robinson | Smokey Robinson & the Miracles | Smokie Norful | Smoot |
| Smujji | Snap | Sneaker Pimps | Sneaky Sound System |
| Sneha Khanwalkar | Snipe Drive | Sniper | Snooker |
| Snoop Dogg | Snot | Snow | Snow Patrol |
| So Solid Crew | Soca Warriors | Soda Club | Soda Stereo |
| Sofaz | Sofea Jane | Sofia Essaidi | Soft Cell |
| Soil | Sokoledas | Solange | Solar Sai |
| Soler | Soliaris, Greta ir Sel | Solid State Revival | Solly Moholo |
| Solo Thee | Solu Music | Sommar Varie Da | Son by Four |
| Son of Dork | Sonata Artica | Sondra Corbett | Sondre Lerche |
| Songbirds | Sonic The Hedgehog | Sonic Youth | Sonidero Nacional |
| Sonique | Sonja Alden | Sonny | Sonny and Cher |
| Sonny J | Sonny O'Brien | Sonohra | Sonora Santanera |
| Sonoro | Sons of Adam | Sonu Nigam | Soopafly |
| Sophie Ellis Bextor | Soprano | Soraya | Soul Asylum |
| Soul Avengerz | Soul Central | Soul II Soul | Soul.ID |
| Soularis | Soulja Boy Tell'em | Soulshaker | Soulwax |
| Soundalike of Babylotion | Soundbwoy Ent | Soup De Loop | Source |
| South Park | Southside Spinners | SP | Space |

12:46 AM 11/6/2012

# EXHIBIT C.
# ("Funmobile" Canadian website)

MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF **Civ. Action No. 1:12 CV564-52**



# EXHIBIT D
## ("Mobile Streams Carriers"
## placing them in the State of Ohio)



MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT FOR PERMANENT INJUNCTION AND OTHER
EQUITABLE RELIEF Civ. Action No. 1:12 CV564-55