UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

------------------------------------------------)

BLAKE BEST individually,

Plaintiffs,

-against-

AT&T, INC., a Delaware Corporation,

AT&T MOBILITY, LLC, a Delaware

Limited Liability Company,

Defendants.

Civ. Action No: 1:12-CV564

Honorable Judge: Michael

Ryan Barrett

Honorable Magistrate Judge

Karen L. Litkovitz

JURY DEMANDED

REVISED THIRD AMENDED

COMPLAINT FOR

FOR PERMANENT INJUNCTION

AND OTHER EQITABLE RELIEF

## REVISED THIRD AMENDED COMPLAINT

Pro Se/Plaintiff herein after Plaintiff (as defined below) submit this revised third amended complaint pursuant to the Court's January 13, 2014 Order (Doc. No. 136).

1.     This is a civil action seeking damages and injunctive relief for Copyright Infringement under the United States Copyright Act pursuant to 17 U.S.C § 101 et seq. and other claims and allegations as defined herein.

2.     Plaintiff is informed and upon such information alleges according to definition and terminology: Funmobile/Mobilefunster, Christian Kwok Leun Yau Heilesen herein after "aggregators" Plaintiff alleges as follows:

## I. INTRODUCTION

3.     Plaintiff created and sold ringtone content, designed to be transmitted over wireless carrier's network to and from mobile devices. Plaintiff was seeking to become the first African American Aggregator to transmit ringtones through major wireless carriers through the assistance of ("AT&T") and Civil Rights Activist Joseph Beasley. Plaintiff is author of the United States copyright sound recordings PA 1-633-253, prima facie evidence (Exhibit A).

4.     Plaintiff commenced this action on July 25, 2012 to seek damages for unlawful copyright infringement and other actions. Upon review of the informal discovery and evidence. Plaintiff has added ("AT&T"), who are revealed as John Does 1 and 2 of the Second Amended Complaint (Doc. 94). Plaintiff was introduced to Mobile Streams by ("AT&T"). Mobile Streams a direct aggregator of ("AT&T"), who submitted Plaintiffs' ringtones to

Funmobile/Mobilefunster and other wireless carriers. Plaintiff also submitted his sound recordings to ("AT&T").

5.        Plaintiff is informed and upon such information alleges according to the fact, Plaintiff was unaware that Funmobile/Mobilefunster also a ("AT&T") "aggregators" were selling Plaintiffs copyrighted sound recording through the ("AT&T") network.

6.        Plaintiff is informed and upon such information alleges according to the fact, Plaintiff has uncovered information suggesting that ("AT&T") retained a direct profits from the infringing acts while declining to exercise a right to stop or limit it. Furthermore, ("AT&T") had the capacity to supervise the infringing activity. Plaintiff corresponded to ("AT&T") that Plaintiffs' ringtones were being infringed by its third party "aggregators." Whereas, Plaintiff suggested ways ("AT&T") could implement an effective system at minimum cost to prevent third party "aggregators" from infringing content through their network.

7.        Plaintiff is informed and upon such information alleges according to the fact an, example of the likely network: Customer A visits a operated by mobile content provider that sells ringtones for $1 to $3 each. Customer A enters his or her wireless telephone into a field on the website, and the desired ringtone is sent through a network to his or her wireless device. Mobile content provider then sends Customer A's telephone number and the responding charge information to a billing aggregator (a middleman of sorts who has relationships with major wireless carriers such as (AT&T, Sprint and T-Mobile). The aggregator, in turn, instructs Customer A's wireless carrier to place the charge on Customer A's cell phone.

8.        Plaintiff, is engaged in ringtones and technology, and based on

1  Defendants conduct have not continued the practice of producing or promoting

2  any ringtones. Furthermore Plaintiff sound recordings were removed from the

3  AT&T network at Plaintiffs request on or about Wednesday, October 24, 2012.

4

5      9.      Plaintiff is informed and upon such information alleges according

6  to the fact, and now evidence reveal ("AT&T") share in the liability, while one

7  aggregator  was authorized to sell Plaintiffs ringtones through their network

8  to ("AT&T") subscribers, another aggregator Mobile Streams through

9  Funmobile/Mobilefunster were selling Plaintiffs' ringtones were  ("AT&T")

10  received a direct profit. Upon recently discovering ("AT&T's") "aggregators"

11  were infringing Plaintiff's  ringtones through their network from profits, it

12  became apparent why ("AT&T") had a different set of Plaintiffs'

13  authorized ringtones on its network then the "aggregators"  had

14  on their own site which was unauthorized. It also became clear to Plaintiff why

15  ("AT&T") provided Plaintiff with a short code and placed its  ringtones where

16  it was hard for subscribers to find, because their "aggregators"  were

17  unlawfully selling Plaintiff's ringtones allowing ("AT&T") to gain a profit.

18      10.      Plaintiff is informed and upon such information alleges according  to

19  the fact,  Plaintiffs' initial catalogue of ringtones showed strong sales in AT&T's

20  "What's Hot" then they were removed and a second  set of Plaintiff's catalogue

21  were uploaded to the AT&T site which were hard to locate by their subscribers.

22  Plaintiff believes, this was a tactic to allow the "aggregators" to sell

23  Plaintiffs ringtones through AT&T's network, where there would be no confusion

24  of sales from  Plaintiff's  ringtones by their  "aggregators".  In 2008, while

25  Plaintiffs' authorized copyrighted sound recordings, were featured in AT&T's

26  "What's Hot", it demonstrated popularity with steady sales, which were

27  described by AT&T's Senior VP as good "seeing that yours ringtones are not from

28

1  a known celebrity."

2

3    11.    Plaintiff is informed and upon such information alleges according

4  to the fact, Plaintiff's ringtones sound recording were popular after having

5  survived, AT&T's test market, were Plaintiff was notified through email by

6  ("AT&T's") Attorney Timothy Johnson, that Plaintiff's ringtones may be

7  removed, if the outcome of the study is not successful. Upon email notification

8  Attorney Johnson notified Plaintiff that the marketing department will allow

9  Plaintiff's ringtones to remain. Further evidence proves ("AT&T") subscribers,

10  customers and/or users purchases showed of steady sales during this period.

11    12.    Plaintiff is informed and upon such information alleges

12  according to the fact, due to the infringement and practices of Defendants

13  and their "aggregators" , Plaintiff would have enjoyed tremendous success

14  with his copyrighted sound recordings. It would seem if Plaintiff's

15  copyrighted sound recordings, were not popular and had very minimum

16  sales, then why would the ("AT&T") "aggregators" continue to

17  feature Plaintiff's ringtones for sales, after multiple request in 2009 followed

18  with a cease and desist letters and repeated request in 2012 for them to

19  be removed preventing the actions set forth in this complaint?

20  ("AT&T") "aggregators" also delivered Plaintiffs ringtones to Canada

21  wireless carriers through interactive websites and through the network of

22  AT&T. Plaintiff have sustained, and continue to sustain, substantial

23  financial losses.

24

25    13.    Plaintiff is informed and upon such information

26  alleges according to the fact, Plaintiffs' Copyrighted sound recordings that can

27  be used as ringtones on customer's mobile phones, has secured these rights with

28  the United States Copyright Office. ("AT&T") "aggregators" have for years

distributed Plaintiff's copyrighted sound recordings. Plaintiff Copyrighted sound recordings are also protected under United States Common Trademark law, which Plaintiff's "Mark" is Slangtones which serves to indentify Plaintiff in the marketplace is the source of the works which are unlawfully made available for sale to millions of subscribers.

## II. NATURE OF DISPUTE

14.     Plaintiff is informed and upon such information alleges according to the fact, ("AT&T") have profited from Plaintiffs' copyrighted works, disregarding knowledge that their "aggregators" were infringing on Plaintiff copyright and that ("AT&T") share in the liability, had knowledge or participated in the acts as reflecting matters since the filing of the original complaint. A growing trend as many artist and musicians such as Plaintiff who currently lack funding to retain counsel, and in many cases, many persons or companies who infringe upon works of arts, never get punished because the artist or musicians lacked financial resources to retain counsel in matters related to copyright infringement and other legal matters.

15.     Plaintiff is informed and upon such information alleges according to the fact, ("AT&T") be it collectively, or individually have some active part to the allegations mentioned herein have engaged in a deliberate effort to copyright infringe and committed other acts and violations as outlined herein. Defendants "aggregators", in the pre-sale of tens of millions of ringtones downloads through its affiliates grossly underpaying royalties to Plaintiff. This is a civil action against Defendants.

16.     Plaintiff is informed and upon such information alleges

according to the fact, ("AT&T") introduced Plaintiff to Mobile Streams so he might have a broader market to his copyrighted sound recordings. Now ("AT&T") share part in the liability of the dispute, because they were made aware their "aggregators" were profiting from Plaintiffs' ringtones, including its sells through Bell Mobility HSPA network known as Bell Canada, and they did nothing to stop the infringement upon which they received some financial benefit.

17.      Plaintiff is informed and upon such information alleges according to the fact , Defendants ("AT&T") have willfully infringed on Plaintiff copyright when they had knowledge of the infringing acts by assisting it's "aggregators" in selling Plaintiffs' ringtones without authorization and consent, and their "aggregators", had knowledge of the cease and desist letters which were served on or about August 9, 2009 by Honigman Miller Schwartz and Cohn LLP, and Defendants thereby unlawfully profited from the unauthorized use of Plaintiffs sole and most important assets its ringtones.

18.      Plaintiff is informed and upon such information alleges according to the fact,  indeed, Defendants(s) have  profited from the sale of Plaintiffs' most highly regarded and expressly restricted musical sound recordings. As a result Defendant  aggregator Mobile Streams obstructive conduct regarding Plaintiffs' audit rights while their agreement were in full effect, and now that any agreement by ("AT&T")  aggregator Mobile Streams have been cancelled. Plaintiff has a right to know the royalties derived from the sale of its ringtones by Defendants, and also as the result of their actions not to stop their "aggregators" from infringing after knowing there "aggregators"  received cease and desist letters for the authorized sales of its valuable  copyrights, Plaintiff has been harmed,

1  pursuant to 17 U.S.C § 504(b) and (c).

2

3  19.  Plaintiff is informed and upon such information

4  alleges according to the fact , October 4th, 2012 Plaintiff made another less

5  formal request by electronic  means through email to ask ("AT&T")

6  "aggregators" to remove Plaintiff's content. October 5th, 2012, Plaintiff received

7  a response email from Fumobile's Karen Oei, Senior Vice President of

8  Operations of Funmobile Ltd, ("Paraphrase") who indicated that

9  Mobile Streams provided the content to her company. She noted the content

10  would be removed immediately. Karen Oei forwarded emails to

11  Mobile Streams and Funmobile's Christian Kwok-Leun Yau Heilesen.

12  Here Funmobile's Karen Oei, has clearly established "access" to

13  Plaintiff's copyrighted sound recordings which were at all times

14  substantially similarity and were copied and sold to subscribers, customers

15  and/or users through Fumobile's/Mobilefunster's highly interactive websites

16  to  sell Plaintiff's sound recording to millions of  AT&T mobile devices.

17  ## III.  PARTIES

18

19  20.  Plaintiff/Pro Se Blake Best hereinafter ("Plaintiff")  bring

20  this  action  against: AT&T, Inc., a Delaware Corporation and AT&T

21  Mobility, LLC, a Limited Liability Company is a wholly-owned subsidiary of

22  AT&T, Inc. collectively hereinafter ("AT&T").

23

24  A.  Plaintiff  is  a  resident  Of Ohio whom  address is

25  5392 Northbend  Road Cincinnati, Ohio 45247;

26

27  C. .  Plaintiff is informed and upon such information

28  alleges according  to the fact, that  Defendant s AT&T, Inc. who is a

---

**REVISED THIRD AMENDED COMPLAINT FOR**
**PERMANENT INJUNCTION AND OTHER EQUITABLE**
**RELIEF**

Case: 1:12-CV564     Page 8

Delaware corporation hereinafter ("AT&T") with its principle place of business at 208 Akard Street, Dallas Texas 75202 and regularly does business throughout this judicial district. AT&T's registered agent for service of process in Delaware The Corporation Trust Company 1209 Orange Street Wilmington, New Castle DE 19801.

D.       Plaintiff is informed and upon such information alleges according to the fact. Defendant AT&T Mobility LLC, formerly named Cingular Wireless, LLC, is a Delaware Limited Liability company with its principal place of business at 1025 Lenox Park Blvd, NE, Atlanta Georgia 30319 and does business throughout this judicial district. AT&T's registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington New Castle DE 19801. AT&T Mobility, LLC is a wholly-owned subsidiary of AT&T, Inc. hereinafter ("AT&T").

## IV. SUMMARY OF CLAIMS

21.       Plaintiff is informed and upon such information alleges according to the fact, ("AT&T") are liable for the infringement acts through Copyright Infringement 1976, 17 U.S.C. §§101,106, 501, Inducement of Copyright Infringement 17 U.S.C. §106, Contributory Copyright Infringement 17 U.S.C. §106, Vicarious Copyright Infringement 17 U.S.C. §106), Common Law Copyright Infringement, Federal Unfair Competition Under Lanham Act 15.U.S.C§ 125, Unfair Competition Under Ohio Law § 4165.02, Unfair Trade Practices Under Ohio Law Ohio Rev. Code § 4165.02, Unjust Enrichment.

# V. JURISDICTION VENUE AND PARTIES

22.     Plaintiff is informed and upon such information
alleges according to the fact , This is a civil action seeking damages
and injunctive relief for Copyright infringement under the Copyright Act,
17 U.S.C § 101 et seq. The Court has personal jurisdiction over
("AT&T") because they do systematic and continuous business in Ohio, and
has performed acts directed at and causing harm in Ohio which gives rise to
this Complaint. Venue is proper in this District pursuant to 28 U.S.C § 139(b),
(c) and 28 U.S.C § 1400(a). This Court has subject matter jurisdiction
over Plaintiffs' Copyright Act claims under 28 U.S.C. §§ 1331, 1332, and
2201. This Court has personal jurisdiction over ("AT&T") under the
test established in Calder v. Jones, 465 US 783 (1984), applying Colo. Rev.
Stat. § 13-1-124. Venue is proper in this District under 28 U.S.C. § 1391 (b).
This Court has jurisdiction over the federal claims in this action
under the Trademark laws of the United States, Lanham Act Sections
32, 39, 43(a), and 43 (c)(I), 15 U.S.C. §§ 1114, 1121 and 1125(a)(c)(1),
the Copyright Act, 17 U.S.C.§ 101 et seq and the Judicial Code of the
United States, 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has
supplemental jurisdiction over any common law and state statutory claims
under 28 U.S.C. § 1367. ("AT&T") by virtue of law outlined above have
contact with the state of Ohio through interactive websites geared to
Ohio residents.

23.     Plaintiff is informed and upon such information
alleges according to the fact , further, at all times relevant herein through
its interactive website ("AT&T") have targeted business efforts into the State
of Ohio, subsequently Plaintiff had a prior agreement entered into with a

('AT&T') aggregator Mobile Streams whereby Plaintiff is resident and citizen
of the state of Ohio, thus further making this district the proper venue.
 ("AT&T") highly interactive e-commerce website operates to sell goods
and services into the state of Ohio, is directed at Ohio residents, and constitutes
a substantial connection with the state of Ohio. Therefore, ("AT&T")
has purposely availed itself of the privilege of conducting activities in
Ohio. Furthermore, the unauthorized copying and selling of Plaintiff's
copyrighted sound recordings arises directly out of the activities of
its "aggregators" through its network and/or receiving profits from
highly interactive e-commerce websites allow  ("AT&T") jurisdiction to
answer to the complaint in this district.

24.        Plaintiff is informed and upon such information
alleges according  to the fact,  Plaintiffs' claims arise out of Defendants
Ohio-related activity  including email transmission to and from the state of
Ohio. Discovery of the subscribers are necessary to further establish
that ('AT&T") through its "aggregators" unlawfully sold Plaintiff's
ringtones whereby ("AT&T") received revenue from  Plaintiffs' sound
recordings and had contact with the state Ohio.

25.        Plaintiff is informed and upon such information
alleges according to the fact, each Defendant is subject to this Court's
specific and general personal jurisdiction pursuant to due process and/or the
Ohio Long Arm Statue, due at least to each Defendant's substantial business
in this forum, including: (i) at least a portion of the infringement alleged
herein; and/or (ii) regularly doing or soliciting business, engaging in
other persistent courses of conduct, and/or deriving substantial revenue
from goods and services provided to individuals in Ohio and in this district.

## VI.  FACTUAL ALLEGATIONS

26.  Plaintiff is informed and upon such information alleges according to the fact. Plaintiff developed the sound recording in 2006 developing additional ringtones in 2009 which a copyright registration number: PA 1-633-253. The sound recordings are copyright protected, pursuant to 17 U.S.C § 101. Plaintiff was a developer of sound recordings shown in the Copyright and registration. Defendant's exploited those rights through various licensing arrangements with their "aggregators."

27.  Plaintiff is informed and upon such information alleges according to the fact, however Plaintiff is noted as author to the works of the sound recordings which allowed Plaintiff to develop various licensing arrangements mentioned herein, with third parties namely AT&T's aggregator Mobile Streams. This license generated profits, where Plaintiff, should have received a correct account of its royalties.

28.  Plaintiff is informed and upon such information alleges according to the fact. Plaintiff developed these ringtones with distribution worldwide through the Nickels Group and Mobile Streams and has not enjoyed the true revenue from the sales of his ringtones. Plaintiff believes artist and their musical content are exploited because of industry accounting practices. Many "aggregators" distribute artist content to other affiliate websites which channel through wireless carriers network, those aggregators issue to the artist their royalty reports. Many of the affiliates were not listed on Plaintiff royalty report. In essence those affiliates and carriers would enjoy 100% profits of unreported royalty sales.

29.     Plaintiff is informed and upon such information alleges according to the fact, the Internet allows enormous opportunities for copyright infringement of artist works and musical compositions to be infringed and exploited. There are countless numbers of websites unlawfully selling ringtones and songs of copyrighted works, which compensation is never realized by the artist. Plaintiff believes the industry have a practice "If the artist don't, know don't tell".   Allowing some companies that license musical works to not report the sales to the artist. Now the only way for the artist to learn that their works are being infringed upon, is to do Internet key searches of their works in hopes to uncover evidence of infringement.

30.     Plaintiff is informed and upon such information alleges according to the fact, Plaintiff in 2009 uncovered a vast amount of websites selling Plaintiff's content which was not on the royalty report provided by ("AT&T") aggregator Mobile Streams, at which point, Plaintiff then inquired to Mobile Streams of this new found evidence of Plaintiff's ringtones being sold on sites not being reported on the royalty reports. However Plaintiff later to found out AT&T's "aggregators" unlawfully sold Plaintiff content through its network. Plaintiff then sent an email to Mobile Streams and AT&T's attorney Timothy Johnson of this information indicating that Plaintiff's ringtones were being sold on sites not being reported on the royalty report. Mobile Streams denied any claims that they provided Plaintiff's content to the sites in question. AT&T's attorney Timothy Johnson, indicated via email in paraphrase they could not intervene in that matter.   Plaintiff s' email to ("AT&T") Johnson and his response would establish ("AT&T") had

1  actual knowledge of the infringing acts, which mentions the Plaintiff's

2  ringtones that were being infringed, who was infringing and when the

3  infringing was occurring. See Ashcroft v. Iqbal 556 U.S. 662, 678

4  (2009). ("AT&T") knew of the infringement acts took steps to avoid

5  acquiring knowledge.

6

7  31.       Plaintiff is informed and upon such information

8  alleges according to the fact,    ("AT&T") was "willfully blind" to the

9  infringement. Plaintiff then retained counsel, who conducted a veracious

10  search and sent out cease and desist letters to all infringing parties it was

11  then discovered that the content was provided to those parties by

12  Mobile Streams.  Plaintiff's legal fees for this investigation and inquiry

13  amounted to nearly $20,000 dollars, when the AT&T aggregator  Mobile

14  Streams could have saved this expense by simply saying they provided

15  Plaintiff's content to the websites.

16

17  32.       Plaintiff is informed and upon such information

18  alleges according  to the fact. Plaintiff is the owner of copyrights in and to

19  the musical compositions at issue and have complied in all respects with

20  the copyright acts and with all other applicable laws in securing

21  copyright registrations and protecting and maintaining exclusive rights in

22  and to Plaintiff' sound recordings. Defendants and their

23  "aggregators" unlawfully made millions from Plaintiffs sound recording

24  which were available for sale and downloaded to millions

25  of subscribers, customers and/or users.

26

27

28

33.     Plaintiff is informed and upon such information alleges according to the fact.  AT&T  introduced Plaintiff to Mobile Streams and on or about June 12, 2006, Plaintiff and Mobile Streams entered into a one-year ringtone license with auto renewed, with the exceptions of cancellation by written notice.  (the "Ringtone License") covering the World. Pursuant to the 2006 ringtone license,  Plaintiff granted a license to Mobile Streams whereby Plaintiff agreed to license its copyrighted sound recordings, for which Plaintiff owned and  controlled the exclusive rights. In accordance with the ("Ringtone License"), Plaintiff granted Mobile Streams the right to transmit the copyrighted sound recordings through its network of Internet providers and affiliates. Plaintiff's copyrighted sound recordings catalogue were available to subscribers for downloading onto wireless devices. The license agreement was not signed because Plaintiff wanted additional provisions to be added. Meanwhile Plaintiff acted on a verbal agreement, which included Plaintiff receiving royalty reports and payments from Mobile Streams; in return for the grant of rights upon Plaintiff's sound recordings; whereby Mobile Streams was to pay Plaintiff an agreed upon royalty rate for each copyrighted sound recording downloaded by subscribers/customers/users.

34.     Plaintiff is informed and upon such information alleges according to the fact.  AT&T's aggregator Mobile Streams and its affiliates were failing to keep accurate records occurring through their services, and failed to account properly to Plaintiff for the royalties which were owed. When Plaintiff attempted to exercise its contractual rights to go online to review the royalty report, access was denied. Plaintiff made verbal request to examine the books and reports of Mobile Streams, who

refused to give Plaintiff access to material information, interposed frivolous objections to many of Plaintiff's request, and provided incomplete and inaccurate documentation.

35.        Plaintiff is informed and upon such  information alleges according to the fact, moreover, throughout the term of the license agreements which existed, AT&T's aggregator  Mobile Streams, blatantly and willfully infringed upon Plaintiff numerous valuable copyrights by (i) making Plaintiffs' ringtones available to affiliates that were not on the royalty report list. (ii) permitting worldwide downloading of Plaintiffs' ringtones.

36.        Plaintiff is informed and upon such information  alleges according to the fact, In light of Mobile Streams material breaches of the license agreements, Plaintiff did send email notifications to Mobile  Streams to remove its content on or about December 23, 2009 in effect cancelling  any agreement which may have existed. Although the agreement that existed was unsigned, Plaintiff and Mobile Streams acted on the agreement by virtue of the royalty checks and royalty reports that were received by Plaintiff.  Even after the licensing agreement was expired or cancelled,  AT&T's "aggregators" continued through to receive revenue from Plaintiffs' ringtones, thereby reaping an unlawful profit from the exploitation of Plaintiffs' sound recordings which were sold through the AT&T network.

37.        Plaintiff is informed and upon such information alleges according to the fact, because AT&T introduced Mobile Streams to Plaintiff, they were made aware through emails regarding the problems associated with their "aggregators."  Where Plaintiff would send emails

1   to AT&T's attorney Johnson and other key senior executives. ("AT&T")

2   had actual knowledge of specific acts and failed to consider possible

3   actions. Furthermore Plaintiff evidence should conclude that ("AT&T")

4   was "willfully blind" to the acts that were occurring. Through the emails that

5   was send by Plaintiff regarding the infringement by their "aggregators",

6   should have made officials believed that the infringement was likely occurring

7   on their networks and they took deliberate actions to avoid learning about

8   the infringement.

9

## A. COUNTS AND CAUSES OF ACTION

## COUNT I

## (FIRST CAUSE OF ACTION COPYRIGHT

## INFRINGEMENT 1976, 17 U.S.C. §§101,106, 501)

14

15   38.     Plaintiff reallege and incorporate by reference each and

16   every allegation set forth above within paragraphs 1 through 37, inclusive,

17   as through fully stated herein.

18   39.     Plaintiff is informed and upon such information alleges according to

19   the fact, ("A plaintiff claiming infringement of the exclusive-distribution right can

20   establish infringement by proof of actual distribution or by proof of offers to

21   distribute, that is, proof that the defendant 'made available' the copyrighted

22   work."); Arista Records, LLC v. Greubel, 453 F. Supp. 2d 961, 969, 971 (N.D.

23   Tex. 2006)

24

25   40.     Plaintiff is informed and upon such information alleges according

26   to the fact, early August 2009, Plaintiff discovered through

27   an Internet search, his Copyrighted sound recordings; that various websites

28   were not reported on the Mobile Streams royalty report. Moreover,

1    these websites, were exploiting his work unlawfully offering Plaintiffs'

2    sound recordings to millions of subscribers through ('AT&T") network

3    allowing them to benefit from the proceeds. Plaintiff contacted Mobile

4    Streams providing information that various websites were selling

5    Plaintiff's ringtones. ("AT&T's") aggregator Mobile Streams, indicated they

6    were unaware of any websites selling Plaintiffs' content outside the ones

7    on the royalty reports. Subsequently, Plaintiff sought counsel to provide to

8    those websites cease and desist letters. These letters Plaintiff hoped would

9    stop these sites from further infringement. The letters also requested that

10   these websites provide evidence of sales of Plaintiffs' sound

11   recording. ("AT&T's) aggregator Mobile Streams was then made aware

12   that any agreements between Plaintiff was to be cancelled.

13   Whereby, Mobile Streams was then advised to have all content provided to

14   third party providers removed, and that a sales report outlining sales from

15   these sites of Plaintiffs' sound recording, be provided. After

16

17   Plaintiff's attorneys finished their copyright infringement investigation it

18   was made known that Mobile Streams provided websites unlawfully

19   with Plaintiffs' content.

20   41.       Plaintiff is informed and upon such information alleges according

21   to the fact,   It would be understood by one ordinary person that such

22   communications using counsel in this matter should have made AT&T

23   "aggregators" aware that any further sales of Plaintiffs' sound recordings by any

24   of its third party providers affiliates or subscribers would constitute

25   willful infringement. Since the letters the Defendants have enjoyed a

26   financial profit from the sales of Plaintiffs' sound recording. Whereby

27   Defendants would continue throughout 2012 to allow its users and or

28

1  subscribers to continue to purchase Plaintiffs' Copyright sound

2  recordings ringtones, free of reprisal. It is Plaintiffs' intention to seek action

3  and relief in this matter so that, this may not continue to happen.

4  Each of Defendants copyright infringement referenced herein is willful with

5  the meaning of 17.U.S.C. § 106. Plaintiff, has provided Defendant fair

6  notice, were this complaint allege at lease some the particular infringing acts

7  and times of occurrence with specificity.

8

9    42.      Plaintiff is exclusive owner and author of the sound recordings

10  claiming infringement.

11

12   43.      Plaintiff is informed and upon such information alleges

13  according to the fact, Defendants profited from the distribution and publication

14  of these copyrighted works to their customers as they collected fees for

15  each transfer/transmission but failed and /or refused to compensate Plaintiff

16  as the holder, when they were aware their "aggregators" unlawfully sold Plaintiffs'

17  sound recording through their network. The Fourth Circuit and numerous

18  district court decisions have held that making a copyrighted work available for

19

20  distribution to the public without authorization from the copyright holder violates

21  the copyright holder's distribution right under §106(3). In Hotaling v. Church of

22  Jesus Christ of Latter-Day Saints, 118 F.3d 199 (4th Cir. 1997).

23

24   44.      Plaintiff is informed and upon such information alleges according

25  to the fact, due to the tremendously large reach of Defendants there is a

26  tremendous amount of copyright infringement of Plaintiffs' copyright.

27   45.      Plaintiff is informed and upon such information alleges according

28

1   to the fact,   Defendants violated the Copyright Act pursuant to 28 U.S.C.

2   § 501, in  that  Defendants, never requested from  Plaintiff  permission to

3   profit from the sales of  Plaintiff's Copyright sound recordings.  Defendants

4   never accounted for the amount of transactions generating from

5   their  "aggregators." Defendants, knowingly facilitated and willfully provided

6   the means for its "aggregators" to distribute Plaintiffs' copyrighted

7   sound recordings yet Plaintiff was never paid through these infringing acts,

8   even after they provided knowledge to the Defendants the

9   infringement was occurring. Therefore these actions are willful.

10

11  46.       Plaintiff is informed and upon such information alleges according

12  to the fact , The infringement of each Plaintiffs' rights in each of the

13  sound recordings and each time the works were distributed constitutes a

14  separate and distinct act of  infringement subject to 28 U.S.C. § 504.

15  47.       Plaintiff is informed and upon such information alleges according

16  to the fact,   as a direct result of the foregoing conduct, Plaintiff is

17  entitled to damages as against Defendants in an amount that is

18  presently unknown.

19

20  48.       Plaintiff is informed and upon such information alleges according  to

21  the fact , As a direct result of Defendants' infringement Plaintiffs are entitled

22  to the maximum statutory penalties under 17 U.S.C. § 504, in the amount

23  of $150,000 with respect to each timely registered work that was infringed,

24  to disgorgement of Defendants' profits, and to any and all other relief the

25  Court deems just and proper under law.

26

27  49.        Plaintiff is informed and upon such information alleges according

28  to the fact , Defendants conduct has caused, and unless enjoined by this Court,

1   will continue to cause Plaintiff great and irreparable injury that cannot

2   be compensated or measured in money. Plaintiff has no adequate remedy at

3   law. Pursuant to 17 U.S.C § 502, Plaintiff is entitled to a permanent

4

5   injunction prohibiting further infringement of Plaintiffs' copyright.

6

7   50.        Plaintiff is informed and upon such information alleges according  to

8   the fact,   Plaintiff is entitled to their cost, including reasonable attorney fees

9   if one become available pursuant  to 17 U.S.C § 505. Plaintiff has

10   suffered economic damage and irreparable harm as a result of Defendants

11   unfair acts hereon.

12                              **COUNT II**

13              **(SECOND CAUSE OF ACTION INDUCEMENT OF**

14              **COPYRIGHT INFRINGEMENT  17 U.S.C. §106)**

15   51.        Plaintiff reallege and  incorporate by reference each and

16   every allegation set forth above within paragraphs 1 through 38 and 39 through 51,

17   inclusive  as through fully stated herein.

18

19   52.        Plaintiff is informed and upon such information alleges according

20   to the fact,   ("AT&T") "aggregators"  subscribers, users,

21   customers and/or AT&T subscribers, users, customers have directly infringed and

22   were directly infringing Plaintiff's copyrights on a daily basis by, for example

23   purchasing reproductions of sound recordings embodying Plaintiffs' compositions

24   in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §

25   106, et seq. The scope of the infringement is massive, encompassing millions of

26   Plaintiff's sound recordings. Defendants are liable for inducing the copyright

27   infringement of their aggregators.

28

53.     Plaintiff is informed and upon such information alleges according to the fact, Defendants continue to deal with Mobile Streams who uses "aggregators" that appear to depend heavily on infringing uses. Defendants' have knowledge of a past class actions settlements involving Funmobile/MobileFunster which involved Defendants. Allegations of copyright infringement to unauthorized charges still these companies utilize their network without fearing any repercussions in all likely hood they feel Defendants concerns is to just make profits from wrong doing, for which a blind eye is turned by the Defendants to the infringement activities, where they fail to modify their system to make it less capable of infringement or other wrongful acts by "aggregators".

54.     Plaintiff is informed and upon such information alleges according to the fact, even yet Mobile Streams and Funmobile/Moiblefunster has even evaded or not responded to these proceedings. One of Plaintiff's contacts at Mobile Streams is Shane Gosling who can be reached at Defendants website. Funmobile/Mobilefunster recently removed it site www.mobilefunster.com which also listed Defendants. The site is being redirected with the following note: "As a result of changes in mobile carrier policies we have discontinued service. AT&T users may continue to access these services through February 14, 2014. If you previously subscribed to this service, your account(s) have been cancelled. Previous subscribers will not receive any further messaging or charges from us after that date, If you have any questions about previous services, messages, or charges, please contact us at help@sendme.com."

55.     Plaintiff is informed and upon such information alleges according to the fact, Defendants willfully ignore knowledge that their aggregators were infringing and were provided with evidence whereby actively facilitating, encouraging and enticing their "aggregators" subscribers/users, customers to

1   engage in the infringement. Defendants intended to bring about infringement.

2   56.     Plaintiff is informed and upon such information alleges according to

3   the fact, Defendants further have induced by, for example not insisting that

4   their aggregators remove Plaintiff's copyrighted sound recordings and

5   maintaining a business model to profit directly from infringing use, including sales

6   to subscribers, users and or customers through their network. Through the conduct

7   described above, Defendants are liable for inducing the infringement described

8   herein. Each violation of Plaintiff's rights in and to each copyrighted sound

9   recording constitutes a separate and distinct act of copyright infringement.

10  Defendants' infringement has caused substantial damage and harm to Plaintiff. As

11  a direct and proximate result of Defendants' infringement, Plaintiff is entitled to

12  statutory damages under 17 U.S.C. § 504(c) for each of Plaintiff works that have

13  been infringed through Defendants network. Defendants' infringement is and has

14  been willful, intentional, purposeful, and in disregard of the rights of Plaintiffs'.

15  The Court should therefore increase the award of statutory damages to up to

16  $150,000 per infringed works.

17

18  57.     Plaintiff is informed and upon such information alleges according to

19  the fact, the identities of the infringed works and the total number of infringed

20  works will be determined during discovery, and the pleadings adjusted

21  accordingly. As an alternative to statutory damages (and for infringed works that

22  do not qualify for statutory damages if any), Plaintiff at his election prior to profits

23  of the Defendants attributable to the infringement. 17 U.S.C. § 504(a)-(b). Plaintiff

24  is entitled to cost, including reasonable attorneys' fees, pursuant to 17 U.S.C. §

25  505. Defendants' conduct has caused harm, and unless enjoined by this Court, will

26  continue to cause Plaintiff great and irreparable injury that cannot be fully

27  compensated or measured in money.

28

---

**REVISED THIRD AMENDED COMPLAINT FOR**          Case: 1:12-CV564      **Page 23**
**PERMANENT INJUNCTION AND OTHER EQUITABLE**
**RELIEF**

58.       Plaintiff is informed and upon such information alleges according to the fact, Plaintiff have no adequate remedy to law. Pursuant to 17 U.S.C § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiffs' copyright. At all times relevant to this action, ("AT&T") have had the right and ability to control and/supervise the infringing conduct of their "aggregators" subscribers, and (ii) have had a direct financial interest in, and derived substantial financial benefit from, the infringement of Plaintiff's copyrighted sound recordings. Plaintiff has suffered economic damage and irreparable harm as a result of Defendants unfair acts hereon.

## COUNT III

### (THIRD CAUSE OF ACTION CONTRIBUTORY
### COPYRIGHT INFRINGMENT 17 U.S.C. §106)

59.       Plaintiff realllege and incorporate by reference each and every allegation set forth above within paragraphs 1 through 38 and 39 through 58, inclusive as through fully stated herein.

60.       Plaintiff is informed and upon such information alleges according to the fact,    ("AT&T") "aggregators" subscribers, customers and users and/or AT&T subscribers, customers and users purchasing and downloading Plaintiff's copyright sound recording have directly infringed and are directly infringing Plaintiff's copyright on a daily basis by, for example purchasing copying sound recordings embodying Plaintiff's copyrighted works in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 501. The scope of the infringement is massive, encompassing millions of Plaintiffs' sound recordings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

61.　　　Plaintiff is informed and upon such information alleges according to the fact　("AT&T") are liable as contributory infringers for the copyright infringement committed through its network, by Defendants because Defendants had actual knowledge of specific acts of the infringement (Exhibit A). *Napster Inc.,* 239 F.3d at 1021. Plaintiff provided to Defendants the link to the tiles that  were being infringed, who infringed them, and when the infringement occurred.

62.　　　Plaintiff is informed and upon such information alleges according to the fact  ("AT&T") failure to act upon the emails they received regarding their "aggregators" infringing Plaintiffs copyright and receiving a financial benefit,  Defendants are contributory liable for the infringement described herein. Defendants have, in addition to the actions above, provided the network and support and instructions for the infringement through Defendants "aggregators" interactive websites, and has refused to exercise their ability to stop the infringement. Above all Defendants' failure to implement a digital rights management system promotes" infringement.

63.　　　Plaintiff is informed and upon such information alleges according  to the fact, through the conduct described above, Defendants are contributory liable for the infringement described herein.  Each  violation of each Plaintiff's rights in and to each copyrighted sound recording constitutes a separate and distinct act of copyright infringement. Defendants' infringement has caused substantial damage and harm to Plaintiff. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c) for each of Plaintiff works that have been infringed through Defendants network. Defendants' infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiffs'. The Court should therefore

increase the award of statutory damages to up to $150,000 per infringed works.

64.     Plaintiff is informed and upon such information alleges according to

the fact. The identities of the infringed works and the total number of infringed

works will be determined during discovery, and the pleadings adjusted

accordingly. As an alternative to statutory damages (and for infringed works that

do not qualify for statutory damages if any), Plaintiff at his election prior to profits

of the Defendants attributable to the infringement. 17 U.S.C. § 504(a)-(b). Plaintiff

is entitled to cost, including reasonable attorneys' fees, pursuant to 17 U.S.C. §

505. Defendants' conduct has caused harm, and unless enjoined by this Court, will

continue to cause Plaintiff great and irreparable injury that cannot be fully

compensated or measured in money.

65.     Plaintiff is informed and upon such information alleges according

to the fact, Plaintiff have no adequate remedy to law. Pursuant to 17 U.S.C § 502,

Plaintiff is entitled to a permanent injunction prohibiting further infringement of

Plaintiffs' copyright. At all times relevant to this action, ("AT&T") have had the

right and ability to control and/supervise the infringing conduct of their

"aggregators" subscribers, and (ii) have had a direct financial interest in, and

derived substantial financial benefit from, the infringement of Plaintiff's

copyrighted sound recordings. Plaintiff has suffered economic damage and

irreparable harm as a result of Defendants unfair acts hereon.


## COUNT IV

## (FOURTH CAUSE OF ACTION VICARIOUS

## COPYRIGHT INFRINGEMENT 17 U.S.C. §106)

66.     Plaintiff reallege and  incorporate by reference each and every allegation set forth above within paragraphs 1 through 38 and 39 through 65, inclusive, as through fully stated herein.

67.     Plaintiff is informed and upon such information alleges according  to the fact, ("AT&T") "aggregators"  subscribers, customers and/ or users AT&T subscribers, customers and/or users purchasing and downloading Plaintiff's sound recordings through AT&T's network, have directly infringed and are directly infringing Plaintiffs' copyrights on a daily a basis by, for example purchasing copying sound recordings embodying Plaintiffs' copyright Act, 17 U.S.C. §§106, 501. The scope of the infringement is massive, encompassing millions of Plaintiffs' sound recordings. Defendants are liable as vicarious infringers for the copyright infringement committed via Defendants network.

68.     Plaintiff is informed and upon such information alleges according  to the fact, Defendants have the right and ability to supervise the infringing activity" and had a direct financial interest in the activity.

69.     Plaintiff is informed and upon such information alleges according  to the fact,  at all times relevant to this action, ("AT&T") (i)  have the right and ability to control and/supervise the infringing conduct of their "aggregators" and/or AT&T subscribers, and (ii) have had a direct financial interest in, and derived substantial financial benefit from, the infringement of Plaintiff's copyrighted sound recordings via the ("AT&T") network.  Defendants' ability to not supervise and control the infringing activities of their aggregators subscribers customers and/or AT&T subscribers, customers user is further evidence by the facts alleged herein. Defendants derived direct and substantial benefit from infringement, including offering for sale on their network and/or their "aggregators" website, the value of which is based essentially so subscribers could

purchase and download Plaintiff's sound recordings.

70.     Plaintiff is informed and upon such information alleges according to the fact, the financial benefit derived by Defendants' is further evidence by the facts alleged herein. ("AT&T") has or have the ability to control the infringing act of its "aggregators" because they have a contractual right to exclude an aggregator for any reason, Ninth Circuit, in Fonovisa v. Cherry Auction. Additionally ("AT&T") had a financial interest in the infringing acts because their billing system are aligned.

71.     Plaintiff is informed and upon such information alleges according to the fact, ("AT&T") company instruction to Aggregators Consent Management policy of Non Compliance For each violation, AT&T reserves all rights and remedies under its agreements with aggregators. These rights and remedies may include (a) suspending existing short codes, (b) restricting aggregators from provisioning new short codes and campaigns, and/or (c) terminating the agreement between AT&T and the aggregator.

72.     Plaintiff is informed and upon such information alleges according to the fact, through the conduct described above, Defendants are vicariously liable for the infringement described herein. Each violation of each of Plaintiffs' rights in and to each copyright sound recordings composition constitutes a separate and distinct act of copyright infringement. Defendants' infringement has caused substantial damage to Plaintiff. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c) for each of Plaintiff works that have been infringed through Defendants network. Defendants' infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiffs'. The Court should therefore increase the award

1   of statutory damages to up to $150,000 per infringed works.

2

3   73.      Plaintiff is informed and upon such information alleges according

4   to the fact. The identities of the infringed works and the total number of

5

6   infringed works will be determined during discovery, works that do not qualify

7   for statutory damages in any way), Plaintiff at his election prior to profits of

8   the Defendants attributable to the infringement. 17 U.S.C. § 504(a)-(b).

9   Plaintiff is entitled to cost, including reasonable attorneys' fees, pursuant to

10  17 U.S.C. § 505. Defendants' conduct has caused harm, and unless enjoined

11  by this Court, will continue to cause Plaintiff great and irreparable injury

12  that cannot be fully compensated or measured in money. Plaintiff have

13  no adequate remedy to law. Pursuant to 17 U.S.C § 502, Plaintiff is entitled

14  to a permanent injunction prohibiting further infringement of Plaintiffs'

15  copyright. At all times relevant to this action, ("AT&T") have had the

16  right and ability to control and/supervise the infringing conduct of their

17  aggregators subscribers, and (ii) have had a direct financial interest in, and derived

18  substantial financial benefit from, the infringement of Plaintiff's copyrighted

19  sound recordings. Plaintiff has suffered economic damage and irreparable harm as

20  a result of Defendants unfair acts hereon.

21

22                          **COUNT V**

23          **(FIRTH CAUSE OF ACTION COMMON LAW**

24                **COPYRIGHT INFRINGEMENT)**

25

26  74.      Plaintiff realllege and incorporate by reference each and every

27  allegation set forth above within paragraphs 1 through 38 and 39 through 73,

28  inclusive, as through fully stated herein.

75.  Plaintiff is informed and upon such information alleges according to the fact, Plaintiff's copyrighted sound recordings PA 1-633-253, is subject to common law copyright protection under Ohio. Plaintiff is the owner of a valid copyright protected by common law. Plaintiff possesses the exclusive rights to sell, copy, distribute and perform these sound recordings. The infringement of Plaintiff rights by ("AT&T") network in each of its sound recordings. The infringement of Plaintiff's rights by ("AT&T") in each of its sound recordings constitutes a separate and distinct act of infringement. As a direct and proximate result of Defendants violation of Plaintiffs' rights in and to the sound recordings, Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff is entitled to recover all proceeds and other compensation received or to receive by Defendants arising from its infringement of Plaintiffs' sound recordings, and is entitled to an accounting to ascertain the amount of such profits and compensation.

76.  Plaintiff is informed and upon such information alleges according to the fact, Defendants acts of infringement are willful, intentional and purposeful, in disregard of Plaintiffs' rights, and Plaintiff is entitled to punitive and statutory damages in addition to actual damages. Plaintiff is further entitled to cost and attorney fees pursuant to 17 U.S.C § 505. Defendants and/or their "aggregators" subscribers, customers and/or users purchasing and downloading Plaintiffs' copyrights on a daily basis by, for example purchasing copying Plaintiffs' sound recordings have through the AT&T network directly infringed Plaintiffs' copyrights on a daily basis by, for example purchasing copying sound recordings embodying Plaintiffs' copyrighted works in violation of Plaintiff's copyright. Plaintiff has suffered economic damage and irreparable harm as a result of Defendants unfair acts hereon.

1

## COUNT VI

2

## (SIXTH CAUSE OF ACTION FEDERAL UNFAIR

3

## COMPETITION UNDER LANHAM ACT 15.U.S.C§ 125))

4

5

6     77.       Plaintiff realleage and incorporate by reference each and every

7 allegation set forth above within paragraphs 1 through 38 and 39 through 76,

8 inclusive, as through fully stated herein.

9

10     78.       Plaintiff is informed and upon such information alleges according to

11 the fact, Defendants' ("AT&T') "aggregators" unlawful use of Plaintiff's

12 Copyrighted sound recordings were ("AT&T") gained profits in connection

13 unlawfully participating in the infringing sales of millions of downloads.

14 Defendants have contributory infringed upon the sound recordings of Plaintiff's

15 rights after being aware its "aggregators" were infringing and failing to do

16 anything.

17     79.       Plaintiff is informed and upon such information alleges according

18 to the fact, the acts of ("AT&T') alleged above were committed willfully, with

19 knowledge of Plaintiff's rights and with the acts of defendants aggregators make

20 know to Defendants. Plaintiff has refrained from further development of the brand

21 name sound recordings. These infringement acts damaged the good will of the

22 name herewith. These actions allowed Defendants to gain an unfair competitive

23 advantage over Plaintiff's continued development of any additional sound

24 recordings and deceived and mislead Plaintiff and the public.

25

26     80.       Plaintiff is informed and upon such information alleges according to

27 the fact, the acts of Defendants alleged above were committed willfully, with full

28 knowledge of Plaintiff's rights with intention of causing harm to Plaintiff. The acts

1    of Defendants alleged above were committed willfully, with full knowledge of

2    Plaintiff's rights with the intention of misappropriating and wrongfully receiving

3    revenue for the works of the sound recordings of Plaintiff which effected the

4    valuable goodwill and reputation of Plaintiff's Copyright sound recordings.

5    Plaintiff have suffered economic damage and irreparable harm as a result of unfair

6    competition in Defendants practice and deceptive use of Plaintiff's Copyrighted

7    sound Recording . Plaintiff has suffered economic damage and irreparable harm as

8    a result of Defendants unfair acts hereon.

9

10   81.    Plaintiff is informed and upon such information alleges according to

11   the fact, Plaintiff has suffered damages in an amount to be proven at

12   trial. Plaintiff is entitled to recover all proceeds and other compensation received

13   by Defendants arising from its Unfair Competition Under Lanham Act of

14   Plaintiffs' mark in commerce, and is entitled to an accounting to ascertain the

15   amount of such profits and compensation. Defendants acts are willful, intentional

16   to cause confusing to the public which was purposeful, in disregard of Plaintiffs'

17   rights, and Plaintiff is entitled to punitive and statutory damages in addition to

18   actual damages. Plaintiff is further entitled to cost and attorney fees pursuant to 17

19   U.S.C § 505. Defendants "aggregators" subscribers, customers and/or users

20   purchasing and downloading Plaintiffs' copyrights on a daily basis by, for

21   example purchasing copying Plaintiffs' sound recordings through the AT&T

22   network directly violated the laws governing Unfair Competition Under the

23   Lanham Acton a daily basis by, for example purchasing copying sound

24   recordings embodying Plaintiffs' mark in violation of Plaintiff's copyright.

25

26

27

28

**REVISED THIRD AMENDED COMPLAINT FOR**          Case: 1:12-CV564     **Page 32**
**PERMANENT INJUNCTION AND OTHER EQUITABLE**
**RELIEF**

## COUNT VII

## (SEVENTH CAUSE OF ACTION UNFAIR

## COMPETITION UNDER OHIO LAW § 4165.02 )

82.     Plaintiff reallege and  incorporate by reference each and every

allegation set forth above within paragraphs 1 through 38 and 39 through 81,

inclusive, as through fully stated herein.


Plaintiff is informed and upon such information alleges according  to the

fact,  ("AT&T") contributory acts of infringement, after having had full

knowledge of its "aggregators" having received cease and desist letters, was

unlawful and a willful act. The conduct of Defendants, as alleged herein,

constitutes unfair competition under the common law of Ohio.


83.     Plaintiff is informed and upon such information alleges according  to

the fact,  Plaintiff has suffered damages in an amount to be proven at

trial. Plaintiff is entitled to recover all proceeds and other compensation received

or to receive by Defendants arising from its Unfair Competition Under Ohio Law

of Plaintiffs' sound recordings, and is entitled to an accounting to ascertain the

amount of such profits and compensation. Plaintiff has suffered economic damage

and irreparable harm as a result of Defendants unfair acts hereon.

Defendants acts  are willful,  which was purposeful, in disregard of Plaintiffs'

rights, and Plaintiff is entitled to punitive and statutory damages in addition to

actual damages. Plaintiff is further entitled to cost and attorney fees pursuant to 17

U.S.C § 505. Defendants and/or their "aggregators" subscribers, customers and/or

users purchasing and downloading Plaintiffs' copyrights on a daily basis by, for

example purchasing copying Plaintiffs' sound recordings  through the AT&T

network directly violated the laws governing  Competition Under Ohio Law.

# COUNT VIII

## (EIGHTH CAUSE OF ACTION DECEPTIVE AND UNFAIR
## TRADE PRACTICES UNDER OHIO LAW
## OHIO REV. CODE § 4165.02)

84.     Plaintiff realleges and  incorporate by reference each and every allegation set forth above within paragraphs 1 through 38 and 39 through 83, inclusive, as through fully stated herein.

85.     Plaintiff is informed and upon such information alleges according  to the fact, Defendants ("AT&T") unlawful profits from its "aggregators" sales of Plaintiff's copyrighted sound recordings, after having had full knowledge of cease and desist letters, and failed to stop such acts when  it had the ability and control to stop the acts.

86.     Plaintiff is informed and upon such information alleges according  to the fact,  Defendants conduct has been deliberate and willful and has been committed with the intent to evade Plaintiff getting proper residuals owed, who has suffered economic damage and irreparable harm as a result of Defendants unfair practices associated hereon.

87.     Plaintiff is informed and upon such information alleges according  to the fact ,Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff is entitled to recover all proceeds and other compensation received or to receive by Defendants arising from its Deceptive and Unfair Trade Practices of Plaintiffs' sound recordings, and is entitled to an accounting to ascertain the amount of such profits and compensation. Plaintiff has suffered damages in an amount to be

proven at trial. Plaintiff is entitled to recover all proceeds and other compensation received or to receive by Defendants arising from its Deceptive and Unfair Trade Practices Unjust Enrichment of Plaintiffs' sound recordings, and is entitled to an accounting to ascertain the amount of such profits and compensation. Plaintiff is further entitled to cost and attorney fees pursuant to 17 U.S.C § 505.

## COUNT VIIII
## (NINTH CAUSE OF ACTION UNJUST ENRICHMENT)

. 88.     Plaintiff reallege and  incorporate by reference each and every allegation set forth above within paragraphs 1 through 38 and 39 through 88, inclusive, as through fully stated herein.

89.     Plaintiff is informed and upon such information alleges according to the fact,  Defendants ("AT&T") was unjustly enriched at  Plaintiffs' expense under circumstance such that equity and good conscience require Defendants to make restitution to Plaintiff. Plaintiff became creditors of Defendants when Defendants committed torts against Plaintiff. Plaintiff has suffered economic damage and irreparable harm as a result of Defendants unfair acts hereon.

90.     Plaintiff is informed and upon such information alleges according to the fact ,Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff is entitled to recover all proceeds and other compensation received or to receive by Defendants arising from its Unjust Enrichment of Plaintiffs' sound recordings, and is entitled to an accounting to ascertain the amount of such profits and compensation. Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff is entitled to recover all proceeds and other compensation received or to receive by Defendants arising from its Unjust Enrichment of Plaintiffs' sound recordings, and is entitled to

1   an accounting to ascertain the amount of such profits and compensation.

2   Plaintiff is further entitled to cost and attorney fees pursuant to 17 U.S.C § 505.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PRAYER FOR RELIEF
## (CONSTRUCTIVE TRUST ACCOUNTING)

Defendants hold those commercial profits and personal gains which have accrued to those as a result of infringement and other wrongful acts described herein as constructive trustees of those commercial profits and personal gains, for the benefit of Plaintiff. Plaintiff seek an accounting of said funds, and an order declaring that Defendants hold said funds in trust for Plaintiff.

WHEREFORE, Plaintiff respectfully request judgment against Defendants as follows:

1. For general damages in an amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial sufficient to punish and deter Defendant form engaging in such activity in the future;

3. For the maximum statutory damages under 17 U.S.C. § 504(c), in the amount of 150,000 with respect to each timely registered work that was infringed.

4. For damages and disgorgement of lost profits, in the amount to be proven at trial;

5. For injunctive relief as against Defendants;

6. For an accounting;

7. For an order declaring that Defendants hold funds which they have gained as a

1   result of their wrongful acts as constructive trustees for the benefit of Plaintiff;

2

3   8. For any applicable and appropriate  pre-and post-judgment interest;

4

5   9. For any other relief that the Court deems just and proper.

6

7   DATED: February 6, 2014

8

9   Respectfully submitted,

10

11  Signature: _____    Date: 2/6/2014

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2    Plaintiff hereby demand a jury as to all issues properly so tried.

3

4    DATED: February 3, 2014

5

6

7    Respectfully submitted,

8

9    Signature: _____      Date: _2/6/2014_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served via first class U.S. mail, postage prepaid, upon all Defendant(s).

Mobile Streams, Inc.          Mobilefunster, Inc.

Simon Buckingham          Incorporating Services, Inc.

247 West 36th Street 301          3500 S Dupont Hwy

New York, NY 10018          De 19901


Funmobile, LTD

Christian Kwo-Leu Yau Heilesen

29/F, One Kowloon

No 1, Wang Yuen Street

Kowloonbay, Hong Kong


Respectfully submitted,

Signature: _____          Date: 2/6/2014 _____

Blake Best

Pro Se, Plaintiff

5392 Northbend Road

Cincinnati, Ohio 45247