UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Blake Best,                               : Case No. 1:12-cv-564
                                          :
    Plaintiff,                            :
                                          :
vs.                                       :
                                          :
Mobile Streams, Inc., et al.,             :
                                          :
    Defendants.                           :

**ORDER**

On January 13, 2014, the Magistrate Judge issued an Order, Report and Recommendation (Doc. 136).  The Magistrate Judge recommended that Plaintiff's claims against defendants Mobile Streams, PLC, and Christian Kwok-Leun Yau Heilesen be dismissed for failure to show good cause for not timely effecting proper service upon these defendants.  Plaintiff objected to the recommendations (Doc. 137), and also filed supplemental objections concerning the dismissal of unnamed Doe defendants.  (Doc. 147)

Mobile Streams, PLC was named in Plaintiff's original complaint filed on August 16, 2012.  (Doc. 6)  A summons was issued and sent to the U.S. Marshal, as Plaintiff was granted leave to proceed in forma pauperis.  The August 16 summons was addressed to Mobile Streams, PLC at 26B Northbrook Street, Newbury, Berkshire RG 14, 1 DJ, United Kingdom.  (Doc. 7)   Plaintiff subsequently filed a motion to reissue a summons to Mobile Streams, PLC, with an address of Abacus House, 33 Gutter Lane, London, EC2V 8AR, United Kingdom.  (Doc. 13)   On November 6, 2012, the original summons (issued to the Northbrook Street address) was returned unexecuted by the

U.S. Marshal's office, which stated that the USMS Cincinnati cannot serve foreign process, and directing Plaintiff to contact the Washington, D.C. office.  (Doc. 30)

On November 30, 2012, before any of the defendants had responded to the original complaint, Plaintiff filed a first amended complaint.  (Doc. 46)   There, Plaintiff alleged that Mobile Streams, PLC is a public limited company organized under United Kingdom law, with its principal place of business at the Abacus House address in London.  The first amended complaint added claims against a new defendant, Christian Kwok-Leun Yau Heilesen, alleging that he is the founder and CEO of Funmobile, Ltd., and that his address is 29/F, One Kowloon No. 1, Wang Yuen Street, Kowloon Bay, Hong Kong.   A summons was also reissued to Mobile Streams, PLC on December 18, at the Abacus House, London address.  (Doc. 63)   The same day, the Clerk of Court filed a certificate attesting that, at Plaintiff's request, she sent the Ohio Secretary of State, by certified mail, the First Amended Complaint and the reissued summons to Mobile Streams, PLC.  (Doc. 65)

On December 20, 2012, a summons was issued to Heilesen at Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.  (Doc. 67)   That address was not listed in the First Amended Complaint for Mr. Heilesen; Plaintiff alleged that another defendant (MobileFunster, Inc.) "has appointed Incorporating Services" and listing that Delaware address.  (See Doc. 46 at p. 4) The Clerk mailed the summons and Plaintiff's amended complaint by certified mail to Heilesen at that address the same day. (Doc. 68)   On December 28, 2012, the Heilesen summons sent to Incorporating Services in Delaware was returned executed, signed for by "Salli Saunders" on December 24, 2012.  (Doc. 77)   On January 23, 2013, the summons that was reissued

-2-

to Mobile Streams, PLC at the Abacus House address was returned unexecuted, with a Royal Mail notation that the addressee was "unknown." (Doc. 87)

Plaintiff was granted leave to file a Second Amended Complaint on March 12, 2013. (Doc. 93) And on December 17, 2013, the Magistrate Judge issued an Order to Show Cause, directing Plaintiff to explain why his claims against Mobile Streams, PLC and Heilesen (and numerous unidentified "Doe" defendants) should not be dismissed for failure of service. (Doc. 128) Plaintiff responded on December 27 (Doc. 130), and filed an amended response on January 10, 2014. (Doc. 133) He argued that he attempted to serve Mobile Streams, PLC by certified mail without success, and that his service on the Ohio Secretary of State in December 2012 was legally sufficient. Regarding Mr. Heilesen, Plaintiff alleged that Heilesen is "affiliated" with many companies (such as defendant MobileFunster, Inc.), and that his "agent" (Salli Saunders) received the summons on Heilesen's behalf. Regarding the "Doe" defendants, Plaintiff claimed that he needed discovery from certain internet service providers in order to determine their identities.

In her Report and Recommendation (Doc. 136), the Magistrate Judge observed that Plaintiff has done nothing since December 18, 2012 to locate a proper service address for Mobile Streams, PLC, or to secure proper service on that entity. The summons issued to the Abacus House address was returned and the Royal Mail stamp indicated that the company was not known at that address (see Doc. 87). With regard to defendant Heilesen, the Magistrate Judge found that Plaintiff has no evidence to support his argument that Salli Saunders is a registered agent for Heilesen individually. And Plaintiff has not attempted to serve Heilesen at the Hong Kong address. In her

order, the Magistrate Judge also granted Plaintiff leave to file a Third Amended Complaint to substitute AT&T, Inc., and AT&T Mobility for Does 1 and 2, and did not dismiss the other Doe defendants, based on Plaintiff's representation that he needs discovery in order to identify them.

Plaintiff's objections to the Magistrate Judge's recommendations repeat many of the arguments he presented in his response to the Magistrate Judge's order to show cause.  With regard to Mobile Streams, PLC, Plaintiff contends that actual service or proof of service is not required, and suggests that the company is evading service.  He attached unauthenticated screen prints from Mobile Streams' website which list its business address at the Abacus House address.  He submits what appears to be the front page of Mobile Streams, PLC's financial statements for the period ending June 30, 2013, listing its UK registration number and the Abacus House address as its "Registered address."  He submits a screen print apparently from a London Stock Exchange website listing the company's mailing and website addresses.  (Doc. 137, Ex. A)  He also argues that it is the responsibility of the U.S. Marshal to effect service, and cites his attempted service on Mobile Streams, PLC through the Ohio Secretary of State's office.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) states that if a plaintiff fails to effect service upon a defendant within 120 days of the filing of the complaint, the Court must dismiss the action without prejudice against that defendant, or order that service be made within a certain time.  If the plaintiff shows good cause for the lack of service, the Court must extend the time for "an appropriate period."  The Rule's time limits do not apply to

service on an individual in a foreign country under Rule 4(f), but this exception does not give a plaintiff an unlimited time in which to effect service. The Magistrate Judge observed that the pertinent inquiry under Rule 4(m) is whether or not the Plaintiff has taken "reasonable steps" to facilitate service on these defendants.

(1) Mobile Streams, PLC:  The Magistrate Judge concluded that Plaintiff has not shown good cause regarding this entity, because he has taken no action since December 18, 2012 to attempt service. The Court agrees with this conclusion. First, the Court rejects Plaintiff's reliance on mailing a copy of the summons and complaint to the Ohio Secretary of State. The statute that Plaintiff cites clearly provides that the Secretary of State is a designated agent for service of process only for foreign corporations that are required to be licensed under Section 1703.01 to 1703.31 of the Ohio Revised Code, and which transact business in this state without obtaining the required license. See Ohio Rev. Code 1703.191. Plaintiff's complaint alleges that Mobile Streams, PLC maintains mobile distribution systems that are "accessible" to Ohio residents. But this allegation does not establish that the company is required to be licensed by the state in order to maintain those systems.

Second, it is clear that mail service on Mobile Streams, PLC has not been effected. Plaintiff was informed by the U.S. Marshal's office in Cincinnati that it could not serve process in a foreign country, and Plaintiff has not demonstrated that he made any attempt to followup on that information. Plaintiff did not take any other steps to attempt service and has not sought an order permitting some sort of alternate service. Plaintiff has produced some evidence, although not authenticated, that the address listed on the summons for Mobile Streams, PLC is an address that was used by the

company at one time.  But simply speculating that the company may be attempting to evade service is not a sufficient basis upon which the Court could reach that conclusion.  The Court recognizes that Plaintiff is proceeding pro se, but even pro se litigants have an obligation to comply with the basic requirements of service of process.         (2) Mr. Heilesen: In his objections, Plaintiff relies on the return that was signed by "Salli Sanders" in Delaware to argue that he has properly served Mr. Heilesen.  He contends that because Heilesen is allegedly an officer of Funmobile, Ltd. and/or of MobileFunster, Inc., who were formerly represented by counsel in this case, service on the corporate agent is sufficient to serve an individual officer named as a defendant.  He also suggests that service on Heilesen in Delaware is less burdensome than attempting to serve him in Hong Kong (a tacit admission that Plaintiff has not attempted to serve Heilesen at the address given in the complaint, where Heilesen works and lives).  But Plaintiff has absolutely no evidence to support his assertion that Ms. Sanders is a registered or official agent for Mr. Heilesen, or that Ms. Sanders is authorized to accept service of process on his behalf.  The Court agrees with the Magistrate Judge's recommendations regarding Mr. Heilesen.

      For all of the foregoing reasons, Plaintiff's claims against defendants Mobile Streams, PLC and Christian Kwol-Leun Yau Heilesen are hereby dismissed **without prejudice**, for failure to properly serve these defendants.

      SO ORDERED.

DATED:  March 11, 2014                             s/Sandra S. Beckwith
                                                     Sandra S. Beckwith, Senior Judge
                                                     United States District Court