UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

v.

AT&T, INC., *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on: (1) plaintiff's emergency motion and amended emergency motion for order to preserve evidence (Docs. 162, 166), defendant AT&T Mobility LLC's response and amended responses in opposition (Docs. 173, 174), and plaintiff's reply memorandum (Doc. 175); (2) plaintiff's request for judicial notice in support of his motion for an emergency order (Doc. 176) and defendant AT&T Mobility LLC's response in opposition (Doc. 182); (3) plaintiff's motion to supplement limited expedited discovery (Doc. 179); and (4) plaintiff's request for judicial notice in support of his motion to supplement limited discovery (Doc. 180).

Plaintiff's emergency motions seek a Court order requiring defendants AT&T, Inc. and AT&T Mobility, LLC to preserve evidence relevant to this lawsuit. (Doc. 162 at 2; Doc. 166 at 2). The basis for the motions are plaintiff's speculation that this evidence will likely be destroyed as it is electronic and "subject to quick and easy deletion." (Doc. 162 at 3; Doc. 166 at 3). Plaintiff's motion to supplement limited expedited discovery seeks a Court order permitting plaintiff to seek limited discovery from third-parties regarding the identity of John Doe defendants. (Doc. 179). Plaintiff fails to put forth any evidence supporting his assertion that

"expedited discovery is warranted in this matter." (*Id*. at 2). For the following reasons, plaintiff's motions are denied.

Pursuant to Fed. R. Civ. P. 26(d), the Court may authorize discovery prior to the Rule 26(f) conference of the parties. *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007) (Watson, J.). Expedited discovery may be granted upon a showing of good cause. *Id*. *See also Whitfield v. Hochsheid*, No. 1:02-cv-218, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002) (Hogan, M.J.). Plaintiff, as the party seeking expedited discovery, bears the burden of demonstrating good cause. *Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (and cases cited therein). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Courts typically have found good cause based upon (1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." *Arista Records, LLC v. Does 1-9*, No. 2:07-cv-961, 2008 WL 2982265, at *4 -5 (S.D. Ohio July 29, 2008) (Graham, J.) (citing *Capitol Records, Inc. v. Doe*, No. 07-cv-1570, 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007)). In determining whether good cause exists, the Court will also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08-cv-200, 2009 WL 1687927, at * 2 (S.D. Ohio June 12, 2009) (King, M.J.) (and cases cited therein).

Plaintiff has not established good cause for a preservation order or expedited discovery. There is no evidence to support plaintiff's speculative assertion that the defendants will destroy the requested discovery. Plaintiff cites to no evidence demonstrating that his concerns are warranted, such as evidence that defendants have previously destroyed evidence pertinent to a lawsuit or that they do not have sufficient protections in place to prevent the loss of the requested discovery. In the absence of evidence establishing a need for a preservation order or expediting discovery, the Court finds no good cause for granting plaintiff's motions. *See American LegalNet, Inc. v. Davis*, 673 F. Supp.2d 1063, 1072-73 (C.D. Cal. 2009) (denying copyright holder's request for preservation of evidence order where there was no showing that "the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place."). Plaintiff's emergency motions to preserve evidence (Docs. 162, 166) and for expedited discovery (Doc. 179) are therefore **DENIED**.

Insofar plaintiff seeks to identify certain John Doe defendants, plaintiff has not demonstrated that identifying these defendants is necessary in order to advance this litigation. Without any showing that the requested expedited discovery is necessary to further this lawsuit, *see Arista Records*, 2008 WL 2982265, at *4-5, the Court cannot find that plaintiff has shown good cause and his motion is denied. Notably, at such time as the individual defendants are identified through discovery, plaintiff may seek leave to amend his complaint accordingly. Plaintiff's motion to supplement limited expedited discovery (Doc. 179) is **DENIED**.

Likewise plaintiff's motions for judicial notice (Docs. 176, 180) are not well-taken. As this Court recently held regarding similar motions for judicial notice filed by plaintiff (Docs. 167, 171), in the absence of any pending motions, the Court has no basis for considering plaintiff's submissions. *See* Doc. 178 (May 2, 2014 Order denying plaintiff's motions for

judicial notice). Again, plaintiff's attempt to submit this evidence runs counter to Local Rules 7.2(d) and (e), which govern the process of submitting evidence to the Court. *See* S.D. Ohio Civ. R. 7.2(d) (evidence necessary to support or oppose a motion "shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence."); S.D. Ohio Civ. R. 7.2(e) ("Evidence ordinarily shall be presented, in support of or in opposition to any Motion . . . . such evidence shall be attached to the memorandum or included in an appendix thereto. . ."). The intent of Rule 7.2(d) is, in part, "to avoid piecemeal submission of evidence and unnecessary memoranda." S.D. Ohio Civ. R. 7.2(d). Because allowing plaintiff to submit this extraneous evidence would unnecessarily bloat this matter's already lengthy docket and would contravene the purpose of Local Rule 7.2, plaintiff's motions for judicial notice (Docs. 176, 180) are **DENIED**.

As a final matter, the Court recognizes that plaintiff's status as a pro se litigant entitles him to some leeway in the prosecution of his lawsuit. However, this leeway is not without its limits and plaintiff is not entitled to file frivolous motions. As the Supreme Court has recognized: "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991). "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit. . . ." *U.S. ex rel. Verdon v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). *See also Purk v. United*

4

*States*, No. 3:03-cv-287, 2005 WL 776135, at *3 (S.D. Ohio 2005) (Report and Recommendation), *adopted,* 2005 WL 2124157 (S.D. Ohio Aug 30, 2005). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06-cv-246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio April 27, 2006) (quotation omitted).

As stated above, the Court has previously denied similar motions filed by plaintiff for the same reasons stated in this Order in connection with plaintiff's motions for judicial notice and for expedited discovery. Despite these prior rulings, plaintiff proceeded to file substantially similar motions and, again, failed to set forth evidence or otherwise establish that he is entitled to the relief sought. Plaintiff also has a history of filing amendments to motions without explanation of the amendment, *see* Docs. 9, 10, 20, 23, 27, 35, 36, 37, 51, 66, 99, 133, and of filing an inordinate number of motions, in general. For example, in the past month, plaintiff has filed seven motions – all of which have been denied. (Docs. 162, 166, 167, 171, 172, 175, 176). The Court is required to expend its limited resources every time plaintiff files a motion or amendment to a filing and, consequently, addressing motions that are without merit amounts to an unnecessary expenditure of judicial resources. Plaintiff is hereby cautioned that future filings deemed frivolous will be stricken from the record and may subject him to sanctions, including revocation of electronic filing privileges. Plaintiff should exercise caution in his future filings to ensure he complies with both the Federal and Local rules. Further, plaintiff shall identify to the Court the basis of the amendment, *i.e.*, how the amended document differs from the initial filing.

For the reasons stated herein, the Court rules as follows:

(1) Plaintiff's emergency motions to preserve evidence (Docs. 162, 166) are **DENIED**;

(2) Plaintiff's motion to supplement limited expedited discovery (Doc. 179) is **DENIED**; and

5

(3) Plaintiff's motions for judicial notice (Docs. 176, 180) are **DENIED**.

**IT IS SO ORDERED.**

Date: 5/14/14

Karen L. Litkovitz
United States Magistrate Judge