UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

vs.

AT&T Inc. *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

**ORDER**

Pro se plaintiff Blake Best brings this action against defendants AT&T Mobility LLC (AT&T Mobility) and AT&T Inc., raising various copyright infringement claims. (Doc. 140). This matter is before the Court on defendant AT&T Mobility's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 190), plaintiff's response in opposition (Doc. 193), and AT&T Mobility's reply memorandum (Doc. 199).

**I. Factual and Procedural Background**

Plaintiff initiated this pro se action on August 16, 2012, bringing copyright infringement claims against Mobile Streams, Inc., Mobile Streams, PLC, Mobilefunster Inc., Funmobile Ltd., Christian Kwok-Leun Yau Heilesen, and various John Doe defendants. (Doc. 6). On February 26, 2014, default judgment was granted in plaintiff's favor on all claims against defendants Mobilefunster Inc., Funmobile Ltd., and Mobile Streams, Inc. (Docs. 150, 151). On March 11, 2014, plaintiff's claims against defendants Mobile Streams, PLC and Christian Kwok-Leun Yau Heilesen were dismissed for failure to effect service of process. (Doc. 156). On January 13, 2014, plaintiff's motion to substitute was granted and plaintiff's third amended complaint was filed, naming AT&T Mobility and AT&T Inc. as the lone remaining defendants. (Docs. 121, 140). AT&T Mobility subsequently filed the instant motion for a more definite statement under

Federal Rule of Civil Procedure 12(e), asserting that the allegations of plaintiff's third amended complaint are so vague that it cannot reasonably prepare a response. (Doc. 190).

In his third amended complaint, plaintiff alleges that he is the author of various copyrighted sound recordings, specifically, ringtones for mobile telephones. (Doc. 140, ¶¶ 3, 5). Plaintiff states that in 2009, he developed ringtones that were protected by copyright pursuant to 17 U.S.C. § 101, with copyright registration number: PA 1-633-253.[1] (*Id.*, ¶ 26). Plaintiff maintains that AT&T "introduced" him to prior defendant Mobile Streams, a ringtone "aggregator," on or about June 12, 2006, at which time he entered into a license agreement with Mobile Streams permitting Mobile Streams to sell the ringtones through various internet providers. (*Id.*, ¶ 33). Plaintiff alleges that Mobile Streams submitted his ringtones to prior defendants "Funmobile/Mobilefunster and other wireless carriers" while plaintiff himself submitted the recordings to AT&T. (*Id.*, ¶ 4). Plaintiff further alleges that, unbeknownst to him, Funmobile and Mobilefunster also sold plaintiff's ringtones through the AT&T network and other websites. (*Id.*, ¶¶ 5, 30). Plaintiff maintains that Mobile Streams failed to keep accurate accounts of the royalties owed plaintiff under the licensing agreement. (*Id.*, ¶ 34). Plaintiff refers to AT&T Mobility and AT&T Inc. as "AT&T" collectively, and alleges that AT&T unlawfully retained profits from the infringing acts of Mobile Streams, Funmobile, and Mobilefunster. (*Id.*, ¶¶ 6, 35-36). Plaintiff maintains that AT&T is liable for any infringement on his copyrighted records because they had knowledge of and profited from the unauthorized sales, and engaged in a deliberate effort to infringe on his copyrights. (*Id.*, ¶¶ 9, 14-15). AT&T allegedly had knowledge of this unlawful copyright infringement as of August 9, 2009, at which

---

[1] A record search of the United States Copyright Office reveals that plaintiff retains two copyrights: (1) a 2005 copyright titled "Slang tones," No. Pau002983895; and (2) a 2006 copyright titled "PA0001633253." *See* http://www.copyright.gov/records/. *See also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (the Court may look to public records without converting a Rule 12 motion into a motion for summary judgment under Fed. R. Civ. P. 56).

time they were served with "cease and desist" letters. (*Id.*, ¶¶ 17, 30). Plaintiff alleges that the unlawful sales generated millions of dollars in profits for AT&T and the prior defendants and he seeks an accounting of the profits retained. (*Id.*, ¶¶ 18, 32). Plaintiff further alleges that AT&T is liable for the copyright infringements alleged because AT&T "introduced" him to Mobile Streams and had knowledge of the unlawful activity occurring on its network. (*Id.*, ¶ 37). Plaintiff raises eight claims against AT&T: (1) copyright infringement under 17 U.S.C. §§ 101, 106, 501; (2) inducement of copyright infringement under 17 U.S.C. § 106; (3) contributory copyright infringement under 17 U.S.C. § 106; (4) vicarious copyright infringement under 17 U.S.C. § 106; (5) common law copyright infringement; (6) unfair competition under the Lanham Act, 15 U.S.C. § 125; (7) unfair competition under Ohio Revised Code § 4165.02; (8) deceptive and unfair trade practices under Ohio Revised Code § 4165.02; and (9) a common law unjust enrichment claim. (*Id.*, ¶¶ 38-90).

**II. Standard of Review**

"If a pleading fails to specify its allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In consideration of the notice pleading standards of Rule 8(a)(2), *see Leatherman v. Tarrant Cty Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), and the opportunity for extensive pretrial discovery, motions for more definite statements

are generally disfavored and are rarely granted. *See Federal Ins. Co. v. Webne*, 513 F. Supp.2d 921, 924 (N.D. Ohio 2007). A "motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005) (quoting *Scarbrough v. R–Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985)); *see also SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp.2d 286, 298 (S.D. Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed").

### III. Resolution

AT&T Mobility moves this Court for an order requiring plaintiff to submit a more definite statement of his claims. AT&T Mobility asserts that the allegations contained in plaintiff's third amended complaint are vague, confusing, and unintelligible, and fail to provide it sufficient notice of the facts underlying plaintiff's claims. Specifically, AT&T Mobility contends that the third amended complaint does not allege or identify the following:

1. Which ringtone aggregators allegedly infringed on plaintiff's copyrighted materials;
2. To whom the allegedly infringing aggregators distributed the copyrighted materials absent plaintiff's authorization;
3. The websites through which plaintiff's copyrighted materials were unlawfully sold;
4. How AT&T Mobility directly infringed on plaintiff's copyrighted materials; or
5. How AT&T Mobility induced, caused, or materially contributed to the alleged infringing conduct by ringtone aggregators.

AT&T Mobility also argues that plaintiff should be required to specify the statutory provisions under which he brings his unfair competition Lanham Act claim and Ohio Deceptive Trade Practices Act claim. Lastly, AT&T Mobility asserts that plaintiff's unjust enrichment claim fails to identify the alleged benefit plaintiff conferred on AT&T Mobility such that a more definite statement is necessary. (Doc. 190).

Plaintiff argues in his response in opposition that AT&T Mobility filed the instant motion in anticipation of filing a motion to strike any new pleading. Plaintiff further argues that AT&T Mobility clearly understands the allegations in his third amended complaint because it was referenced in earlier filings by AT&T Mobility. Plaintiff contends the motion should be denied because any allegations that are not understood will be answered in discovery. (Doc. 193). The Court will address the sufficiency of plaintiff's claims in turn.

1. Counts I, V: Copyright Infringement Under 17 U.S.C. §§ 101, 106, 501 and Ohio Common Law Copyright Infringement.

The Sixth Circuit has held that claims of copyright infringement require "greater particularity in pleading, through showing 'plausible grounds'," as such claims lend themselves readily to abusive litigation. *Nat'l Bus. Devel. Srvs., Inc. v. American Credit Educ. and Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008). A complaint for copyright infringement must allege (1) ownership of a valid copyright, and (2) "copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). AT&T Mobility acknowledges that plaintiff has alleged that he owns a valid copyright, but contends that his third amended complaint does not include allegations providing AT&T Mobility notice as to how it supposedly infringed on plaintiff's copyright. (Doc. 190 at 8). Review of plaintiff's complaint supports AT&T Mobility's position.

Plaintiff's third amended complaint does not set forth any factual allegations that AT&T Mobility copied plaintiff's original work. While plaintiff alleges that prior defendants Mobile Streams, Funmobile, and Mobilefunster sold his copyrighted sound recordings through AT&T networks and that AT&T reaped profits from these sales, *see, e.g.*, Doc. 140, ¶¶ 5-6, 9, there are no allegations that AT&T Mobility was itself engaged in any unauthorized copying of plaintiff's copyrighted material.[2] Because a requisite element of plaintiff's copyright infringement claim is alleging that AT&T Mobility copied the copyrighted works, *Feist Publ'ns*, 499 U.S. at 361, the motion for a more definite statement as to Count I, Copyright Infringement under 17 U.S.C. §§ 101, 106, 501 is **GRANTED**. Likewise, the motion for a more definite statement is **GRANTED** as to Count V, plaintiff's Ohio common law copyright infringement claim.[3]

Plaintiff is **ORDERED** to file a Fourth Amended Complaint within **twenty-one (21) days** of the entry of this Order specifying how AT&T Mobility was involved in the unauthorized copying of his copyrighted materials and any other conduct which allegedly infringed on plaintiff's copyrights.

2. Counts II, III, IV: Inducement of Copyright Infringement; Contributory Copyright Infringement, and Vicarious Copyright Infringement

Inducement of copyright, contributory copyright, and vicarious copyright infringement claims are secondary infringement claims that hinge on an underlying direct copyright infringement claim. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005). *See*

---

[2] Notably, plaintiff's third amended complaint alleges that AT&T infringed on his copyrighted material because "they had knowledge of the infringing acts" of the prior defendants, but there are no allegations that AT&T Mobility itself was engaged in the infringing acts. *See* Doc. 140, ¶ 17.

[3] It is unclear whether plaintiff's Count V: Ohio Common Law Copyright Infringement claim sounds in contract or copyright. *See Tewarson v. Simon*, 750 N.E.2d 103, 111-13 (Ohio Ct. App. 2001) (distinguishing between federal copyright claims and claims arising out of contract but noting that the Copyright Act precludes state-law protection for claims arising under it). Out of an abundance of caution and in consideration of plaintiff's pro se status, the undersigned finds that the most equitable course is to permit plaintiff to submit a more definite statement regarding his copyright claims before assessing whether his state law claim raised in Count V is precluded.

also *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008) ("Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another."); *Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 926 (6th Cir. 2003) (holding that the plaintiff's claim of vicarious liability could not prevail absent direct infringement). As stated above, plaintiff's third amended complaint does not include allegations specifying how AT&T Mobility was involved in copying any protected materials. The third amended complaint does, however, include allegations regarding the copyright infringement conducted by the prior defendants. *See, e.g.*, Doc. 140, ¶¶ 4-6 (plaintiff alleges that Mobile Streams, Funmobile, and Mobilefunster sold plaintiff's copyrighted materials without authorization and that AT&T was aware of, failed to supervise or prevent, and retained profits from these unlawful sales).[4] Given the allegations of record regarding the prior defendants' alleged conduct, the instant allegations of AT&T Mobility's involvement with the prior defendants and retention of profits from its alleged copyright infringement, and plaintiff's pro se status,[5] the undersigned finds that plaintiff's third amended complaint sets forth sufficient allegations on his secondary infringement claims such that AT&T Mobility is able to prepare a responsive filing. *See SKY Tech. Partners*, 125 F. Supp.2d at 298. Any missing specific factual details may be revealed through the discovery process. Consequently, AT&T Mobility's motion for a more definite statement is **DENIED** as to Counts II, III, and IV of plaintiff's third amended complaint.

3. Count VI: Unfair Competition under Lanham Act

Plaintiff's third amended complaint alleges that AT&T is liable to plaintiff under the

---

[4]Default judgment was granted in favor of plaintiff on his copyright claims against Mobile Streams, Funmobile, and Mobilefunster. (Docs. 150, 151).
[5]"[T]he allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed. . . ." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Lanham Act due to AT&T's use of plaintiff's mark in commerce. (Doc. 140, ¶ 81). The Lanham Act, 15 U.S.C. § 1125, is a federal statute governing claims of trademark infringement; the Lanham Act permits causes of action under various prongs. *See Romero v. Buhimschi*, 396 F. App'x 224, 231-33 (6th Cir. 2010) (discussing how the separate prongs of the Lanham Act permit different types of claims, for example, § 43(a)(1)(A) governs "origin of goods" claims while § 43(a)(1)(B) governs misrepresentation claims). To state a claim under the Lanham Act, a complaint must at a minimum advise the defendant under which prong of the statute the plaintiff is proceeding. *See Williamson v. Rexam Beverage Can Co.*, 497 F. Supp.2d 900, 909-10 (S.D. Ohio 2007). Further, claims under the Lanham Act must be alleged with "some degree of particularity" as to the time and nature of the conduct giving rise to the claim.

Plaintiff's third amended complaint fails to notify AT&T Mobility under which prong of the Lanham Act plaintiff's claim arises. Plaintiff simply alleges that AT&T's actions, without specifying which actions in particular, damaged plaintiff's good will and allowed defendants "to gain an unfair competitive advantage over [p]laintiff's continued development of any additional sound recordings and deceived and mislead (sic) [p]laintiff and the public." (Doc. 140, ¶ 79). Because plaintiff has failed to "state generally the content of the alleged misrepresentations" giving rise to his Lanham Act claim or identify under which prong his claim is raised, *see Williamson*, 497 F. Supp.2d at 909, AT&T Mobility's motion for a more definite statement is **GRANTED** as to Count VI, plaintiff's Lanham Act claim.

Plaintiff is **ORDERED** to submit a fourth amended complaint within **twenty-one (21) days** of the entry of this Order specifying under which prong his Lanham Act claim arises and alleging the specific conduct or statements by AT&T Mobility that form the basis of this claim.

    4. <u>Counts VII and VIII: Unfair Competition under Ohio Law and Deceptive and Unfair Trade Practices under Ohio Rev. Code § 4165.02</u>

The third amended complaint states claims of Ohio common law unfair competition and statutory deceptive and unfair trade practices under the Ohio Deceptive and Unfair Trade Practices Act (ODTPA), Ohio Rev. Code § 4165.02. Though plaintiff identifies his Ohio law unfair competition claim as arising under § 4165.02, such claims sound in common law – not statute. Regardless, Ohio state law claims of unfair competition and deceptive and unfair trade practices under Ohio Rev. Code § 4165.02 are analyzed similarly. *See White Mule Co. v. ATC Leasing Co. LLC*, 540 F. Supp.2d 869, 896 (N.D. Ohio 2008) ("a common law unfair competition claim is evaluated using the same analytical framework as a claim under the Deceptive Trade Practices Act. . . .") (internal citation and quotations omitted). Further, the ODTPA is substantially similar to the Lanham Act and "[w]hen adjudicating claims under the [ODTPA], Ohio courts shall apply the same analysis applicable to claims commenced under the analogous federal law." *Chandler & Assoc. v. America's Healthcare Alliance*, 709 N.E.2d 572, 580 (Ohio Ct. App. 1997). "Where claims are made under the Ohio common law and [the ODTPA], Ohio courts are to apply essentially the same analysis as that applied in assessing the law of unfair competition under the federal statutes." *Cesare v. Work*, 520 N.E.2d 586, 590 (Ohio Ct. App. 1987).

    Counts VII and VIII of plaintiff's third amended complaint contains his unfair competition and ODTPA claim, respectively. *See* Doc. 140, ¶¶82-87. Plaintiff generally alleges that defendants[6] have engaged in acts constituting unfair competition and unfair trade practices under Ohio law. (*Id.*). The ODTPA creates avenues for raising various types of claims. For example, a claim may arise where one "passes off goods or services as those of another" or "uses

---

[6] It is unclear if plaintiff's allegations refer to AT&T Mobility, AT&T Inc., or prior defendants Mobile Streams, Inc., Funmobile, or Mobilefunster.

deceptive representations or designations of geographic origin in connection with goods or services. . . ." Ohio Rev. Code. § 4165.02(A)(1), (4). Plaintiff's third amended complaint fails to specify under which prong of the statute he is raising his ODTPA claim or identify the specific conduct by AT&T Mobility that forms the basis of his unfair competition claim. In the absence of such allegations, AT&T Mobility has not been put on notice of the nature of plaintiff's claims and cannot be reasonable expected to prepare a responsive pleading based solely on the existing vague allegations of "unfair competition." Accordingly, AT&T Mobility's motion for a more definite statement is **GRANTED** as to Counts VII and VIII, plaintiff's Ohio common law unfair competition and statutory ODTPA claims.

Plaintiff is thus **ORDERED** to submit a fourth amended complaint within **twenty-one (21) days** of the entry of this Order which includes factual allegations of the specific conduct that AT&T Mobility engaged in that forms the basis of his common law unfair competition and statutory ODTPA claims and, further, which identifies the specific sections of the ODTPA under which his claim arises.

5. Count IX: Unjust Enrichment

To state an unjust enrichment claim under Ohio law, a complaint must allege: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, 684 F. Supp.2d 942, 951 (N.D. Ohio 2009) (quoting *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)). Plaintiff's third amended complaint alleges as follows:

> Defendants ("AT&T") was (sic) unjustly enriched at [p]laintiffs' (sic) expense under circumstances such that equity and good conscience require [d]efendants to make restitution to [p]laintiff. Plaintiff became creditors of [d]efendants when

> [d]efendants committed torts against [p]laintiff. Plaintiff has suffered economic damage and irreparable harm as a result of [d]efendants unfair acts hereon.

(Doc. 140, ¶ 89).[7]

The Court finds that the third amended complaint lacks the allegations necessary to permit AT&T Mobility to prepare a responsive pleading to plaintiff's unjust enrichment claim. The allegations do not identify that plaintiff conferred a benefit on AT&T Mobility of which AT&T Mobility was aware, or that AT&T retained such benefit unjustly. As these are requisite elements of an unjust enrichment claim under Ohio law, *see In re Whirlpool*, 684 F. Supp.2d at 951, AT&T Mobility's motion for a more definite statement is **GRANTED** as to plaintiff's Ohio law unjust enrichment claim, Count IX of the third amended complaint.

Plaintiff is **ORDERED** to file a Fourth Amended Complaint within **twenty-one (21) days** of the entry of this Order that comports with the pleading requirements for stating a claim for unjust enrichment under Ohio law consistent with this Order.

**IV. Conclusion**

For the reasons stated above, AT&T Mobility's motion for a more definite statement is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to: (1) Count I, plaintiff's Copyright Infringement under 17 U.S.C. §§ 101, 106, 501 claim; (2) Count V, plaintiff's Ohio common law copyright infringement claim; (3) Count VI, the Lanham Act claim; (4) Count VII, plaintiff's Ohio common law unfair competition claim; (5) Count VIII, plaintiff's Ohio Deceptive Trade Practices Act claim; and (6) Count IX, plaintiff's Ohio law unjust enrichment claim. The motion is **DENIED** with respect to Counts II, III, and IV, the inducement of copyright infringement claim, the contributory copyright infringement claim, and the vicarious copyright infringement claim, respectively.

---

[7] The Court notes that although plaintiff describes his unjust enrichment claim as a tort claim, unjust enrichment claims are quasi-contractual claims. *See In re Whirlpool*, 684 F. Supp.2d at 960.

Plaintiff is **ORDERED** to file a Fourth Amended Complaint within **twenty-one (21) days** consistent with this Order.

**IT IS SO ORDERED**.

Date: 9/16/14

Karen L. Litkovitz
United States Magistrate Judge