UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

vs.

AT&T Inc. *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Pro se plaintiff Blake Best brings this action against AT&T Inc. and AT&T Mobility LLC (AT&T Mobility), raising various copyright infringement claims. (Doc. 140). This matter is before the Court on defendant AT&T Inc.'s motion to dismiss for lack of personal jurisdiction or, in the alternative, for a more definite statement (Doc. 191), plaintiff's response in opposition and supplements thereto (Docs. 194, 195, 197), and AT&T Inc.'s reply memorandum (Doc. 198).

**I. Factual and Procedural Background**

Plaintiff initiated this action on August 16, 2012, bringing copyright infringement claims against Mobile Streams, Inc., Mobile Streams, PLC, Mobilefunster Inc., Funmobile Ltd., Christian Kwok-Leun Yau Heilesen, and various John Doe defendants. (Doc. 6). On February 26, 2014, default judgment was granted in plaintiff's favor on all claims against defendants Mobilefunster Inc., Funmobile Ltd., and Mobile Streams, Inc. (Docs. 150, 151). On March 11, 2014, plaintiff's claims against defendants Mobile Streams, PLC and Christian Kwok-Leun Yau Heilesen were dismissed for failure to effect service of process. (Doc. 156). On January 13, 2014, plaintiff's motion to substitute was granted and plaintiff's third amended complaint was filed, naming AT&T Mobility and AT&T Inc. as the lone remaining defendants. (Docs. 121,

140). AT&T Inc. subsequently filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b), asserting that this Court lacks personal jurisdiction over it. (Doc. 191).

In the third amended complaint, plaintiff states that he is the author of various copyrighted sound recordings, specifically ringtones for mobile telephones. (Doc. 140, ¶¶ 3, 5). Plaintiff states that in 2009, he developed ringtones that were protected by copyright pursuant to 17 U.S.C. § 101, with copyright registration number: PA 1-633-253.[1] (*Id.*, ¶ 26). Plaintiff maintains that AT&T "introduced" him to prior defendant Mobile Streams, a ringtone "aggregator," on or about June 12, 2006, at which time he entered into a license agreement with Mobile Streams permitting Mobile Streams to sell the ringtones through various internet providers. (*Id.*, ¶ 33). Plaintiff alleges that Mobile Streams submitted his ringtones to prior defendants "Funmobile/Mobilefunster and other wireless carriers" while plaintiff himself submitted the recordings to AT&T. (*Id.*, ¶ 4). Plaintiff further alleges that, unbeknownst to him, Funmobile and Mobilefunster also sold plaintiff's ringtones through the AT&T network and other websites. (*Id.*, ¶¶ 5, 30). Plaintiff maintains that Mobile Streams failed to keep accurate accounts of the royalties owed plaintiff under the licensing agreement. (*Id.*, ¶ 34). Plaintiff refers to AT&T Mobility and AT&T Inc. as "AT&T" collectively, and alleges that AT&T unlawfully retained direct profits due to the infringing acts of Mobile Streams, Funmobile, and Mobilefunster. (*Id.*, ¶¶ 6, 35-36). Plaintiff maintains that AT&T is liable for any infringement on his copyrighted recordings because they had knowledge of and profited from the unauthorized sales, and engaged in a deliberate effort to infringe on his copyrights. (*Id.*, ¶¶ 9, 14-15). AT&T allegedly had knowledge of this unlawful copyright infringement as of August 9, 2009, at which

---

[1] A record search of the United States Copyright Office reveals that plaintiff retains two copyrights: (1) a 2005 copyright titled "Slang tones," No. Pau002983895; and (2) a 2006 copyright titled "PA0001633253." *See* http://www.copyright.gov/records/. *See also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (the Court may look to public records without converting a Rule 12 motion into a motion for summary judgment under Fed. R. Civ. P. 56).

time they were served with "cease and desist" letters. (*Id.*, ¶¶ 17, 30). Plaintiff alleges that the unlawful sales generated millions of dollars in profits for AT&T and the prior defendants, and plaintiff seeks an accounting of the profits retained by AT&T. (*Id.*, ¶¶ 18, 32). Plaintiff further alleges that AT&T is liable for the copyright infringements alleged because AT&T "introduced" plaintiff to Mobile Streams and had knowledge of the unlawful activity occurring on its network. (*Id.*, ¶ 37). Plaintiff raises eight claims against AT&T: (1) copyright infringement under 17 U.S.C. §§ 101, 106, 501; (2) inducement of copyright infringement under 17 U.S.C. § 106; (3) contributory copyright infringement under 17 U.S.C. § 106; (4) vicarious copyright infringement under 17 U.S.C. § 106; (5) common law copyright infringement; (6) unfair competition under the Lanham Act, 15 U.S.C. § 125; (7) unfair competition under Ohio Revised Code § 4165.02; (8) deceptive and unfair trade practices under Ohio Revised Code § 4165.02; and (9) a common law unjust enrichment claim. (*Id.*, ¶¶ 38-90).

## II. Standard of Review

Where a defendant moves to dismiss a case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" showing that the court has personal jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)). The court considers the pleadings in the light most favorable to the plaintiff and does not weigh the disputed facts, although the court may consider the defendant's undisputed factual assertions. *Id.* (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)).

Where the district court's subject matter jurisdiction stems from the existence of a federal question, the plaintiff must satisfy the state law requirements for personal jurisdiction. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). This is likewise true where the federal court's jurisdiction is premised on diversity of citizenship. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012); *Conn,* 667 F.3d at 711.[2] Under Ohio law, personal jurisdiction over a non-resident defendant exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met. *Schneider,* 669 F.3d at 699; *Conn,* 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994)).

Ohio's long-arm statute grants the court personal jurisdiction over a non-resident if his conduct falls within one of the nine bases for jurisdiction listed under the statute.[3] *See* Ohio Rev. Code § 2307.382(A). The federal due process clause requires that the defendant have sufficient "minimum contact[s]" with the forum state such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn,* 667 F.3d at 712 (citing *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (quoting *Int'l*

---

[2] Plaintiff appears to premise jurisdiction on the existence of federal questions as he raises federal copyright infringement claims under 17 U.S.C. §§ 101, 106, and 501. It also appears that plaintiff premises jurisdiction of his state law claims on diversity of citizenship under 28 U.S.C. § 1367. *See* Doc. 140, ¶ 22.

[3] Section 2307.382(A) states: "A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
  (1) Transacting any business in this state;
  (2) Contracting to supply services or goods in this state;
  (3) Causing tortious injury by an act or omission in this state;
  (4) Causing tortious injury . . . by an act or omission outside this state . . .;
  (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state . . .;
  (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons . . .;
  (7) Causing tortious injury to any person by a criminal act;
  (8) Having an interest in, using, or possessing real property in this state;
  (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
Ohio Rev. Code. § 2307.382(A).

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Two types of personal jurisdiction exist under the due process clause: general jurisdiction, when the suit does not arise from defendant's contacts with the forum state; and specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state. *Id.* at 712-13 (citing *Third Nat'l Bank,* 882 F.2d at 1089) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, n.15 (1985)). A non-resident defendant may be subject to the general jurisdiction of the forum state only where his contacts with that state are "continuous and systematic." *Id.* at 713 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, n.9 (1984)). A finding of specific jurisdiction requires that three elements be satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (citing *Bird*, 289 F.3d at 874) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

**III. Resolution**

AT&T Inc. moves to dismiss plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that this Court lacks personal jurisdiction over it. AT&T Inc. asserts that it is a holding company and the parent company of AT&T Mobility, and that it is a legally and factually separate corporate entity from its subsidiaries. As a holding company, AT&T Inc. maintains that it does not provide or offer products or services, maintain or own a telecommunications network, or provide any telecommunication services or services of any kind to the public. AT&T Inc. asserts that it has no presence in the State of Ohio; it is a Delaware corporation with its principal place of business in Dallas, Texas; and it does not own, lease,

manage, or maintain any real property, office, residence, or place of business in Ohio. Further, AT&T Inc. states that it does not pay any income, property, or franchise taxes to the State of Ohio; it is not registered, licensed, or otherwise qualified to do business in Ohio; and it has no registered agent in Ohio for purposes of accepting service of process. AT&T Inc. therefore asserts that the Ohio long-arm statute does not permit this Court to exercise jurisdiction over it. In addition, AT&T Inc. asserts it lacks "minimum contacts" with the State of Ohio such that imposing jurisdiction over it would violate its due process rights under the Fourteenth Amendment. Accordingly, AT&T Inc. moves to dismiss plaintiff's claims against it. (Doc. 191). AT&T Inc. supports its assertions with the affidavit of Steven Threlkeld, an Assistant Vice President in the Finance-Accounting Department of AT&T Services, Inc. *See* Doc. 191, Ex. A, ¶ 1.

Plaintiff opposes the motion and asserts that: (1) AT&T Inc. waived its right to assert lack of personal jurisdiction as a defense by having counsel of record appear in this matter; (2) the Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332, because it involves federal questions and there is diversity of citizenship among the parties; and (3) jurisdiction is proper under the Ohio long-arm statute because AT&T Inc., through its own actions and the actions of AT&T Mobility – an alter-ego of AT&T Inc., is conducting business in Ohio. (Doc. 194). Plaintiff supports his position with various exhibits, including an email from plaintiff; a copy of a letter from United States Senator Al Franken to various heads of telecommunications providers; biographies of AT&T executives as found on www.att.com; portions of documents purportedly filed by AT&T Inc. with the Securities and Exchange Commission; documents purportedly reflecting that AT&T Inc. spends significant money in lobbying efforts; press releases regarding AT&T's plans to expand its fiber network to up to 100 cities nationally; and

news reports on AT&T's employment in Ohio and its donations to Ohio non-profits and other expenditures in Ohio. *See* Doc. 1, Ex. 1. Plaintiff has also submitted an amended affidavit intended to document his contact with AT&T Inc. *See* Doc. 197. This amended affidavit largely reiterates the arguments raised by plaintiff in his opposition brief and his allegations that AT&T Inc., by virtue of its affiliation with the website www.att.com is liable to plaintiff for his various copyright claims. (*Id.*). For the following reasons, AT&T Inc.'s motion to dismiss for lack of personal jurisdiction is well-taken.

  A. <u>Whether AT&T Inc. Waived the Right to Raise a Personal Jurisdiction Defense</u>.

  A party waives the right to assert lack of personal jurisdiction as a defense to a pleading failing to raise the issue when making a motion under Federal Rule of Civil Procedure 12 or by failing to include the defense in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B).

  Plaintiff argues that AT&T Inc. waived its personal jurisdiction defense and submitted to the Court's jurisdiction because its attorneys entered general appearances with the District Court on its behalf. *See* Doc. 194 at 5, 21-22.[4] The Sixth Circuit recently addressed the issue of waiver of the personal jurisdiction defense in *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011). In analyzing whether the defendants had waived the right to assert this defense, the *Gerber* court noted that "while the voluntary use of certain district court procedures serve as constructive consent to the personal jurisdiction of the district court, not all do." *Id.* at 519 (internal citations and quotations omitted). While the *Gerber* court ultimately held that the "[d]efendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district

---

[4]Plaintiff asserts that AT&T Inc. "participated in the litigation of this case, through the filing of motions and responses." (Doc. 194 at 22). Plaintiff's characterization of AT&T Inc.'s participation in this litigation is inaccurate. As stated herein, AT&T Inc.'s activity in this case has been limited to seeking clarification of and extensions for its deadline by which to file a responsive pleading. AT&T Inc. has filed no responses to any motion filed by plaintiff and plaintiff's representation to the contrary are plainly refuted by a review of the Court's docket. Notably, AT&T Mobility – not AT&T Inc. – has responded to several of plaintiff's motions. *See*, *e.g.*, Docs. 182, 183, 186.

court's jurisdiction, and therefore, a waiver of [d]efendants' personal jurisdiction defense," *id.* at 520, this conclusion was made after consideration of the defendants' activity as a whole in the litigation which gave the plaintiff "a reasonable expectation that [the d]efendants will defend the suit on the merits. . . ." *Id.* at 519. For example, the court found that the *Gerber* defendants did *not* waive jurisdiction by filing motions to stay the litigation pending arbitration and to vacate the entry of default judgment against them as such motions did not signal their intent to defend the suit on its merits. *Id.* at 519-20. The Court concluded, nevertheless, that the "[d]efendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of [d]efendants' personal jurisdiction defense." *Id.* at 520. *See also M&C Corp. v. Erwin Behr GmbH & Co., KG*, 508 F. App'x 498, 501-02 (6th Cir. 2012) (reaffirming *Gerber*'s holding that filing a general appearance by counsel amounts to a waiver of the right to raise a personal jurisdiction defense).

Here, however, AT&T Inc. has not filed a general (or specific) appearance in this matter; thus, the bright-line rule enunciated in *Gerber* does not apply.[5] Instead, the Court must examine the totality of AT&T Inc.'s activity in this litigation to determine whether such activity gave plaintiff "a reasonable expectation that [it would] defend the suit on the merits. . . ." *Gerber*, 649 F.3d at 519. In making this determination, the Court can look to AT&T Inc.'s submissions, appearances and filings. *Id.*

---

[5]*Gerber* is also distinguishable as the defendants in that case waited two-and-a-half years after filing their appearance before filing the motion to dismiss for lack of personal jurisdiction and, in the interim, engaged in discovery and moved the court to enforce a settlement agreement which the Sixth Circuit deemed constructive notice to plaintiff that the defendants intended to litigate the suit on the merits. *See Gerber*, 649 F.3d at 518-20. In contrast, AT&T Inc.'s activity in this litigation, as discussed *infra*, has been limited to asserting the defense of lack of personal jurisdiction under Fed. R. Civ. P. 12(h). The Court further notes that courts interpreting *Gerber* have declined to narrowly construe its holding and look to "all the relevant circumstances" when determining waiver. *See King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012). *See also Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 1:14-cv-329, 2014 WL 3615382, at *5 (N.D. Ohio July 18, 2014); *Miami Valley Fair Housing Ctr. Inc. v. Steiner & Assoc., Inc.*, No. 3:08-cv-150, 2012 WL 5830252, at *2-3 (S.D. Ohio Nov. 16, 2012).

The following summary encompasses the whole of AT&T Inc.'s litigation activity in this matter. Plaintiff first named AT&T Inc. as a defendant in February 2014. (Doc. 140). Service of process was effected on AT&T Inc. on March 28, 2014 (Doc. 163), and on April 8, 2014, AT&T Inc. filed a motion seeking clarification as to when its responsive pleading was due. (Doc. 164). Aside from seeking an extension of time by which to file a responsive pleading (Doc. 168), AT&T Inc.'s only other activity in this matter has been to file the instant motion to dismiss.

AT&T Inc.'s activity in this case is not the sort of conduct that would give plaintiff the "reasonable expectation" that it intended to defend this suit on its merits. Indeed, AT&T Inc.'s conduct has been limited entirely to its interest in raising the defense of lack of personal jurisdiction, which in no way could be reasonably interpreted as signaling an intent to litigate the merits of plaintiff's lawsuit. In consideration of AT&T Inc.'s litigation activity in this matter, the absence of a general appearance on file by AT&T Inc.'s counsel, and the fact that AT&T Inc. raised the defense of personal jurisdiction in its first responsive pleading, the undersigned finds that there has been no waiver under Fed. R. Civ. P. 12(h).

The Court now turns to the merits of AT&T Inc.'s personal jurisdiction defense.

B. Whether This Court Lacks Personal Jurisdiction Over AT&T Inc.

To demonstrate that personal jurisdiction exists over AT&T Inc., plaintiff appears to rely on the first two subsections of the Ohio long-arm statute, which provide that the Court may exercise personal jurisdiction over a person who (1) transacts business in Ohio or (2) contracts to supply services or goods in Ohio. *See* Ohio Rev. Code § 2307.382 (A)(1), (2). Plaintiff further asserts that AT&T Inc. caused him tortious injury in the State of Ohio such that the Court has

personal jurisdiction over it pursuant to Ohio Rev. Code § 2307.382 (A)(3).[6] For the following reasons, the undersigned finds that plaintiff has not made a prima facie showing of personal jurisdiction over AT&T Inc.

As stated above, AT&T Inc. has put forth affidavit evidence establishing that: (1) AT&T Inc. is a holding company that is legally and factually distinct from its subsidiaries, which include AT&T Mobility; (2) AT&T Inc. does not provide or offer products or services; (3) the AT&T brand and logo is owned by AT&T Intellectual Property, Inc., a subsidiary of AT&T Inc., and the use of the brand and logo is shared by multiple companies offering different products and services who are charged a licensing fee for use of the AT&T name, logo, and website, and does not signify that the services are being offered or provided by AT&T Inc.; (4) the AT&T logo is found on various buildings in Ohio pursuant to their licensing agreements but do not signify that the premises are owned or operated by the AT&T Inc.; (5) the AT&T brand appears nationally through advertising and the www.att.com website, but such activities are undertaken by subsidiaries of AT&T Inc.; (6) AT&T Inc. is headquartered in Dallas, Texas, which is its only place of business; (7) AT&T Inc. has no employees, sales representatives, or distributors, and produces nothing to sell or distribute; (8) AT&T Inc. has no employees in Ohio and no presence in Ohio, including no office or mailing address, and it does not own, lease, manage, or maintain any real property, office, residence, or place of business in Ohio; (9) AT&T Inc. does not pay any income, property, or franchise taxes to the State of Ohio; and (10) AT&T Inc. does not

---

[6]The Court notes that plaintiff's third amended complaint does not include any tort claims against either AT&T Mobility or AT&T Inc. See Doc. 140. Plaintiff's argument that AT&T Inc. engaged in tortious conduct in the State of Ohio in support of finding personal jurisdiction refers to an email and telephonic communications plaintiff made with AT&T Mobility employees regarding his concerns about the alleged improper acts committed by the prior defendants, Funmobile, Mobilefunster, and Mobile Streams. See Doc. 194 at 16. In consideration of: (1) the absence of any tort claims against AT&T Inc.; (2) the scope of plaintiff's argument, which refers only to the prior defendants and AT&T Mobility; and (3) the lack of any facts or argument explaining how AT&T Inc. engaged in tortious activity, there is no basis from which the Court can conclude that AT&T Inc. engaged in tortious conduct in the State of Ohio for purposes of establishing personal jurisdiction.

manufacture, provide, or place into the stream of commerce for Ohio or elsewhere any product of any kind or any service of any nature, including third-party billing services. *See* Doc. 191, Ex. 1, ¶¶ 5-17, 20, Affidavit of Steven Threlkeld.

Plaintiff does not dispute Mr. Threlkeld's representations, but asserts that they are "not in conjunction with what AT&T has filed with the SEC (U.S. Securities and Exchange Commission), and FEC (Federal Election Commission)." (Doc. 194 at 6). Plaintiff maintains that AT&T has significant contacts with Ohio, including spending millions of dollars in lobbying efforts and in political donations to encourage its business efforts in Ohio. As stated above, plaintiff supports his propositions with various exhibits; however, the evidence put forth fails to refute the affidavit evidence proffered by AT&T Inc.

Notably, plaintiff refers to AT&T Inc. as simply "AT&T" throughout his memorandum and supplemental filings. *See* Docs. 194, 197, 195. It is therefore unclear to the Court whether plaintiff comprehends the distinction between the two named defendants in this matter: AT&T Mobility and AT&T Inc. In any event, the exhibits and evidence provided by plaintiff fails to establish that AT&T Inc. engages in business transactions in or has minimum contacts with the State of Ohio for purposes of establishing personal jurisdiction. For example, plaintiff presents a letter from United States Senator Al Franken addressed to, among others, the Chairman, CEO, and President of AT&T Inc., wherein the Senator expresses concern regarding the use of certain pre-installed diagnostics software on smartphones given its potential to transmit highly sensitive information without the end-user's knowledge. *See* Doc. 195, Ex. 1 at 2-4, December 1, 2011 Letter from Senator Franken. Not only is this letter unverified inadmissible hearsay, *see* Fed. R. Evid. 801, the contents of this letter are entirely irrelevant to the pertinent inquiry: whether AT&T Inc. has minimum contacts with Ohio for the purpose of establishing personal

jurisdiction. At most, this letter reflects the concerns of a United States Senator regarding the use of pre-installed software on smartphones; accordingly, the letter is not relevant to the issues raised by AT&T Inc.'s motion to dismiss.

The other evidence submitted by plaintiff fails to establish a prima facie case of personal jurisdiction over AT&T Inc. Plaintiff has provided a copy of the executive biography of Cathy M. Coughlin, ostensibly as maintained on the website www.att.com, which describes Ms. Coughlin's corporate responsibilities but says nothing as to AT&T Inc.'s contacts with the State of Ohio. *See* Doc. 195, Ex. 1 at 5. *See also* Doc. 195, Ex. 1 at 6 (plaintiff has submitted information regarding the CEO of AT&T Inc., which includes compensation data, but which is silent as to AT&T Inc.'s contacts with the State of Ohio). The documents regarding AT&T Inc. Ohio Employee Political Action Committee, *see* Doc. 195, Ex. 1 at 9-10, establish only that there is an entity identified as the AT&T Inc. Ohio Employee Political Action Committee, not that AT&T Inc. has sufficient contacts with the State of Ohio for purposes of establishing personal jurisdiction. Plaintiff has also provided press releases regarding AT&T's efforts to create fiber networks in 100 U.S. Cities, but this press release does not specify which AT&T entity would be undertaking these efforts. *See* Doc. 195, Ex. 1 at 11. Moreover, as noted by AT&T Inc. in its reply brief (Doc. 198 at 10), this press release includes an asterisk after AT&T which provides that "AT&T products and services are provided or offered by *subsidiaries and affiliates* of AT&T Inc. under the AT&T brand *and not by* AT&T Inc." *See* http://about.att.com/story/att_eyes_100_u_s_cities_and_municipalities_for_its_ultra_fast_ fiber_network.html (last visited September 5, 2014) (emphasis added).[7] The other press releases plaintiff provides are similarly wanting. *See* Doc. 195, Ex. 1 at 12 (a press release regarding the

---

[7]Plaintiff's failure to include the full copy of this press release calls into question the reliability of the remainder of his exhibits.

new president of AT&T Ohio is silent as to AT&T Inc.'s contact with the state); Doc. 195, Ex. 1 at 13 (a January 16, 2014 headline from a Reuters article reflects that AT&T employs Ohio residents but fails to identify which AT&T entity is the employer); Doc. 195, Ex. 1 at 14 (a press release shows that AT&T has donated to the Legal Aid Society of Columbus, but does not specify that AT&T Inc. was the donating entity); Doc. 195, Ex. 1 at 15 (a March 13, 2014 article from the Akron Beacon Journal reflects that AT&T spent significant funds in improvements to its wired and wireless networks in Ohio, but does not identify any contacts with the state by AT&T Inc.). Plaintiff also provides a copy of what appears to be a filing by AT&T Inc. with the S.E.C. (Doc. 195, Ex. 1 at 7-8). Rather than establish that AT&T Inc. has contacts with the State of Ohio, this document supports defendant's position as it relates that AT&T Inc. is a holding company incorporated under the laws of the State of Delaware and headquartered in Dallas, Texas. *See id.* Plaintiff asserts that this filing supports the proposition that AT&T Inc. has contacts with the State of Ohio because the document includes a representation that AT&T Inc. maintains the www.att.com website, which is the website through which the alleged infringing conduct occurred. *See* Doc. 197, Plaintiff's Affidavit. However, as noted by AT&T Inc., *see* Doc. 198 at 11-12, the S.E.C. filing was a consolidated financial statement including the accounts of AT&T Inc. and its subsidiaries and affiliates. *See* Doc. 195, Ex. 1 at 7. Given the umbrella nature of this document and Mr. Threlkeld's unrefuted affidavit evidence, the Court finds that it does not suffice to establish that AT&T Inc. maintains the www.att.com website such that it has minimum contacts with the State of Ohio for purposes of establishing personal jurisdiction.

  Construing this evidence in the light most favorable to plaintiff, the Court cannot conclude that plaintiff has established a prima facie showing of personal jurisdiction. There is

simply no evidence showing that AT&T Inc., as an entity separate and apart from the conduct of its subsidiaries and affiliates, has the minimum contacts with the State of Ohio necessary to establish that this Court has personal jurisdiction over it. Plaintiff has not put forth any evidence showing that AT&T Inc. has transacted business or supplied or contracted for the sale of goods in the State of Ohio. Accordingly, plaintiff has not established that this Court has personal jurisdiction over AT&T Inc. under the Ohio long-arm statute. *See Garlock v. Ohio Bell Telephone Co., Inc.*, No. 1:13-cv-2200, 2014 WL 2006781, at *3 (N.D. Ohio May 15, 2014) (holding that plaintiff failed to establish that the District Court for the Northern District of Ohio had personal jurisdiction over AT&T Inc., where plaintiff relied on similar evidence of press releases and bios of AT&T executives).

To the extent plaintiff asserts that jurisdiction over AT&T Inc. is proper under an alter-ego theory, *see* Doc. 194 at 5, the Court disagrees. Plaintiff does not present a developed argument on this issue, but simply posits that "AT&T is conducting business in Ohio through its own actions, acquisitions and by the actions of AT&T mobility, and AT&T Ohio as agents, or successors of AT&T through alter ego (sic) of these corporations that would be subject to personal jurisdiction in this Court." (Doc. 194 at 5). In support, plaintiff cites to *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008), where the Sixth Circuit addressed "the extent to which a parent corporation is subject to general jurisdiction based on activities of a subsidiary." *Id*. at 362. Personal jurisdiction over a parent company is appropriate under an alter-ego theory where "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for personal jurisdiction." *Id*. (internal quotations and citations omitted). In determining the appropriateness of piercing the corporate veil of the subsidiary to impute personal jurisdiction to the parent

company, "Ohio courts consider facts such as whether (1) corporate formalities are observed, (2) corporate records are kept, and (3) the corporation is financially independent." *Id.* (citing *Microsys Computing, Inc. v. Dynamic Data Sys.*, No. 4:05-cv-2205, 2006 WL 2225821, at *6 (N.D. Ohio Aug. 2, 2006)).

Plaintiff has put forth no evidence establishing that AT&T Inc. and it subsidiaries acting in Ohio operate as one entity for purposes of establishing personal jurisdiction under an alter-ego theory. Further, the unrefuted affidavit of Mr. Threlkeld establishes that AT&T Inc. is a legally and factually separate corporate entity from its subsidiaries. *See* Doc. 191, Ex. 1. Plaintiff has therefore failed to meet his burden of establishing that this Court can exercise personal jurisdiction over AT&T Inc. under an alter-ego theory. *See Conn*, 667 F.3d at 711 (6th Cir. 2012); *Estate of Thomson*, 545 F.3d at 360.

Lastly, plaintiff argues that:

> United States Code Sections 1331 and 1332 that give district Courts original jurisdiction in limited circumstances. Under 28 U.S.C. § 1331, Courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the Unites States. As sections 1331 and 1332. This case is of diversity jurisdiction as outlined in Plaintiff's case, thus, would a fifth amendment jurisdictional standard be applied to this diversity cases?

(Doc. 194 at 5). As best the Court can discern, plaintiff contends that because this matter involves federal questions and because there is diversity of citizenship among the parties, there is no need to *also* establish the existence of personal jurisdiction. Plaintiff's argument is not well-taken.

"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of court was prerequisite to its rendition of a judgment personally binding him." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316

(1945) (citing *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877)). As the methods for effecting service of process evolved, the Supreme Court held that due process requires that a defendant have "certain minimum contacts with [the forum court] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id*. (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Thus, while a court may have *subject matter* jurisdiction over a lawsuit because it involves a federal question or claims between diverse parties, plaintiff must still satisfy the state law requirements for *personal* jurisdiction. *See Bird*, 289 F.3d at 871; *Schneider*, 669 F.3d at 699. As stated above, plaintiff has not put forth evidence establishing that that this Court has personal jurisdiction over defendant AT&T Inc. and, consequently, the instant motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

AT&T Inc.'s motion to dismiss (Doc. 191) be **GRANTED** and plaintiff's claims against AT&T Inc. be **DISMISSED** for lack of personal jurisdiction.

Date: 9/16/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

vs.

AT&T Inc. *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).