UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Blake Best,                                    :      Case No. 1:12-cv-564
                                               :
        Plaintiff,                             :
                                               :
vs.                                            :
                                               :
Mobile Streams, Inc., et al.,                  :
                                               :
        Defendants.                            :

**ORDER**

On September 16, 2014, the Magistrate Judge issued a Report and

Recommendation (Doc. 204) addressing the motion to dismiss filed by defendant AT&T

Inc.  The Magistrate Judge recommended that the Court grant the motion, because the

Court lacks personal jurisdiction over AT&T Inc.  Plaintiff has timely filed objections to

the Report.  (Doc. 205)   For the following reasons, the Court agrees with the Magistrate

Judge's recommendations, and adopts the Report in full.

The background to the pending motion is discussed in the Report (Doc. 204 at 1-

3), and that discussion is adopted here.  As relevant to AT&T Inc.'s motion to dismiss,

Plaintiff Blake Best filed his third amended complaint on January 13, 2014, naming

AT&T Mobility and AT&T Inc. as the only remaining defendants.  Best alleges that he

owns copyrights to various recordings, which are "ringtones" used for mobile

telephones.  He generally alleges that the defendants have infringed his copyrights or

induced others to infringe them, and asserts claims for copyright infringement and other

statutory and common law claims.  (See Doc. 140, Third Amended Complaint.)

AT&T Inc. moved to dismiss the complaint, asserting this Court lacks personal

jurisdiction over this defendant.  (Doc. 191)  The motion is supported by the affidavit of Steven Threlkeld, an Assistant Vice President of AT&T Services, Inc.  (Doc. 191, Ex. A) Threlkeld also serves as the Controller for AT&T Inc.  He avers that AT&T Inc. is and always has been a holding company, and is the indirect parent corporation of a variety of operating companies that use the trade name "AT&T."  These companies include the defendant AT&T Mobility LLC, and the Ohio Bell Telephone Company, doing business under the name "AT&T Ohio."  These companies are separate corporate or limited liability entities.  The website, www.att.com, is maintained and administered by AT&T Intellectual Property, Inc., and AT&T Services, Inc., which are independent subsidiaries of AT&T Inc.  As a holding company, AT&T Inc. does not provide products or services that are marketed and sold by other "AT&T" entities, and does not own any transmission or telecommunications network property.  AT&T Inc. is headquartered in Dallas, Texas, which is its only place of business.  It maintains no presence in Ohio, has no employees or property in this state, and does not pay taxes to or in Ohio.

The Magistrate Judge concluded that Best failed to make a prima facie showing of personal jurisdiction over AT&T Inc.  She exhaustively reviewed Best's response to the motion and the exhibits he filed in support, and concluded that the record failed to rebut Threlkeld's affidavit and AT&T Inc.'s arguments.  She also rejected Best's contention that AT&T Inc. waived its personal jurisdiction defense by filing certain motions in this case.  (Doc. 204)

**DISCUSSION**

As the plaintiff, Best bears the burden of establishing that personal jurisdiction is properly exercised over each of the Defendants.  The Court may rule on a jurisdictional

-2-

motion to dismiss without an evidentiary hearing, in which case the Court must consider the pleadings and any affidavits filed in the light most favorable to Best.  He need only make a prima facie showing of the propriety of jurisdiction, a burden that the Sixth Circuit has described as "relatively slight."  American Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988).  In order to establish that personal jurisdiction is properly asserted over AT&T Inc. in this case, Best must show that Ohio's long-arm statute (Ohio Rev. Code 2307.382(A)) confers jurisdiction, and that the assertion of jurisdiction will not offend AT&T Inc.'s due process rights.

In his objections, Best initially contends that he sued AT&T Inc. "because it receives a financial benefit" from the infringing conduct he alleges in his complaint, which he suggests is a sufficient basis for personal jurisdiction.   (Doc. 205 at 3) This is not a correct statement of the law.  As noted above, Best must show that jurisdiction may be properly exercised under one of the nine bases for jurisdiction set forth in Ohio Rev. Code 2307.382(A), and comports with due process.  The fact that AT&T Inc. might have financially benefitted from conduct carried on by others does not fall under any sub-section of the long-arm statute, and does not by itself establish a basis for personal jurisdiction.

Best then argues that the Magistrate Judge erred in concluding that AT&T Inc. did not waive its jurisdictional defense.  He contends that it is well-settled that such defenses are waived if not asserted "at the defendant's first opportunity."  Therefore, he suggests that the defendant must raise that defense in the "first motion" filed in the case.  Because AT&T Inc.'s "first" motion in this case was a motion to clarify its responsive pleading date (see Doc. 164), Best argues that AT&T Inc. waived any and

-3-

all jurisdictional defenses. The Magistrate Judge correctly rejected this argument. She noted that under Fed. R. Civ. P. 12(h), a party must raise a personal jurisdiction defense in a Rule 12 motion or a responsive pleading, or it is waived. A general appearance in an action, or a course of conduct that amounts to constructive consent to jurisdiction, may also result in waiver. AT&T Inc. did not file a general appearance in this case. Its preliminary motions seeking to clarify its response date (Doc. 164), and for additional time in which to respond to the third amended complaint (Doc. 168), are not a general appearance. These motions are also not responsive pleadings, nor were they filed under Rule 12. Best's objection to the Magistrate Judge's conclusions about waiver is overruled.

Best next objects to the Magistrate Judge's substantive findings concerning personal jurisdiction. He argues that AT&T Inc.'s filings with the SEC rebut Threlkeld's affidavit, because the SEC 10-K filings show that AT&T Inc. owns AT&T Mobility, that it files consolidated tax returns, and issues consolidated financial statements. Best argues that these filings establish that AT&T Inc. considers itself "... an integrated national telecommunication service conglomerate." (Doc. 205 at 8) Best's reliance on the SEC filings is misplaced, because nothing in the fact that AT&T Inc. files consolidated financial statements or tax returns, or is the parent corporation of AT&T Mobility LLC, suggests that it does business in Ohio, provides services or goods in Ohio, or possesses any property in Ohio. None of the statements in the SEC filings contradict Threlkeld's affidavit, nor do they show that personal jurisdiction over the holding company is proper under any subsection of the Ohio long-arm statute.

Best cites Rowe v. AT&T, Inc., 2014 U.S. Dist. LEXIS 5102 (S.D. Carolina, Jan.

-4-

15, 2014), a case in which the plaintiff brought a panoply of claims challenging an early termination fee imposed on her when she cancelled her contract for business telephone service. The plaintiff had entered into a written telephone services contract with BellSouth in 2007; sometime later BellSouth allegedly sent her an automatic renewal notice that plaintiff claimed she did not see. The renewal notice stated that early termination of the automatically-renewed contract would result in additional fees being charged. Plaintiff alleged that AT&T Inc. was the successor in interest and agent of BellSouth due to the merger of the two companies. Plaintiff also alleged that AT&T Inc. knew about and failed to respond to complaints from her (and other consumers) about BellSouth's hidden renewal notice and early termination fee that AT&T Inc. charged her, and which she paid to protect her credit rating. The district court held these allegations were sufficient to establish jurisdiction over AT&T Inc. Here, in contrast, there is no allegation of a written contract or any other direct relationship between Best and AT&T Inc. Throughout his Third Amended Complaint, Best generally refers to "AT&T" without differentiating between the two separate entities he sued. The exhibits he attached to his complaint include email communications between Best and representatives of AT&T Mobility, but there is no mention of AT&T Inc.

Best further argues, as he did in opposing AT&T Inc.'s motion to dismiss, that the FEC's website lists a lobbying group registered as "AT&T INC. OHIO EMPLOYEE POLITICAL ACTION COMMITTEE," with an address in Cleveland, Ohio. He asserts that the existence of this entity permits the assertion of general jurisdiction over AT&T, Inc., because it maintains "continuous and systematic" contacts with the state of Ohio. (Doc. 205 at 14-15) The Magistrate Judge correctly found that this evidence would

"establish only that there is an entity identified as the AT&T Inc. Ohio Employee Political Action Committee, not that AT&T Inc. has sufficient contacts with the State of Ohio ...". (Doc. 204 at 12)  This Court agrees; the existence of this political action committee does not satisfy any sub-section of the Ohio long-arm statute for AT&T Inc.

Best then objects to the Magistrate Judge's conclusion that he has not established a basis for asserting alter ego liability or piercing the corporate veil.  He cites a number of cases arising under antitrust law, discussing whether vertical integration of a company is sufficient to establish jurisdiction over a parent corporation. He argues that AT&T Inc. controls all of its subsidiaries' activities, including AT&T Mobility, through interlocking directorates and interdependent finances.  He also suggests that the AT&T entities have created a "single corporate image" through use of the AT&T trade name, such that the public is lead to believe that "AT&T" is one company.  (Doc. 205 at 26-27, citing In re Vitamins Antitrust Litig., 2001 U.S. Dist. LEXIS 25073 (D.D.C. 2001), addressing jurisdiction under the Clayton Act.)  Whether this may be true with respect to "AT&T," the issue is not directly relevant to Best's claims in this case, which are based on copyright infringement, not an antitrust conspiracy or tort claims.  The Magistrate Judge cited Estate of Thomson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 362 (6th Cir. 2008), where the Sixth Circuit discussed the propriety of exercising jurisdiction over a parent corporation based on its subsidiary's activities in the forum state.  The court noted that alter-ego jurisdiction is appropriate if "the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for personal jurisdiction." (Doc. 204 at 14)   The Magistrate Judge concluded that Best has not come forward with

-6-

evidence showing that AT&T Inc. and AT&T Mobility effectively operate as "one entity" in Ohio, such that the parent/holding corporation should be subject to jurisdiction in this state. The Court agrees with this conclusion, and nothing in Best's objections show that the Magistrate Judge's conclusion was clearly erroneous or contrary to law.

Finally, it should be noted that a dismissal based on a lack of personal jurisdiction is without prejudice, and does not operate as an adjudication of the merits of Best's claims against AT&T, Inc. in this case. He is free to re-file those claims in an appropriate court if he chooses to do so.

## CONCLUSION

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Best's objections to the Magistrate Judge's Report and Recommendation lack merit, and are therefore overruled. The Court adopts the Magistrate Judge's recommendations in full.

AT&T Inc.'s motion to dismiss (Doc. 191) is GRANTED. Plaintiff's claims against AT&T Inc. are hereby dismissed, **without prejudice**, for lack of personal jurisdiction. This case remains pending against defendant AT&T Mobility LLC.

SO ORDERED.

DATED: October 7, 2014                        s/Sandra S. Beckwith
                                                  Sandra S. Beckwith, Senior Judge
                                                  United States District Court