IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BLAKE BEST, | : | |
| | : | Case No. 1:12-cv-00564 |
| Plaintiff, | : | |
| | : | Judge Sandra S. Beckwith |
| v. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| MOBILE STREAMS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it appears that certain documents and information produced or disclosed in connection with this lawsuit ("the Litigation") may contain trade secrets, proprietary data, sensitive or confidential information, information otherwise generally unavailable to the public, or which may be privileged under state or federal statutes, court rules, case decisions and/or common law; and

WHEREAS, the parties are interested in permitting discovery to proceed without delay occasioned by possible disputes regarding the confidential nature of certain information.

NOW, THEREFORE, the parties in this case, Plaintiff Blake Best and Defendant AT&T Mobility LLC ("AT&T Mobility") have stipulated, and IT IS HEREBY ORDERED THAT:

1. For purposes of this Stipulated Protective Order ("Protective Order"), "Discovery Material" means all documents, testimony, or other information produced, subpoenaed, transcribed, given to, served upon, or filed by any Party to the Litigation in connection with formal or informal discovery, hearing, or trial proceeding (whether in the form of depositions, transcripts, interrogatory answers, document productions, responses to requests for admission, or otherwise) or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court.

2. For purposes of this Protective Order, "Confidential Information" means Discovery Material containing information which contains or refers to a Party's confidential or proprietary information, and which the Party believes in good faith is entitled to confidential treatment pursuant to 26(c)(7) of the Federal Rules of Civil Procedure. Nothing herein, however, shall restrict the use or disclosure of documents or Confidential Information obtained independently of discovery proceedings in the Litigation.

3. For purposes of this Protective Order, "Highly Confidential — Attorneys' Eyes Only Information" (also referred to as "Highly Confidential Information") means Discovery Information that that the Party believes in good faith contains highly confidential material which comprises highly sensitive technical information relating to research for and production of current products, technical business and research information regarding future products, highly sensitive financial information and marketing plans and forecasts.

4. No Confidential Information or Highly Confidential Information, or any copy, excerpt, digest, compilation or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided in this Protective Order.

5. Documents or other physical information shall be designated as Confidential Information or Highly Confidential Information by marking it before or at the time of production or copying with the legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only" as appropriate. A Party's failure to designate any Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" at the time of production does not constitute a waiver of confidentiality and shall not preclude later designation as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information or Highly Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party

photocopying or otherwise reproducing Confidential Information shall ensure that the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" designation appears clearly on any such copies or reproductions.

6. If Confidential Information or Highly Confidential Information is the subject of any deposition testimony or is attached to or otherwise included with a deposition transcript, those portions of the deposition transcript itself shall be deemed Confidential Information or Highly Confidential Information and shall be so designated by placing on the cover the legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only" as appropriate.

7. Any summaries or notes prepared from any document marked "Confidential" or "Highly Confidential" are subject to the provisions of this Protective Order.

8. Entry of this Protective Order and compliance with its terms do not constitute an admission that any document does in fact contain a trade secret, proprietary data or other confidential information or highly confidential information. Any Party may challenge the designation of any document as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by first conferring with counsel for the producing party within three business days after a party has raised a challenge to the designation. If an informal agreement cannot be reached concerning the designation of the document as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" either Party, after first providing notice to counsel for the other Party, seek a ruling from the Court regarding the designation of any Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

9. Nothing in this Protective Order shall affect the initial burden of proof applicable to claims that certain information is Confidential Information or Highly Confidential Information, which shall be on the Party seeking such protection to establish that the information is entitled to confidential treatment. Notwithstanding this burden, the information in issue shall continue to be

treated as Confidential Information or Highly Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in the Litigation shall be obliged to challenge the propriety of the designation of any Confidential Information or Highly Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation or any motion to seek permission to disclose such Confidential Information or Highly Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect either Party's right to seek modification of this Protective Order.

10. Nothing herein shall be deemed to constitute a waiver of any applicable privilege.

11. Inadvertent production of any document or information without a designation of "Confidential" or "Highly Confidential — Attorneys' Eyes Only" will not be deemed to waive a claim by the producing party as to the document or information's confidential nature or estop the producing party from designating said document or information as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" at a later date. Disclosure of said document or information by the recipient prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

12. Except with the prior written consent of the producing party or upon prior order of this Court obtained after sufficient notice to all counsel, or as provided in Paragraph 8 of this Protective Order, Confidential Information shall not be disclosed to any person other than:

(a) Counsel for the parties in this litigation;

(b) Secretaries, legal assistants, and other employees or agents of such counsel assigned to assist such counsel in this litigation;

(c) Deposition reporters engaged for any deposition at which confidential information or documents are produced;

4

(d)   Prospective expert witnesses engaged by counsel to assist such counsel in this litigation.

(e)   Such officers, directors or employees of the parties as their counsel, in good faith, requires to provide assistance in the conduct of this action; and

(f)   Any witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, including deposition and affidavit testimony, and subject to the restrictions set forth in this Protective Order. Before the disclosure of confidential information to any witness or prospective witness in this case, each such individual witness shall sign the acknowledgment in the form attached hereto as Exhibit A, which acknowledgment shall be retained by counsel for the disclosing party. No copies of confidential information shall be given to such witness or potential witness for them to retain, unless agreed to in writing by the parties in advance. At any time within sixty days of the conclusion of this action or any appeal therefrom whether by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all of such acknowledgments. The party to whom the request is directed shall provide copies of such acknowledgments to the requesting party within fifteen business days of the receipt of the request.

13.   Any person who is given access to Confidential Information pursuant to subparagraphs 12 (c)-(f) above shall, prior thereto, be provided with a copy of this Protective Order and shall execute the acknowledgment form attached hereto as Exhibit "A". Counsel for all parties shall be provided, upon request, with a copy of each such signed acknowledgment when any such persons are designated as witnesses for trial or upon the final resolution of this action, whichever first occurs.

14. Persons receiving Confidential Information pursuant to the terms of this Protective Order shall not reveal or discuss such information to or with any person who is not entitled to receive such information, as set forth in Paragraph 12 above, and shall not use such information for any purpose other than for the prosecution or defense of this action.

15. Discovery Material designated as "Highly Confidential — Attorneys' Eyes Only" may be disclosed only to those individuals listed in Paragraph 12(a) - (d) as well as any party that is an individual unrepresented by counsel in this litigation. Any person who is given access to Highly Confidential Information pursuant to subparagraphs 12(c)-(d) shall, prior thereto, be provided with a copy of this Protective Order and shall execute the acknowledgment form attached hereto as Exhibit "A". Counsel for all parties shall be provided, upon request, with a copy of each such signed acknowledgment when any such persons are designated as witnesses for trial or upon the final resolution of this action, whichever first occurs.

16. Nothing in this Protective Order shall bar or otherwise restrict a Party's counsel from rending advice to its client and, in the course thereof, relying upon such attorney's examination and/or analysis of Highly Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Highly Confidential Information to persons not authorized to receive it pursuant to the terms of this Protective Order.

17. This Protective Order shall not prevent any document or testimony designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" from being used by the Court or counsel of record at any hearing in this litigation or from being offered or received as evidence at trial. Counsel agree to discuss potential methods for utilizing Confidential Information or Highly Confidential Information at trial and in connection with pre-trial motions before presenting Confidential Information or Highly Confidential Information to the Court. Counsel for either party

may seek rulings from the trial judge to resolve such confidentiality issues prior to commencement of the trial.

18. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a Party: (a) to seek a judicial determination of whether particular discovery material should be produced or, if produced, whether it should be subject to the terms of this Protective Order; (b) to interpose an objection to a request for discovery on any ground; (c) to seek protection greater than that contained herein; or (d) to seek relief on notice from any provision of this Protective Order, either generally or as to any particular discovery material.

19. The production of all documents marked as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" under this Protective Order shall not constitute a waiver by the producing party of its right to refuse to produce such documents on any grounds in any other litigation.

20. The provisions of this Protective Order shall remain in full force and effect after the termination of this action.

21. Upon termination of this action, all documents designated by either party as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" and all copies thereof shall, at the written request of counsel for the producing party, be returned to counsel for the producing party; the written request shall be made no later than ninety (90) days after entry of final termination of this action; and all such documents shall be returned within sixty (60) days following receipt of the written request. Counsel for the parties shall also destroy all summaries, analyses, or abstracts of confidential documents made by, at the direction of, or with the consent of counsel, or, alternatively, retain such documents in a manner so as to prevent their disclosure to unauthorized persons.

22. If for any reason this Protective Order is not entered as an order of the Court, the terms of this Protective Order shall, nevertheless, remain binding upon the parties hereto.

It is so ORDERED.

Date: 2/17/15

*Karen L. Litkovitz*
United States Magistrate Judge

APPROVED:

/s/ Blake Best
Blake Best
5392 Northbend Road
Cincinnati, OH 45247
Tel: (513) 768-2282

*Plaintiff*

/s/ Daniel B. Miller
Daniel B. Miller (0080767)
Trial Attorney
PORTER, WRIGHT, MORRIS & ARTHUR, LLP
41 South High Street, 29th Floor
Columbus, OH 43215
Telephone: (614) 227-2101
Fax: (614) 227-2100
Email: dbmiller@porterwright.com

*Attorney for Defendant AT&T Mobility LLC*

8

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BLAKE BEST,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MOBILE STREAMS, INC., *et al.*,  )<br>  )<br>      Defendants.  )<br>  )<br>  ) | CASE NO: 1:12-cv-00564<br><br>Judge Sandra S. Beckwith<br><br>Magistrate Judge Karen L. Litkovitz |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that I have received a copy of the Stipulated Protective Order entered in the above entitled action, which is attached hereto as Exhibit 1. I have read same and agree that I am compelled by law to adhere to all of the provisions thereof including, without limitation, that I shall use Confidential Information or Highly Confidential Information only for the purpose of prosecuting or defending this litigation, or assisting counsel in prosecuting or defending this litigation, and shall not use Confidential Information or Highly Confidential Information outside this litigation or for commercial benefit or competitive advantage. I shall return to counsel at the earlier of the end of my involvement or the conclusion of the litigation all Confidential Information or Highly Confidential Information that has been

provided to me and all copies thereof, and shall not make any copies of any documents containing Confidential Information or Highly Confidential Information as defined in the Stipulated Protective Order.

Dated:_____

                                                             Signature

                                                             _____
                                                             PRINT NAME