UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

vs.

MOBILE STREAMS, INC., *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court following a hearing held on May 11, 2015, on plaintiff's motion for statutory damages for willful copyright infringement under 17 U.S.C. § 504 against defendants Mobile Streams, Inc., Funmobile, Ltd., and Mobilefunster, Inc. (Doc. 244). This matter is also before the Court on plaintiff's post-hearing supplementation (Doc. 250).

**I. Factual and Procedural Background[1]**

Plaintiff initiated this pro se action on August 16, 2012, bringing copyright infringement claims against Mobile Streams, Inc., Mobile Streams, PLC, Mobilefunster Inc., Funmobile Ltd., Christian Kwok-Leun Yau Heilesen, and various John Doe defendants. (Doc. 6). On February 26, 2014, default judgment was granted in plaintiff's favor on all claims against defendants Mobilefunster Inc., Funmobile Ltd., and Mobile Streams, Inc. (the Mobile Defendants). (Docs. 150, 151). On May 4, 2015, plaintiff filed the instant motion seeking statutory damages against Mobile Streams, Inc., Funmobile, Ltd., and Mobilefunster, Inc. for willful copyright infringement under 17 U.S.C. § 504(c). (Doc. 244). Plaintiff also seeks injunctive relief in the form of a Court order prohibiting the Mobile Defendants from further copying of plaintiff's copyrighted works. (*Id.* at 3).

---

[1]The procedural history of this matter is extensive. Consequently, the instant summary relates only to those parties against whom default judgment has been entered: Mobilefunster Inc., Funmobile Ltd., and Mobile Streams, Inc.

-2-

A hearing on plaintiff's motion was held on May 11, 2015, at which Chad Cooper, Esq., appeared on behalf of plaintiff. Mr. Cooper clarified that plaintiff seeks awards of $150,000 – the maximum amount of statutory damages for willful copyright infringement – against each of the Mobile Defendants, for a total of $450,000 in damages on his Copyright Act claims; plaintiff does not seek damages on his additional Ohio state law claims. Mr. Cooper argued that this award is appropriate given the expenses incurred by plaintiff in creating the copyrighted work, the attorney's fees he expended prosecuting this lawsuit, and the willfulness of the Mobile Defendants' infringing acts, which continued despite the warning that their conduct was unlawful. Mr. Cooper further clarified that plaintiff seeks attorney fees in the amount of $22,500: $20,000 for fees incurred pre-litigation and $2,500 for fees paid to Mr. Cooper's law firm. Mr. Cooper also reiterated plaintiff's request for a permanent injunction against the Mobile Defendants. On questioning, Mr. Cooper represented that plaintiff did not have evidence to support his claimed expenses aside from the allegations set forth in the second amended complaint.[2]

The Court left the record open until June 15, 2015, to allow plaintiff to file supplemental evidence of: (1) expenses incurred by plaintiff in the creation of his copyrighted work; (2) fees paid to attorneys to investigate the infringement of plaintiff's copyrighted work; and (3) fees paid to Mr. Cooper in connection with this litigation. *See* Doc. 249. On June 15, 2015, plaintiff's counsel submitted a response wherein he represents that plaintiff was unable to locate any evidence establishing the expenses he incurred in creating his copyrighted works or documenting his pre-litigation legal fees. (Doc. 250). Plaintiff did submit, however, an invoice in the amount

---

[2]Default judgment was entered against the Mobile Defendants based upon the allegations set forth in plaintiff's second amended complaint. *See* Docs. 94, 150. Plaintiff subsequently amended his complaint to add new parties. The operative complaint at the conclusion of this matter was plaintiff's fourth amended complaint. *See* Doc. 206.

of $2,500 from Mr. Cooper's law firm for work done during the course of this litigation. (*Id.* at 3-4). Accordingly, plaintiff now seeks only the $2,500 in attorney's fees paid to Mr. Cooper's law firm and has withdrawn his request for the additional $20,000 in attorney's fees owed to his prior counsel. (*Id.* at 2).

**II. Resolution**

To establish liability for copyright infringement, plaintiff must establish (1) ownership of a valid copyright, and (2) "copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). *See also Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007). Plaintiff is the owner of the valid copyright for a compilation of audio records entitled "Slangtones" with copyright registration number PA 1-633-253. *See* Doc. 94, ¶ 1; Ex. A. The Mobile Defendants sold copies of plaintiff's copyrighted work on various websites without plaintiff's knowledge or authorization and wrongfully retained the profits from these sales. *See id.*, ¶¶ 20-23. These allegations, coupled with the Mobile Defendants' default, establish their liability for willfully infringing plaintiff's copyrighted work. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (The entry of default "conclusively establishes every factual predicate of a claim for relief."). What remains is to determine the extent of the Mobile Defendants' liability.

A. Plaintiff's Request for Statutory Damages

Under the Copyright Act of 1976, the owner of a copyright may elect to recover either actual damages or statutory damages from an infringer. 17 U.S.C. § 504(a); *Disney Enters. v. Farmer*, 427 F. Supp.2d 807, 815-16 (E.D. Tenn. 2006) (citing cases). As stated above, plaintiff seeks to recover the maximum amount of statutory damages from each of the Mobile Defendants, for a total statutory damages award of $450,000. (Docs. 244, 250). Plaintiff

contends this award is appropriate because the Mobile Defendants acted willfully in infringing his copyrighted work. (*Id.*).

The Copyright Act provides in relevant part:

**(c) Statutory Damages.-**

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.
. . .

17 U.S.C. § 504(c)(1)-(2). "Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. McGee*, 490 F. Supp.2d 874, 882 (S.D. Ohio 2007) (citing cases). Here, the Mobile Defendants have refused to participate in this litigation and, consequently, plaintiff is unable to provide the Court any information regarding the sales, revenues, profits, or expenses related to their infringing conduct.[3] An award of statutory damages rather than actual damages is therefore appropriate.

The Court has wide discretion to determine the amount of statutory damages to be awarded. *Disney Enters.*, 427 F. Supp.2d at 816. "If the plaintiff proves that the infringement was willful, statutory damages may be awarded up to $150,000 per copyrighted work infringed."

---

[3]Defendants Mobilefunster, Inc. and Funmobile Ltd. initially participated in this litigation but their involvement ended after the withdrawal of their counsel in August 2013; defendant Mobile Streams, Inc. failed to respond to this Court's December 17, 2013 Order to Show Cause regarding its impermissible attempt to represent itself on a pro se basis. *See* Docs. 127, 129.

-4-

*McGee*, 490 F. Supp.2d at 881 (citing 17 U.S.C. § 504(c)(2)). When considering the appropriate amount of statutory damages, "courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiff['s] loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities." *Broadcasy Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *3 (S.D. Ohio Oct. 9, 2012) (quotation omitted). "[P]laintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant[s].'" *Disney Enters.*, 427 F. Supp.2d at 816 (quoting *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990)).

Here, plaintiff has not put forth any evidence in support of his request for the maximum amount of statutory damages. The Court must therefore assess the appropriate amount of statutory damages from a review of the factual allegations of plaintiff's second amended complaint. Plaintiff alleges that the Mobile Defendants sold and profited from his copyrighted work without plaintiff's authorization or consent and continued to do so despite receiving cease and desist letters from plaintiff's prior counsel and electronic mail from plaintiff requesting that the Mobile Defendants cease their infringing conduct. (Doc. 94, ¶¶ 4-6). Plaintiff alleges the Mobile Defendants sold his copyrighted work on myriad internet websites and failed to report their royalties to plaintiff as required. (*Id.*, ¶¶ 15, 17). Plaintiff further alleges that the Mobile Defendants' conduct amounts to willful copyright infringement. (*Id.*, ¶¶ 18, 20-23).

Copyright infringement is willful where the defendants know their conduct constitutes copyright infringement. *King Records, Inc. v. Bennett*, 438 F. Supp.2d 812, 852 (M.D. Tenn. 2006). "[O]ne who has been notified that his conduct constitutes copyright infringement, but who reasonably and in good faith believes the contrary, is not 'willful' for these purposes. But

-5-

one who 'recklessly disregards' a copyright holder's rights, even if lacking actual knowledge of infringement, may be subject to enhanced damages." *Id.* (citing 4 Nimmer on Copyright, § 14.04[B][3][a], at 14-78-14-79, *quoted in Princeton Univ. Press v. Mich. Document Servs., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996)). Willful copyright infringement is established where the defendant defaults. *Capitol Records, Inc. v. Zahn*, No. 3:06-212, 2007 WL 542816, *3 (M.D. Tenn. Feb. 16, 2007) (citing *Peer Intern. Corp. v. Max Music & Entertainment, Inc.*, 2004 WL 1542253 (S.D.N.Y. 2004)). Accordingly, plaintiff is entitled to statutory damages in the amount of $750 to $150,000 for the Mobile Defendants' willful violation of plaintiff's copyright. *See* 17 U.S.C. § 504(c)(1)-(2).

Plaintiff has not made a showing that justifies an award of $150,000 in statutory damages against each of the Mobile Defendants. There is no evidence in the record showing what economic losses plaintiff incurred, apart from attorney's fees, as a result of the Mobile Defendants' conduct. Nor is there evidence showing the actual value of plaintiff's copyrighted recording. The Court must therefore base its recommendation solely on plaintiff's allegations as set forth in his second amended complaint, which are accepted as true given the entry of default judgment against the Mobile Defendants. While these allegations are sufficient to support a finding of liability against the Mobile Defendants, they simply do not justify imposing the statutory maximum award. Courts in this Circuit have determined that statutory damages awards ranging from $750 to $1,500 per infringing act are appropriate in similar cases. *See Malibu Media, LLC v. Schelling*, 31 F. Supp.3d 910, 911-12 (E.D. Mich. 2014) (holding that the plaintiff was entitled to $6,000 in statutory damages for eight acts of copyright infringement, $750 per act, where default judgment was entered against the defendant and plaintiff proved his damages by relying solely on the complaint's factual allegations that the defendant's infringing acts were

willful); *Cross Keys Pub. Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D. Mich. 1995) (awarding $1,500 per infringement where there was no proof of actual damages, but the defendant's infringing acts were deemed willful following entry of default judgment where the defendant had been warned to cease the infringing activity but refused to do so); *Capitol Records, Inc. v. Zahn*, No. 3:06-0212, 2007 WL 542816, at *3 (M.D. Tenn. Feb. 16, 2007) (awarding $750 in statutory damages for willful copyright violation following entry of default judgment against the defendant). The Court finds that awarding plaintiff $1,500 in statutory damages against each of the Mobile Defendants, for a total statutory damages award of $4,500, is appropriate given the circumstances of this case.

B. Plaintiff's Request for Injunctive Relief

Plaintiff asks that the Court enjoin the Mobile Defendants from engaging in future acts of infringement of his copyrighted work and "further copying of [his] ringtones through its websites or affiliates['] websites." (Doc. 244 at 3). Plaintiff asks that the injunction "remain in effect only so long as the statutory damages remain unpaid." (*Id.*). The Court construes plaintiff's request as one for a permanent injunction which plaintiff may seek to vacate in the event the Mobile Defendants satisfy their statutory damages liability.

The Copyright Act authorizes this Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "It is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (quoting Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.06 [B] (2007)). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a threat of

continuing infringement, he is *entitled* to an injunction.'" *Id.* (emphasis in original) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990)). Denying requests for injunctive relief after awarding damages would "amount to a forced license to use the creative work of another." *Id.* (quotation and citation omitted).

Here, plaintiff has established that the Mobile Defendants have previously infringed on his copyrighted work by making his ringtone compilation available for sale on various websites without authorization. Plaintiff has also established that the Mobile Defendants engaged in this conduct despite receiving a cease and desist letter from plaintiff warning them that their conduct infringed his copyright. The decision to issue an injunction is within the discretion of the Court. "[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in musical compositions 'because of the strong probability that unlawful performances of other copyrighted material will occur.'" *Disney Enters.*, 427 F. Supp.2d at 819 (quoting *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994)). The undersigned finds that plaintiff has sufficiently established a continuing threat to his copyrighted material. *See Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp.2d 1077, 1092 (S.D. Ohio 2003) ("[C]ourts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists.") (quotation and citation omitted).

For the above reasons, plaintiff's request for permanent injunctive relief should be granted.

C. Plaintiff's Request for Attorney's Fees

Plaintiff seeks $2,500 in attorney's fees. In support, plaintiff submits the invoice from Mr. Cooper's law firm documenting that counsel and staff have spent approximately 25 hours prosecuting plaintiff's claims against the Mobile Defendants. *See* Doc. 250 at 3-4.

This Court has the discretion to award reasonable attorney's fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. In determining whether to award attorney's fees, the Court should consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Zombo Enterps., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 589 (6th Cir. 2007) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "The grant of fees and costs 'is the rule rather than the exception and [they] should be awarded routinely.'" *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).

The undersigned finds that plaintiff is entitled to an award of reasonable attorney's fees. The undersigned further finds that the requested fees of $2,500 are reasonable. Consequently, plaintiff should be awarded attorney's fees in the amount of $2,500 from the Mobile Defendants.

**III. Conclusion**

For the reasons stated above, it is **RECOMMENDED** that plaintiff's motion for statutory damages (Doc. 244) be **GRANTED** in part and **DENIED** in part as follows.

It is **RECOMMENDED** that defendants Mobile Streams, Inc., Funmobile, Ltd., and Mobilefunster, Inc. be **PERMANENTLY ENJOINED** from infringing plaintiff's copyrighted work, including by use of the internet to reproduce, copy, distribute, or make available for distribution to the public plaintiff's copyrighted work, unless plaintiff provides defendants with a license or express permission.

It is further **RECOMMENDED** that plaintiff be **AWARDED** (1) statutory damages in the amount of $1,500 against each of the Mobile Defendants for a total statutory damages award of $4,500; and (2) attorney's fees in the amount of $2,500.

Date: 7/2/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLAKE BEST,
    Plaintiff,

vs.

MOBILE STREAMS, INC., *et al.*,
    Defendants.

Case No. 1:12-cv-564

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).